| | |
|---|---|
| THE IMPACT FUND | SEYFARTH SHAW LLP |
| Brad Seligman (SBN: 83838) | Kenwood C. Youmans (SBN: 68258) |
| Jocelyn D. Larkin (SBN: 110817) | David D. Kadue (SBN: 113578) |
| Sarah Varela (SBN 234640) | William O. Kampf (SBN 217854) |
| 125 University Avenue | 2029 Century Park East, Suite 3300 |
| Berkeley, CA 94710 | Los Angeles, California 90067-3063 |
| Telephone: (510) 845-3473 | Telephone: (310) 277-7200 |
| Facsimile: (510) 845-3654 | Facsimile: (310) 201-5219 |

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
James M. Finberg (SBN: 114850)
Bill Lann Lee (SBN: 108452)
Karin A. Kramer (SBN: 087346)
Lexi J. Hazam (SBN: 224457)
Nirej S. Sekhon (SBN: 213358)
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

SEYFARTH SHAW LLP
Gerald L. Maatman, Jr. *(Pro Hac Vice)*
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603-5803
Telephone: (312) 346-8000
Facsimile: (312) 269-8869

Attorneys for Defendant
Costco Wholesale Corporation

DAVIS, COWELL & BOWE, LLP
Steve Stemerman (SBN: 067690)
Elizabeth A. Lawrence (SBN: 111781)
595 Market Street, #1400
San Francisco, CA 94105
Telephone: (415) 597-7200
Facsimile: (415) 597-7201

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| ELLIS, et al., | Case No. C04 3341 MHP |
| Plaintiffs, | **JOINT SUPPLEMENTAL CASE MANAGEMENT STATEMENT** |
| v. | |
| COSTCO WHOLESALE CORPORATION | **DATE: FEBRUARY 14, 2005** |
| Defendant. | **TIME: 4:00 P.M.** |

Pursuant to the Court's direction, the parties submit this supplemental Case Management Statement.

Resolution of Disputed Issues: In their initial Case Management Statement, the parties had disputed the temporal limitations for discovery, with plaintiff proposing that discovery back to January 1998 be allowed prior to class certification, and defendant proposing a January 1, 2000 limitation. The parties now agree that, absent good cause, the deadline be set at January 1, 1999, except for electronic data. Defendant represents that the current electronic personnel data system (the Lawson database) was implemented in about April 1999. Plaintiffs agree that defendant's initial disclosure obligation for such data is limited to the present system. Plaintiffs reserve the right to seek additional data in discovery, if such data is available and retrievable.

The parties disagree as to whether defendant should be permitted to file summary judgment motions regarding plaintiffs' personal claims prior to class certification, and ask the Court's guidance on this issue.

Cost-of Discovery. The parties have not agreed as to which party should bear the cost incurred by Costco (in terms of hours expended by employees and expenses billed by vendors) of producing the voluminous electronic and hard-copy data requested by plaintiffs.

Defendant's position. The parties should share the foregoing costs of discovery equally after the first $10,000 of costs. Further, defendant wants to be relieved of the cost of continuing to take extraordinary measures to preserve electronic data (i.e., not recycling back-up tapes, etc.), and of any duty to harvest its electronic data more than once.

Plaintiffs Position: There is no basis for imposing Costco's discovery costs on plaintiffs. It is obligated under law to preserve evidence, including emails. Plaintiffs have indicated that it

would be willing to focus this retention requirement on the levels of management involved in making, approving, and monitoring promotion and human resource decisions. As for electronic data of a statistical nature, there is likewise no basis for imposing costs on plaintiffs, particularly where the parties have limited defendant's production duty to "raw" electronic data. Finally, with regard to "hard copy" documents, it is unclear what costs defendant seeks to impose on plaintiffs, or what justification there would be for such an imposition.

Status of Initial Disclosures:  Both sides have served Initial Disclosures, and have met and conferred regarding the sufficiency of the disclosures.  The parties are working together to complete any needed supplementation of the Initial Disclosures.  Defendant has provided sample electronic files that plaintiff will review to determine appropriate format and intelligibility.  If the data format is acceptable, defendant will produce electronic data regarding its workforce.

Pending Discovery:   Plaintiffs have served two sets of document requests, and have received defendant's responses to their initial set.  The parties have met and conferred regarding the initial set, and defendant has agreed to serve amended responses no later than March 16, 2005, which is 30 days after the day on which defendant expects discovery to open.  Defendant also agrees to serve a privilege log no later than March 16, 2005.

Plaintiffs object to the March 16 date for amending answers and providing a privilege log. Plaintiffs' initial document request was served on December 21, 2005, and answered on January 24, 2005.  Defendant failed to provide a privilege log at that time, and objected wholesale to many requests.  Plaintiffs promptly contacted defendant, and subsequently discussed the responses on February 1, 2005. Defendant's request for 6 weeks from that date to respond is inordinately long, and interferes with the previously agreed deposition schedule.

JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT
Case No.: C04 3341 MHP

1  Plaintiffs propose that amended responses, a privilege log and documents all be produced no
2  later than February 21, 2005.
3      Pending receipt of amended responses, the parties have identified one issue for which the
4  Court's guidance could be helpful-whether there is any privilege of self critical analysis
5  recognized in this Circuit.  Plaintiffs have sought, *inter alia*, documents regarding  any study,
6  analysis or self evaluation of Costco's selection process for management jobs (No. 17),
7  documents discussing utilization or underutilization of female employees or goals to change
8  utilization (No. 28), documents relating to numbers or percentages of employees by gender in
9  positions, promotions, bid rates or assignments (No. 29), documents relating to comparative
10 willingness of male and female employees to relocate (No. 53); documents listing incumbency or
11 vacancy fill rates (No. 54).  Defendant has yet to complete its internal harvesting and analysis of
12 such documents, but at this time believes that some such documents may be protected by either
13 attorney-client privilege, the attorney work product doctrine, or the self critical analysis
14 privilege.
15     Plaintiffs' Position:  There is no self critical analysis privilege recognized in this circuit.
16 See e.g. *Dowling v. American Hawaii Cruises, Inc*., 971 F. 2d 423, 426 (9th Cir. 1992*); Union
17 Pacific Railroad Co. v. Mower*, 219 F. 3d 1069, 1076 n. 7 (9th Cir 2000); cf. *Stander v. Lucky
18 Stores, Inc*., 803 F.Supp. 259, 330 (N.D. 1992).  The majority of courts, especially recent
19 decisions, decline to find such a privilege applies in employment discrimination cases. *Abdallah
20 v. Coca Cola Co*, 2000 WL 33249254 at 6-7 (N.D. Ga 2000); *Aramburu v. Boeing*, 885 F.Supp.
21 1434, 1440 (D. Kan 1995); but see *Reid v. Lockheed Martin Aeronautics,* 199 FRD 379 (N.D. Ga
22 2001). Even the courts recognizing such a privilege do not apply it to data and factual material—
23 it only applies to expressions of opinion or recommendations. *Price v. County of San Diego*, 165

JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT
Case No.: C04 3341 MHP

FRD 614, 618 (S.D. Cal. 1986) (even where privilege recognized, "it is limited to expressions of opinion or recommendations and not to facts underlying such opinions or recommendations.").

Defendant's Position: The plaintiffs' position is somewhat abstract and premature, as defendant has yet to produce a privilege log and has not yet, quite frankly, finalized its harvesting and analysis of any particular documents to be withheld on the basis of privilege. That said, it is premature, in both senses of that word, for plaintiffs to imply that the Ninth Circuit necessarily would reject a claim of self-critical analysis in our particular context. *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir. 1992), involving minutes of the meetings of defendant's safety committee that discussed potential problems on the cruise ship that caused plaintiff's injury, was the first Ninth Circuit decision to analyze whether the self-critical analysis privilege exists. The court stated: that "[e]ven if such a privilege exists, the justifications for it do not support its application to voluntary routine safety reviews." *Id*. at 426. The court ultimately held that "voluntary routine pre-accident safety reviews are not protected by a privilege of self-critical analysis."

The *Dowling* decision seems to leave the door open as to whether a self-critical analysis privilege would apply in the Ninth Circuit. A later Ninth Circuit decision questioned the existence of the privilege, but in a procedural context that would not apply here. *Union Pacific Railroad Co. v. Mower*, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000). Union Pacific was seeking an injunction and failed to specify precisely the information to be protected. That point simply highlights the prematurity of any definitive ruling as of now.

Depositions: Plaintiffs had proposed an initial round of three Fed R. Civ. Pro. 30 (b)(6) depositions (organizational structure, promotion system and diversity policies) and 6 regional and divisional vice presidents. The parties have tentatively scheduled the 30(b)(6) deposition

regarding organizational structure and promotion criteria for March 9, 2005 (one witness). Pursuant to the Court's direction, communicated by the Court's clerk regarding venue related discovery, plaintiffs expect to take an additional deposition of a regional or divisional vice president with responsibilities for the Bay Area region, although the date of this deposition has not yet been set.

Defendant proposes to take the depositions of the two named plaintiffs on mutually convenient days during the last two weeks of March 2005. Defendant intends to renew its Section 1404 motion for transfer of venue as soon as the Court permits.

DATED: February 7, 2005        THE IMPACT FUND


By_____
   Brad Seligman
Attorneys for Plaintiffs


DATED: February 7, 2005        SEYFARTH SHAW LLP


By_____
   David D. Kadue
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT
Case No.: C04 3341 MHP

6