Brad Seligman (State Bar No. 083838)
Jocelyn D. Larkin (State Bar No. (State Bar No. 110817)
Sarah Varela (State Bar No. 234640)
THE IMPACT FUND
125 University Avenue
Berkeley, CA  94710
Telephone:  (510) 845-3473
Facsimile:  (510) 845-3654

James M. Finberg (State Bar No. 114850)
Bill Lann Lee (State Bar No. 108452)
Karin A. Kramer (State Bar No. 087346)
Lexi J. Hazam (State Bar No. 224457)
Nirej S. Sekhon (State Bar No. 213358)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Steve Stemerman (State Bar No. 067690)
Elizabeth A. Lawrence (State Bar No. 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, #1400
San Francisco, CA  94105
Telephone:  (415) 597-7200
Facsimile:  (415) 597-7201

Attorneys for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY "RAE" ELLIS and LEAH HORSTMAN, on behalf of themselves and all others similarly situated, | CASE NO.  C-04-3341 MHP |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER RE FILING OF SECOND AMENDED COMPLAINT** |
| v. | |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

1    Plaintiffs, Shirley "Rae" Ellis and Leah Horstman, and Defendant, Costco Wholesale

2 Corporation (collectively, the "Parties"), hereby stipulate by and through their counsel with

3 respect to the filing of a Second Amended Complaint.

4    A.    Pursuant to Federal Rule of Civil Procedure 15(a), the Parties agree that Plaintiffs

5 may file, as a Second Amended Complaint, the pleading attached hereto.  The Second Amended

6 Complaint shall be deemed filed as of March 28, 2005.

7    B.    Defendant may, before April 15, take a deposition of the new proposed Plaintiff

8 (Elaine Sasaki) limited to issues pertaining to venue.

9    C.    Defendant shall file its Answer to Plaintiffs' Second Amended Complaint no later

10 than April 4, 2005.

11

12

13 Dated: _____          Brad Seligman
                                       Jocelyn D. Larkin
14                                     Sarah Varela
                                       THE IMPACT FUND
15                                     125 University Avenue
                                       Berkeley, CA  94710
16                                     Telephone:  (510) 845-3473
                                       Facsimile:  (510) 845-3654
17
                                       By:  _____
18                                             Brad Seligman

19                                     Attorney for Plaintiffs

20

21 Dated: _____          David D. Kadue
                                       SEYFARTH SHAW LLP
22                                     2029 Century Park East, Suite 3300
                                       Los Angeles, CA  90067-3063
23                                     Telephone:  (310) 277-7200
                                       Facsimile:  (310) 201-5219
24

25                                     By:_____
                                              David D. Kadue
26                                     Attorney for Defendant

27

28

1

## __ORDER__

2

3          GOOD CAUSE APPEARING, it is hereby ORDERED that the Parties shall comply with

4    the provisions of the attached Stipulation Regarding Filing of Second Amended Complaint and

5    Briefing Schedule.

6

7          IT IS SO ORDERED:

8

9

10   Date: _____          _____

11                                          Marilyn Hall Patel,
                                            United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

364098.1                                    - 2 -

1 | Brad Seligman (State Bar No. 083838)
Jocelyn D. Larkin (State Bar No. (State Bar No. 110817)
2 | Sarah Varela (State Bar No. 234640)
THE IMPACT FUND
3 | 125 University Avenue
Berkeley, CA  94710
4 | Telephone:  (510) 845-3473
Facsimile:  (510) 845-3654
5
6 | James M. Finberg (State Bar No. 114850)
Bill Lann Lee (State Bar No. 108452)
Karin A. Kramer (State Bar No. 087346)
7 | Lexi J. Hazam (State Bar No. 224457)
Nirej S. Sekhon (State Bar No. 213358)
8 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
9 | 275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
10 | Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
11
12 | Steve Stemerman (State Bar No. 067690)
Elizabeth A. Lawrence (State Bar No. 111781)
DAVIS, COWELL & BOWE, LLP
13 | 595 Market Street, #1400
San Francisco, CA  94105
14 | Telephone:  (415) 597-7200
Facsimile:  (415) 597-7201
15
16 | Attorneys for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY "RAE" ELLIS, LEAH HORSTMAN, and ELAINE SASAKI on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>                    Defendant. | Case No.  C-04-3341 MHP<br><br>**SECOND AMENDED COMPLAINT**<br><br>[CLASS ACTION]<br><br>DEMAND FOR JURY TRIAL |

SECOND AMENDED COMPLAINT

1

**INTRODUCTION**

2
      1.     Costco is known for its "members only" wholesale clubs.  For the public,

3
membership in a Costco club is easy to obtain.  But for women employees trying to gain entry

4
into the most exclusive of the Costco clubs – store management – the door is too often barred.

5
Although women comprise almost half of Costco's workforce, their numbers shrink considerably

6
at the management level.  At the top two levels of Costco store management, Assistant Managers

7
and General Managers, fewer than one in six of the managers are female.  These are the most

8
highly compensated positions in Costco's stores. This glass ceiling for women cannot be

9
explained or justified by any reasonable business purpose, since Costco has virtually no

10
meaningful promotion process for these jobs; there are no published promotion criteria, nor any

11
posting or application processes. The substantial under representation of women in the most

12
lucrative store level positions Costco has to offer is the result of practices that purposefully

13
discriminate against women.

14
      2.     This class action is brought by a current female Costco employee, Elaine

15
Sasaki and two former Costco employees, Shirley "Rae" Ellis and Leah Horstman ("Plaintiffs"),

16
on behalf of themselves and all similarly situated current and former female Costco employees

17
who have been subjected to Costco's continuing policies and practices of gender discrimination.

18
Plaintiffs, on behalf of themselves and the class they represent, charges that Costco discriminates

19
against its female employees by failing to promote equally or better qualified women to upper

20
store management positions. This class action seeks to end Costco's discriminatory practices and

21
to provide monetary relief including punitive damages to those who have been affected by these

22
practices.

23

**JURISDICTION AND VENUE**

24
      3.     Plaintiffs' claims arise under Title VII of the Civil Rights Act of 1964, 42

25
U.S.C. §§ 2000(e), et. seq.  This Court has jurisdiction over this matter pursuant to 42 U.S.C.

26
§§ 1331 and 1343(a) (4).  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367

27
over claims under the California Fair Employment & Housing Act, Government Code § 12940,

28
et. seq.  Jurisdiction is proper in this Court because Plaintiffs Sasaki's and Horstman's claims

1    arose in California and because the Plaintiffs expressed interest in positions in California and

2    some of the positions that Plaintiffs were denied were in California.

3            4.      Venue is proper in this district pursuant to 42 U.S.C. § 2000e5(f) and 28

4    U.S.C. § 1391(b) & (c).  Plaintiff Sasaki's and Horstman's claims arose in California.  In

5    addition, some of the positions that Plaintiffs were denied were in California.  Members of the

6    class reside throughout the United States, including Northern California.  Many of the acts

7    alleged in this Complaint occurred in this District and gave rise to the claims alleged.

8                                    **PARTIES**

9            5.      Plaintiff Shirley Rae Ellis was employed by Costco Wholesale Corporation

10   until November 2004.  She resides in Arvada, Colorado.

11           6.      Plaintiff Leah Horstman was employed by Costco Wholesale Corporation

12   until July 2004.  She resides in Alpine, California.

13           7.      Plaintiff Elaine Sasaki is currently employed by Costco Wholesale

14   Corporation in its Bay Area Region.  She resides in Fresno, California.

15           8.      Defendant Costco Wholesale Corporation is a Washington corporation

16   with stores throughout California.  Costco's corporate headquarters are in Issaquah, Washington.

17                              **CLASS ALLEGATIONS**

18           9.      Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil

19   Procedure on behalf of a Title VII class of all women employed by Costco in the United States

20   denied promotion to assistant and/or general manager positions.

21           10.     The members of the class are sufficiently numerous that joinder of all

22   members is impracticable.  Plaintiffs are informed and believe that the class exceeds 650 former

23   and current female employees of Costco.

24           11.     There are questions of law and fact common to the class and these

25   questions predominate over individual questions.  Such questions include, among others:  (1)

26   whether Costco's policies and practices have a disparate impact on female employees with

27   respect to promotion;  (2) whether any disparate impact is justified by business necessity; (3)

28   whether the disparate impact constitutes a violation of Title VII of the 1964 Civil Rights Act, 42

1   U.S.C. § 2000e, et. seq.; (4) whether Costco has engaged in a pattern and practice of disparate

2   treatment adverse to female employees;  (5) whether injunctive relief and other equitable

3   remedies (including back pay and front pay) and compensatory damages are warranted for the

4   female employee class, and (6) whether punitive damages are warranted.

5          12.     The claims alleged by Plaintiffs are typical of the claims of the class.

6          13.     The Plaintiffs will fairly and adequately represent the interests of the class.

7          14.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23 (b)(2)

8   because Costco has acted and/or refused to act on grounds generally applicable to the class,

9   making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a

10  whole.  The members of the class are entitled to injunctive relief to end Costco's common,

11  uniform, and unfair discriminatory personnel policies and practices.

12         15.     Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3)

13  because common questions of fact and law predominate over any questions affecting only

14  individual members of the class, and because a class action is superior to other available methods

15  for the fair and efficient adjudication of this litigation.  The members of the class have been

16  damaged and are entitled to recovery as a result of Costco's common, uniform, and unfair

17  discriminatory personnel policies and practices.

18         16.     Plaintiffs also bring this action pursuant to Fed. R. Civ. P. 23 on behalf of a

19  California Fair Employment & Housing Act subclass ("FEHA Subclass") of all women

20  employees of Costco denied promotions to Assistant Manager and/or General Manager positions

21  in California or who were employed in California and were denied such promotions outside of

22  California, in violation of Section 12940, et. seq. of the California Government Code, known as

23  the Fair Employment and Housing Act.  The members of the subclass are sufficiently numerous

24  that joinder of all members is impracticable.  Plaintiffs are informed and believe that the subclass

25  exceeds 250 former and current female employees of Costco.

26         17.     There are questions of law and fact common to the subclass and these

27  questions predominate over individual questions.  Such questions include, among others:  (1)

28  whether Costco's policies and practices have a disparate impact on female employees with

respect to promotion;  (2) whether any disparate impact is justified by business necessity; (3)

whether the disparate impact constitutes a violation of Government Code §12940, et. seq.; (4)

whether Costco has engaged in a pattern and practice of disparate treatment adverse to female

employees; (5) whether that disparate treatment violates Government Code § 12940, et. seq. (6)

whether injunctive relief and other equitable remedies (including back pay and front pay) and

compensatory and punitive damages are warranted for the female employee subclass.

18.     The claims alleged by Plaintiffs are typical of the claims of the subclass.

19.     The Plaintiffs will fairly and adequately represent the interests of the

subclass.

20.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23 (b)(2)

because Costco has acted and/or refused to act on grounds generally applicable to the subclass,

making appropriate declaratory and injunctive relief with respect to Plaintiffs and the subclass as

a whole.  The members of the subclass are entitled to injunctive relief to end Costco's common,

uniform, and unfair discriminatory personnel policies and practices.

21.     Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3)

because common questions of fact and law predominate over any questions affecting only

individual members of the subclass, because a class action is superior to other available methods

for the fair and efficient adjudication of this litigation.  The members of the subclass have been

damaged and are entitled to recovery as a result of Costco's common, uniform, and unfair

discriminatory personnel policies and practices.  Plaintiffs are informed and believe and therefore

alleges that Costco has computerized payroll and personnel data that will make calculation of

back pay and front pay for specific members of the subclass relatively simple.

## COSTCO'S GENERAL PRACTICE OF DISCRIMINATION

22.     Costco Wholesale Corporation operates an international chain of

membership stores, mostly under the "Costco Wholesale" name.  It refers to its stores as

"warehouses."  Costco offers three levels of membership, Business, Gold Star, and Executive,

which come with different benefits.  Costco, a Fortune 500 company, operates 443 warehouses

worldwide, with approximately 328 warehouses located in 36 U.S. states and Puerto Rico.

1    Nearly 100 of these warehouses are in the State of California.  As of October 2003, Costco

2    claimed 42 million "cardholders," covering over 23 million households.   During its last reported

3    fiscal year, ended August 31, 2003, Costco reported almost $42 billion in revenues.  It employs

4    over 103,000 people worldwide, including over 78,000 in the United States.

5              23.      In its warehouses throughout the U.S., Costco employs standardized

6    policies and procedures related to staffing and promotion.  The hierarchy of job positions is the

7    same everywhere.  At the warehouse level, this hierarchy includes the following classifications:

8    (1) hourly employees; (2) hourly supervisors; (3) Area Managers and Ancillary Managers; (4)

9    Staff Managers; (5) Assistant Managers; (6) General Managers.

10             24.      The type of management positions in each warehouse is also standardized.

11   There are three Area Managers per warehouse and they oversee three different geographical

12   zones of the store.  There are five Ancillary Managers who oversee particular departments, such

13   as the deli or tire center.  Each warehouse normally has four Staff Managers, two or more

14   Assistant General Managers, and one General Manager.  There are no warehouse level positions

15   above General Manager.  The next higher position in the Costco hierarchy is at the district level.

16             25.      At the warehouse level, promotion to General Manager is the brass ring.

17   General Managers report to the company's Vice Presidents.  General Managers are eligible for

18   bonuses, which can be substantial.  Likewise, they are the only warehouse level employees

19   eligible for potentially lucrative stock options.  The Assistant Manager position is the gateway to

20   General Manager.  One becomes a General Manager almost always by promotion from Assistant

21   Manager.  Although there are no written criteria for promotion to either Assistant Manager or

22   General Manager, Costco claims that such promotions are based on merit and experience, not

23   seniority.

24             26.      The senior management of Costco is virtually all male.  Nationwide, as of

25   January 2005, women hold 16 percent of General Manager positions and less in past years.

26   Among more than 30 Executive and Senior Officers of the company, only two are women.  There

27   are no female operational Vice Presidents.

28

27.     Promotions into Assistant Manager and General Manager positions are not based on any stated criteria.  Openings are not posted.  Nor are there any application procedures for such positions.  Instead, such promotions are based on a "tap on the shoulder," a tap usually made by one of Costco's all male operational Vice Presidents.  On information and belief, Plaintiffs are informed that those few women who do receive a "tap" mostly find themselves relegated to the warehouse locations that generate the lowest revenue, which directly affects the women's earning potential.  Consequently, promotion into Costco's most lucrative warehouse level positions is based on entirely subjective judgments, which are often infected with conscious or unconscious prejudices and gender-based stereotypes, which explains why so few women out of Costco's large female employee population  advance to senior store management positions.

28.     Costco has pursued policies and practices on a continuing basis which have had the effect of denying equal job opportunities to qualified women.  Such policies and practices include, without limitation:

a.     Reliance upon unweighted subjective, gender-based and/or arbitrary criteria utilized by a nearly all male managerial workforce in making promotion decisions;

b.     Failure to follow a uniform job posting procedure to guarantee that all employees have notice of openings;

c.     Discouraging females from seeking or applying for senior store level management positions;

d.     Failing and refusing to consider females for promotion on the same basis as males are considered;

e.     Failing and refusing to promote females on the same basis as males are promoted and compensated;

f.     Failing to provide females with accurate and timely notice of promotional opportunities;

g.     Providing female employees interested in promotion shifting, inconsistent and inaccurate statements about the requirements and qualifications necessary for promotion;

1            h.      Denying female employees the training and assignments that would

2    enhance their promotability;

3            i.      Maintaining and fostering a reputation for discriminatory conduct

4    which deters females from pursuing promotional opportunities with Costco;

5            j.      Establishing and maintaining arbitrary and subjective requirements

6    for promotions which have the effect of excluding qualified women and which have not been

7    shown to have any significant relationship to job performance or to be necessary to the safe and

8    efficient conduct of Costco's business;

9            k.      Placing females who do attain the position of General Manager in

10   the least desirable locations, thereby depressing their earnings;

11           l.      Failing and refusing to take adequate steps to eliminate the effects

12   of its past discriminatory practices; and

13           m.      Retaliating against women employees who complain of unequal

14   treatment.

15      29.      Plaintiffs are informed and believe that because of its discriminatory

16   policies, Costco promotes women to Assistant Manager positions at one half the rate that would

17   be expected based on the number of women in the pool of lower positions from which promotions

18   to Assistant Manager are made. This in turn has the effect of diminishing the pool of eligible

19   women for promotion to General Manager positions, since promotions to such positions are

20   usually drawn from the Assistant Manager ranks. Plaintiffs are further informed and believe that

21   it takes those women that are promoted to assistant and general manager positions a longer time

22   to get promoted than it takes men to get promoted.

23      30.      As a result of Costco's discriminatory policies and practices, it lags behind

24   its competitors in the representation of women in management positions.  As of year 2000, for

25   example, 26.4% of Costco's managers were female, compared to an industry average of more

26   than 33% for other large chains in the same business.

27

28

1

## CLAIM OF NAMED PLAINTIFF SHIRLEY "RAE" ELLIS

2      31.     Plaintiff Shirley "Rae" Ellis, a female, was hired by Costco as an Assistant

3   Manager in 1998.  She is currently an Assistant Manager at Costco's Douglas County, Colorado

4   warehouse.

5      32.     Prior to being recruited to join Costco, Ms. Ellis had extensive

6   management experience.  At the time Costco hired Ms. Ellis, she was working as a General

7   Manager for Wal-Mart's Sam's Club, one of Costco's main competitors.  The position of General

8   Manager at Sam's Club is similar in function and job duties to the General Manager position at

9   Costco.

10      33.     Ms. Ellis agreed to take a step down in pay and seniority and join Costco as

11   an Assistant Manager rather than a General Manager because she was told that Costco did not

12   hire General Managers from the outside and that she would be eligible for promotion to General

13   Manager within a year.  Promotion to General Manager would bring increased salary and

14   substantial bonuses that would raise her compensation above what she was then earning at Sam's

15   Club.  Ms. Ellis repeatedly told Costco during the interview process that, due to her age (45) and

16   experience, she did not want to come to Costco just to be an Assistant Manager.  Costco assured

17   her that she would not have to wait long for promotion to General Manager.

18      34.     Since joining Costco, Ms. Ellis has received excellent performance reviews

19   and has been told that she is eligible for promotion and that promotion was imminent.  She has

20   repeatedly told Costco of her interest in promotion to General Manager.  Ms. Ellis has advised

21   Costco of her willingness to move anywhere Costco desired to fill a General Manager opening,

22   and also has expressed her interest in a General Manager position in a California warehouse.

23   However, despite the fact that Costco has at least 100 warehouses in California and that there

24   have been numerous openings for General Manager in these warehouses and others during the

25   relevant time, Ms. Ellis has not been offered a position in any of them.  Ms. Ellis has been

26   prevented from applying for specific openings in these warehouses because Costco does not post

27   or otherwise notify employees of these openings.  Instead, Ms. Ellis is informed and believes that

28

1    these openings have been filled mostly with males with less experience and inferior

2    qualifications.

3            35.    On or about October 24, 2002, Ms. Ellis filed a charge of discrimination

4    with the United States Equal Employment Opportunity Commission ("EEOC").  Attached to this

5    Complaint as Exhibit A, and incorporated herein by reference, is a copy of that charge.  Ms. Ellis

6    has received a Notice of Right to Sue from the EEOC and has timely filed this action. Under a

7    "work-sharing" agreement between the EEOC and the California Department of Fair

8    Employment and Housing, charges filed with the EEOC are to be automatically cross-filed with

9    the DFEH.

10           36.    In 2004, after Ms. Ellis filed her charge of discrimination with the EEOC,

11   Costco retaliated against Ms. Ellis by, among other things, moving her from her warehouse in

12   Aurora, Colorado to a remote location, requiring a multi-hour commute.  On or about April 23,

13   2004, Ms. Ellis filed a retaliation charge with the EEOC.  In November 2004, Ms. Ellis resigned

14   her employment with Costco because the ongoing retaliation made her position untenable.

15   Attached hereto as Exhibit B and incorporated by reference is a copy of the charge of retaliation

16   Ms. Ellis filed.  Ms. Ellis has received a Notice of Right to Sue from the EEOC and has timely

17   filed this action.

18           37.    Costco has discriminated against Ms. Ellis on account of her gender as

19   follows:

20                  a.    By failing and refusing to consider her for promotional

21   opportunities on the same basis as males are considered;

22                  b.    By failing and refusing to provide her with timely and accurate

23   notice of employment opportunities;

24                  c.    By relying on subjective, arbitrary, and gender-based decision-

25   making by a nearly all-male managerial force to deny her promotional opportunities and equal

26   compensation;

27                  d.    By promoting similarly-situated and less qualified males more

28   rapidly than her; and

1          e.       By retaliating against her for filing a charge of discrimination with

2    the EEOC .

3          38.     Ms. Ellis is informed and believes that Costco has discriminated against

4    her in the same manner that it discriminates against the class generally; her primary intention with

5    regard to this is case is to end Costco's pattern and practice of discrimination.

6                        **CLAIM OF NAMED PLAINTIFF LEAH HORSTMAN**

7          39.     Plaintiff Leah Horstman, a female, was hired by Costco as a "caller" in

8    May 1981.  When she left Costco in July 2004 Ms. Horstman held the position of Receiving

9    Manager at Costco's La Mesa, California warehouse.

10         40.     Ms. Horstman was a Costco employee for 23 years.  She began working for

11   Costco as a student and continued working for Costco after she received her college degree.  She

12   served in numerous positions with Costco including approximately 15 years in management

13   positions.

14         41.     During her tenure at Costco, Ms. Horstman consistently received excellent

15   performance reviews and was told that she was eligible for promotion and that promotion was

16   imminent.  She repeatedly informed senior managers and executives at Costco of her interest in

17   being promoted to senior store management positions such as Assistant Warehouse Manager.

18   Ms. Horstman advised Costco of her willingness to move outside of California for an Assistant

19   Manager position.  Despite the fact that Costco opened many new warehouses across the United

20   States, Ms. Horstman was not offered an Assistant Manager position in any of them.  Ms.

21   Horstman was prevented from applying for specific openings in these warehouses because Costco

22   does not post or otherwise notify employees of these openings and has no application procedure

23   for such positions.  Instead, Plaintiff is informed and believes that these openings have been filled

24   mostly with males with less experience and inferior qualifications.

25         42.     Ms. Horstman ceased working for Costco in July 2004 because she became

26   convinced that despite her excellent performance, her 23 years of service, and her repeated

27   requests, Costco would never promote her to Assistant Manager.

28

43.     On or about October 11, 2003, Ms. Horstman filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH").  Attached to this Complaint as Exhibit C, and incorporated herein by reference, is a copy of that charge. Ms. Horstman has received a Notice of Right to Sue from the EEOC and has timely filed this action.

44.     Costco has discriminated against Ms. Horstman on account of her gender as follows:

a.     By failing and refusing to consider her for promotional opportunities on the same basis as males are considered;

b.     By failing and refusing to provide her with timely and accurate notice of employment opportunities;

c.     By relying on subjective, arbitrary, and gender-based decision-making by a nearly all-male managerial force to deny her promotional opportunities;

d.     By giving her shifting and inconsistent requirements for promotion;

e.     By discouraging her from seeking promotion; and

f.     By promoting similarly-situated and less qualified males more rapidly than her.

45.     Ms. Horstman is informed and believes that Costco has discriminated against her in the same manner that it discriminates against the class generally; her primary intention with regard to this is case is to end Costco's pattern and practice of discrimination.

**CLAIM OF NAMED PLAINTIFF ELAINE SASAKI**

46.     Plaintiff Elaine Sasaki, a female, was hired by Costco as a front end cashier in 1985.  She is currently an Assistant Manager at Costco's Visalia, California warehouse.

47.     Ms. Sasaki has been a Costco employee for 20 years.  Within five years of being hired, Ms. Sasaki was promoted to staff-level manager and subsequently held every staff level position in the Clovis, California warehouse.  After a brief stint as Administrative Assistant to the Regional Vice Presidents in the Bay Area Region, she was promoted to the position of

1  Assistant Manager and was assigned to the Chico, CA store in November 1996.  In March 2001

2  she became an Assistant Manager in the Texas Region and then transferred to the Visalia,

3  California store in Costco's Bay Area Region as Assistant Manager in March 2002.

4        48.    Throughout her time at Costco, Ms. Sasaki has received excellent

5  performance reviews and has been repeatedly told she was eligible for promotion. In 2000, she

6  was told she was on the "promotable list."  From the time of her promotion to Assistant Manager

7  in 1996, Ms. Sasaki has repeatedly told Costco that she is interested in a promotion to General

8  Manager.  Despite her desire to stay in the Bay Area region, in March 2001, she transferred to the

9  Texas region because she was informed and believed that there would be more opportunity for

10  promotion to General Manager in that region.  In March 2002, Ms. Sasaki returned to Northern

11  California after being told she would be considered for a General Manager position within the

12  next one to two years either in the Visalia, California warehouse or in one of the half-dozen soon-

13  to-be-opened Costco warehouses.  However, despite the fact that Costco has at least 100

14  warehouses in California and that there have been numerous openings in these and other

15  warehouses in the Bay Area Region during the relevant time, Ms. Sasaki has not been offered a

16  position in any of them.  Ms. Sasaki has been prevented from applying for specific openings in

17  these warehouses because Costco does not post or otherwise notify employees of these openings.

18  Instead, Ms. Sasaki is informed and believes that these many of these openings have been filled

19  with males with less or similar experience and inferior qualifications.

20        49.    On or about March 1, 2005, Ms. Sasaki filed a charge of discrimination

21  with the United States Equal Employment Opportunity Commission ("EEOC"), which, plaintiffs

22  are informed and believe, was cross-filed with the California Department of Fair Employment &

23  Housing.  Attached to this Complaint as Exhibit D, and incorporated herein by reference, is a

24  copy of that charge. Plaintiffs will request a right to sue letter for this charge.

25        50.    Costco has discriminated against Ms. Sasaki on account of her gender as

26  follows:

27        a.    By failing and refusing to consider her for promotional

28  opportunities on the same basis as males are considered;

1          b.      By failing and refusing to provide her with timely and accurate

2   notice of employment opportunities;

3          c.      By relying on subjective, arbitrary, and gender-based decision-

4   making by a nearly all-male managerial force to deny her promotional opportunities and equal

5   compensation;

6          d.      By promoting similarly-situated and less qualified males more

7   rapidly than her; and

8          51.     Ms. Sasaki is informed and believes that Costco has discriminated against

9   her in the same manner that it discriminates against the class generally; her primary intention with

10  regard to this is case is to end Costco's pattern and practice of discrimination.

11                          **FIRST CLAIM FOR RELIEF**

12                  **(Title VII of the Civil Rights Act of 1964**
                    **42 U.S.C. §§ 2000(e), et. seq. on behalf of the Title VII class)**
13

14          52.     Plaintiffs incorporate Paragraphs 1 through 51, except allegations of

15  intentional conduct.

16          53.     This claim is brought on behalf of Plaintiffs and the Title VII class.

17          54.     The foregoing conduct violates Title VII of the Civil Rights Act, 42 U.S.C.

18  §§ 2000(e), et. seq.

19          55.     Plaintiffs Ellis and Horstman have received Right to Sue letters from the

20  EEOC and have commenced this action in a timely manner.  Plaintiffs have therefore exhausted

21  their administrative remedies and fulfilled all conditions precedent to suit.

22          56.     Costco has maintained a system for making decisions about promotions

23  into management positions which is arbitrary, subjective, lacks any meaningful posting and

24  application process and which has a disparate impact on female employees.  Costco's subjective

25  and gender-based system is not justified by business necessity or, if it could be justified, less

26  discriminatory alternatives exist.

27          57.     Costco's discriminatory practices described above have resulted in a loss of

28  past and future wages and other job benefits.

1    58.    Plaintiffs request relief as provided for below in the Prayer.

2    **SECOND CLAIM FOR RELIEF**

3    **(Title VII of the Civil Rights Act of 1964
4    42 U.S.C. §§ 2000(e), et. seq. on behalf of Title VII class)**

5    59.    Plaintiffs incorporate Paragraphs 1 through 58.

6    60.    This claim is brought on behalf of Plaintiffs and the Title VII class.

7    61.    The foregoing conduct violates Title VII of the Civil Rights Act, 42 U.S.C.

8    §§ 2000(e), et. seq.

9    62.    Costco has engaged in a pattern and practice of intentional discrimination

10   against the class and has denied women the same opportunities for promotion afforded to

11   similarly situated male employees.

12   63.    Costco's discriminatory practices described above have resulted in a loss of

13   past and future wages and other job benefits, and have caused Plaintiffs to suffer humiliation,

14   embarrassment and emotional distress.

15   64.    Defendant did the acts alleged herein with malice or reckless indifference

16   to the protected rights of Plaintiffs and the class members.  Plaintiffs and the class members are

17   thus entitled to recover punitive damages in an amount to be determined according to proof.

18   65.    Plaintiffs request relief as provided for below in the Prayer.

19   **THIRD CLAIM FOR RELIEF**

20   **(California Fair Employment And Housing Act,
21   Govt. Code §§ 12940, et. seq. on behalf of California subclass)**

22   66.    Plaintiffs incorporate Paragraphs 1 through 65.

23   67.    This claim is brought on behalf of the Plaintiffs and the FEHA subclass .

24   68.    The foregoing conduct violates the California Fair Employment and

25   Housing Act., Government Code §§ 12940, et. seq.  Plaintiffs have received a right to sue letter

26   from the DFEH and have commenced this action in a timely manner.

27

28

354658. 1                        - 14 -                    SECOND AMENDED COMPLAINT

1    69.    Defendant's discriminatory practices have resulted in the loss of past and

2    future wages and other job benefits, and have caused the Plaintiffs and the subclass to suffer

3    humiliation, embarrassment, and emotional distress.

4    70.    Defendant did the acts alleged herein with oppression, fraud and malice.

5    Plaintiffs and the subclass members are thus entitled to recover punitive damages in an amount to

6    be determined according to proof.

7    **FOURTH CLAIM FOR RELIEF**

8    **(Title VII of the Civil Rights Act of 1964**
     **42 U.S.C. §§ 2000(e), <u>et. seq.</u> )**

9

10   71.    Plaintiff Ellis incorporates Paragraphs 1 through 70.

11   72.    This claim is brought on behalf of the Plaintiff Ellis individually for her

12   retaliation claim.

13   73.    Defendant discriminated against the Plaintiff on the basis of her gender by

14   refusing to promote her and by retaliating against her for filing a charge of discrimination with

15   the EEOC.

16   74.    Defendant's discriminatory and retaliatory practices have resulted in the

17   loss of past and future wages and other job benefits, and have caused Plaintiff to suffer

18   humiliation, embarrassment, and emotional distress.

19   75.    Defendant did the acts alleged with malice or reckless indifference to the

20   protected rights of Plaintiff .  Plaintiff is thus entitled to recover punitive damages in an amount to

21   be determined according to proof.

22   76.    Plaintiff therefore requests relief as provided for below in the Prayer.

23   **RELIEF ALLEGATIONS**

24   77.    Plaintiff and the class and subclass they represent have no plain, adequate,

25   or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in

26   this action is the only means of securing complete and adequate relief.  Plaintiffs and the class

27   and the subclass they represent are now suffering and will continue to suffer irreparable injury

28   from Defendant's discriminatory acts and commissions.

78.     The actions on the part of Defendant have caused and will continue to cause Plaintiffs and all class and subclass members substantial losses in earnings, promotional opportunities, and other employment benefits, and have caused Plaintiffs and all class and subclass members to suffer and continue to suffer humiliation, embarrassment, and anguish, all to their damage in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the class and subclass pray for relief as follows:

1.     Certification of the class and subclass as a class action on behalf of the proposed Plaintiff class and subclass and designation of Plaintiffs as representatives of the class and subclass and their counsel of record as Class Counsel;

2.     All damages which the individual Plaintiffs and the class have sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits that they would have received but for the discriminatory practices of Defendant, and for emotional distress, humiliation, embarrassment, and anguish, according to proof;

3.     For Plaintiff Ellis' individual, non-class claims, all damages she has sustained as a result of Defendant's conduct, including back pay, front pay, general and specific damages for lost compensation and job benefits they would have received but for the discriminatory practices of defendant, and damages for emotional distress, according to proof;

4.     Exemplary and punitive damages in an amount consistent with the law;

5.     A preliminary and permanent injunction against Defendant and its partners, officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, that requires the following:

a.     desisting from engaging in each of the unlawful practices, policies, customs, and usages set forth in this complaint;

b.     adopting non-discriminatory and objective promotion standards;

c.     creating a transparent and non-discriminatory job posting and application process for Assistant Manager and General Manager positions;

1          d.      instituting an affirmative action policy to insure that women receive

2    the share of Assistant Manager and General Manager positions they would have obtained were it

3    not for Costco's discriminatory practices; and

4          e.      creating a monitoring and reporting system to insure that injunctive

5    relief is fully implemented.

6          6.      A declaratory judgment that the practices complained of herein are

7    unlawful and violative of 42 U.S.C.§§ 2000(e), et. seq., Title VII of the Civil Rights Act of 1964,

8    and the California Fair Employment and Housing Act, Government Code §§ 12940, et. seq.

9          7.      An order assigning Plaintiffs and the class and subclass to those jobs they

10   would have held but for Defendant's discriminatory practices;

11         8.      An adjustment of the wage rates, benefits, and seniority rights for Plaintiffs

12   and the class and subclass to that level which Plaintiffs and the class would be enjoying but for

13   Defendant's discriminatory practices;

14         9.      For prejudgment interest to the extent permitted by law;

15         10.     For costs and expenses of suit incurred herein, including reasonable

16   attorneys' fees to the extent available by law; and

17         11.     For such other and further legal and equitable relief as the Court may deem

18   just and proper.

                                    Respectfully submitted,
19   Dated: March 15, 2005

20                                  Brad Seligman (State Bar No. 083838)
                                    Jocelyn D. Larkin (State Bar No. 110817)
21                                  Sarah Varela (State Bar No. 234640)
                                    THE IMPACT FUND
22                                  125 University Avenue
                                    Berkeley, CA  94710
23                                  Telephone:  (510) 845-3473
                                    Facsimile:  (510) 845-3654
24

25                                  By:_____
                                          Brad Seligman
26

27

28

1

James M. Finberg (State Bar No. 114850)
Bill Lann Lee (State Bar No. 108452)
Karin A. Kramer (State Bar No. 087346)
Lexi J. Hazam (State Bar No. 224457)
Nirej S. Sekhon (State Bar No. 213358)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Steve Stemerman (State Bar No. 083838)
Elizabeth A. Lawrence (State Bar No. 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, #1400
San Francisco, CA  94105
Telephone:  (415) 597-7200
Facsimile:  (415) 597-7201

Attorneys for Plaintiffs and the Proposed Class

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

354658. 1

- 18 -

1

## JURY DEMAND

2          Plaintiff and the class she represents demand a jury trial on all claims where such

3  trial is authorized by law.

4  Dated: March __, 2005                    Respectfully submitted,

5                                           Brad Seligman (State Bar No. 083838)
                                            Jocelyn D. Larkin (State Bar No. 110817)
6                                           Sarah Varela (State Bar No. 234640)
                                            THE IMPACT FUND
7                                           125 University Avenue
                                            Berkeley, CA  94710
8                                           Telephone:  (510) 845-3473
                                            Facsimile:  (510) 845-3654

9

10                                          By:_____
                                                    Brad Seligman
11

12

13                                          James M. Finberg (State Bar No. 114850)
                                            Bill Lann Lee (State Bar No. 108452)
14                                          Karin A. Kramer (State Bar No. 087346)
                                            Lexi J. Hazam (State Bar No. 224457)
15                                          Nirej S. Sekhon (State Bar No. 213358)
                                            LIEFF, CABRASER, HEIMANN &
16                                          BERNSTEIN, LLP
                                            Embarcadero Center West
17                                          275 Battery Street, 30th Floor
                                            San Francisco, CA  94111-3339
18                                          Telephone:  (415) 956-1000
                                            Facsimile:  (415) 956-1008
19

20                                          Steve Stemerman (State Bar No. 067690)
                                            Elizabeth A. Lawrence (State Bar No. 111781)
21                                          DAVIS, COWELL & BOWE, LLP
                                            595 Market Street, #1400
22                                          San Francisco, CA  94105
                                            Telephone:  (415) 597-7200
23                                          Facsimile:  (415) 597-7201

24                                          Attorneys for Plaintiffs and the Proposed Class

25

26

27

28