

THE IMPACT FUND

BRAD SELIGMAN
*Executive Director*

LUCY SELIGMAN
*Associate Director*

JOCELYN D. LARKIN
*Director of Litigation & Training*

SARAH VARELA
*Equal Justice Litigation Fellow*

ELIZABETH AAKHUS
*Paralegal*

ERIN MCGUINESS
*Grant & Development Associate*

ISABEL FRENCH
*Administrative Clerk*

BOARD OF ADVISORS

SILVIA R. ARGUETA
LUKE W. COLE
CATHY R. DREYFUSS
THERESA FAY-BUSTILLOS
ABBY GINZBERG
MAYA HARRIS
AMANDA HAWES
BILL LANN LEE
SHAUNA MARSHALL
MARI MAYEDA
ARLENE MAYERSON
ALAN RAMO
DARA SCHUR
BRAD SELIGMAN
MARC VAN DER HOUT

125 University Avenue
Berkeley, CA 94710-1616
Tel 510.845.3473
Fax 510.845.3654
impactfund@impactfund.org
www.impactfund.org

October 6, 2006

Honorable Marilyn Hall Patel
United States District Court, Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re: <u>Ellis v. Costco (No. C-04-3341 MHP)</u> (Conf. Call Oct. 10 at 1:00 p.m.)

Dear Judge Patel:

In support of its opposition to class certification, Costco has submitted scores of declarations taken from class members who are current Costco employees. Costco did not disclose the vast majority of these declarants in its Rule 26 disclosures or in response to discovery requests. In what may have been an intentional evasion of these requirements, the declarations were all collected after the close of discovery, and nearly all after the class certification motion was filed.[1] Costco's lawyers apparently contacted class members in person and/or by phone. Class members were allegedly told about this case, but were also told that Costco took it "seriously." In an earlier letter, CEO James Sinegal told class members that "[t]he case is important to Costco . . . . We are preparing our defense."

The risk of abuse and coercion are clear, particularly in a system where management promotions are dependent on remaining in the good graces of senior management. Virtually every declaration includes the same boilerplate legal conclusion that "I have never experienced gender discrimination while . . . at Costco." Costco's interests are plainly adverse to the class, and this boilerplate affirmation of 'no discrimination' could be cited in an effort to deny relief to these women. How the declarations were collected, what representations were made to the class members, when Costco made contact and with whom are all appropriate subjects of inquiry.

Accordingly, we have requested that Costco produce a witness, pursuant to Fed. R. Civ. Pro. 30(b)(6), with knowledge of the process by which these declarations were procured. This discovery is appropriate given the "potential for abuse" inherent in such pre-certification, but post-motion defense communications, *cf Currency Conversion Fee Antitrust Litig*, 361 F.Supp. 2d 237, 252 (S.D.N.Y. 2005); *Pollar v. Judson Steel Corp.* 1984 WL 161273 (N.D. Cal. 1984). Costco has refused to permit this discovery.

Sincerely,

Brad Seligman

---

[1] Plaintiffs timely disclosed all of its class witnesses and they were deposed by Costco.

cc: David Kadue