

SEYFARTH SHAW LLP

ATTORNEYS

One Century Plaza
2029 Century Park East
Suite 3300
Los Angeles, CA 90067-3063
310-277-7200
fax 310-201-5219
www.seyfarth.com

Writer's direct phone
(310) 201-5211

Writer's e-mail
dkadue@seyfarth.com

October 6, 2006

The Honorable Marilyn Hall Patel
U.S. Courthouse
450 Golden Gate Avenue – Dept. 15
San Francisco, CA  64102-3483

Re:    *Ellis v. Costco Wholesale Corp*, Case No. C04 3341 MHP

Dear Judge Patel:

Plaintiffs' counsel Brad Seligman called Wednesday to request re-opened discovery for a 30(b)(6) deposition on the "who, what, when, where" of Costco's counsel obtaining declarations opposing class certification. I lost cell phone reception and learned later from Mr. Seligman that the Clerk has set a hearing for October 10, 2006, at 1:00 p.m. Unfortunately, I'm overseas through October 20 and thus cannot participate. Though I am lead counsel and wish to participate in this important hearing, Plaintiffs' counsel refuses the professional courtesy of a 13-day postponement.

Costco's brief points: Discovery closed May 1, 2006. There is no good cause to re-open it. Costco, post-discovery, interviewed individuals known to Plaintiffs through Rule 26 disclosures and the class list provided to Plaintiffs in January 2006. Plaintiffs have repeatedly mailed and called these same putative class members, and have publicized this suit through a website and other mass media. Plaintiffs' counsel have sought to mislead putative class members into believing that Costco has no right to speak with them.

The Costco declarants at issue all know about this lawsuit, their right not to cooperate with Costco if they so choose, and the litigation-related purpose of their declarations. Costco has a right to communicate honestly with putative class members and to obtain declarations from those willing to give them. No declarant was pressured or inveigled or misled into cooperating with Costco. Plaintiffs have, despite repeated requests, cited no fact or authority indicating otherwise. Meanwhile, they insist that all of their representations to the class, false or otherwise, remain shielded from inquiry. They talk about attorney-client privilege, but privilege issues would abound in any 30(b)(6) deposition, of either side, regarding communications with putative class members. A 30(b)(6) deposition of counsel, which Plaintiffs' discovery demand necessarily requires, is a very significant matter.

Plaintiffs' extraordinary demand requires far greater basis than what they have proffered to date—a mere expression of "concern." Costco requests permission to brief this critical issue before a ruling. Plaintiffs, as moving party, should submit a five-page brief by October 11, with a response due by October 18. Costco would be prepared to argue the matter on or after October 23, 2006.

Very truly yours,

SEYFARTH SHAW LLP

David D Kadue

DAVID D. KADUE

DDK/tlj

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA