UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY "RAE" ELLIS, *et al.*, | No. C-04-3341 EMC |
| Plaintiffs, | |
| v. | **ORDER APPROVING CLASS NOTICE AND NOTICE PLAN** |
| COSTCO WHOLESALE CORPORATION, | **(Docket No. 700)** |
| Defendant. | |
| _____/ | |

On November 21, 2012, the parties in this case filed a joint motion for approval of class notice and notice plan. The parties stipulated to almost all the details of the class notice and notice plan, but identified four disputes remaining for resolution by this Court. Attached to this order is the approved version of the class notice. A short explanation of the Court's reasoning on these issues is as follows.

1. <u>Notice that Individual Proceeding May Be Required</u>

There are several locations in the class notice where Costco requests language stating that class members will need to participate in an individualized hearing in order to receive any relief. Ex. A at 1, 6-8. In the order granting class certification, this Court set out a "tentative trial plan, subject to modification as the case progresses." Docket No. 693 at 86. Under this plan, Stage Two of the trial will entail "individual hearings to determine rightful place, back pay and compensatory damages and adjudicate individual defenses." *Id.* The order noted, however, that "even with respect to individuals' claims for monetary relief, there may be additional common questions to resolve before the individual hearings begin." *Id.* at 74 n.38. The order thus makes clear that while

1  individual hearings will likely be required, the scope of these hearings is not yet known.  By
2  extension, the extent to which any particular class member would be required to participate in an
3  individualized hearing in order to receive relief is not yet clear.  The language in the approved class
4  notice makes note of the possibility that class members will be required to participate in individual
5  hearings, but avoids misleadingly definite statements about what role class members will be required
6  to play in any individual hearings.

7  2.  Notice of Effect on Ability to Communicate with Costco's Counsel

8  The parties dispute whether the class notice should include language indicating that by
9  opting out of the class, individuals will retain their right to communicate with Costco and its counsel
10 without the involvement of Plaintiffs' counsel. Plaintiffs object that retaining the ability to speak to
11 Costco without the involvement of Plaintiff's counsel "offers no true advantage to class members"
12 and intimidates class members into opting out.  Motion at 7-8.  Defendant does not contend that the
13 ability to communicate with Costco's counsel constitutes a benefit to class member, but argues that
14 "the proposed language would simply inform them of a right that would be hindered if they remain
15 in the class suing Costco" and that omitting the language would constitute "suppressing information
16 about potentially significant legal consequences" of the decision to opt-out.  Mot. at 8-9.

17 Since, as Defendant acknowledges, class members would not be deprived of a meaningful
18 benefit by losing the ability to talk directly to Costco's counsel, there is no need for this fact to be
19 mentioned on the first page of the notice.  This Court has crafted language that accurately reflects
20 the law on this issue, and included it under the relevant section of the notice.

21 3.  Ability to Opt Out Via Email

22 The parties agree that class members should be permitted to indicate their desire to opt out of
23 the class via letter or fax.  Costco additionally proposes that class members be given the option of
24 opting out via email.  Plaintiffs argue that class members should not be allowed to opt out through
25 such informal means because "it is important to have a level of formality and documentation that
26 includes means to verify that the communication actually came from the class member, i.e. a signed
27 letter."  Mot. at 10.  Plaintiffs argue that an email "could literally be sent by anyone and opens up the
28 process to the possibility of fraud."  *Id.*  Defendant also argues that there is no reason to think that

2

1  email is more subject to fraud than other forms of communication. Defendant notes that if suspicion
2  of fraud in any form of communication arises, Plaintiffs' counsel can then contact the suspected
3  victim of the fraud to address the situation.

4  Plaintiffs offer no convincing argument that email is more prone to fraud than other forms of
5  communication. Accordingly, the approved class notice allows class members to indicate their
6  desire to opt out of the class via email.

7  4. Provision of Social Security Numbers and Home Phone Numbers

8  Plaintiffs argue that in order to maximize the possibility of providing proper notice to all
9  class members, Costco should be required to provide home phone numbers and social security
10 numbers for all class members. Plaintiffs cite cases ordering class action defendants to produce
11 social security numbers to class counsel. *Rees v. Souza's Milk Transp., Co.*, 1:05-CV-00297 AWI
12 TAG, 2006 WL 3251829, at *1 (E.D. Cal. Nov. 8, 2006) ("The disclosure of names, addresses,
13 social security numbers, and employment dates of putative class members is a common practice in
14 the class action context."); *Babbitt v. Albertson's, Inc*., C-92-1883 SBA (PJH), 1992 WL 605652
15 (N.D. Cal. Nov. 30, 1992) (ordering disclosure of telephone and social security numbers of potential
16 class members in employment discrimination case). Plaintiffs note that the risks associated with
17 disclosing this information is small, as it would be covered by the protective order in this case. Mot.
18 at 14. *See also Rees*, 2006 WL 3251829, at *2 (proposed protective order alleviated privacy
19 concerns attending disclosure of social security numbers); *Babbit*, 1992 WL 605652 at *5 ("Any
20 concerns for the privacy of the individuals who originally filed the claims may be addressed through
21 an appropriately crafted protective order limiting access to the parties and their attorneys.").

22 Defendants argue that the privacy interests of employees outweighs the value of disclosing
23 social security and home phone numbers to Plaintiffs' counsel, and cites to cases where courts
24 declined to order defendants to disclose social security numbers. *Stickle v.*
25 *SCI Western Market Support Center, L.P.*, No. 0-083-PHX-MHM, 2009 U.S. Dist. LEXIS
26 97735, at *24 (D. Ariz. Sept. 30, 2009) ("supplying the attorneys in this case with the phone
27 numbers of thousands of Defendants' current and former employees seems like a needless intrusion
28 into the privacy of these individuals and their families ."); *Humphries v. Stream Int'l, Inc*., No.

3:03-CV-1682-D, 2004 U.S. Dist. LEXIS 20465, at *11-12 (N.D. Tex. Feb. 13, 2004); *Robinson-Smith v. Gov't Employees Ins. Co.*, No.1:01cv1340, 2001 U.S. Dist. LEXIS 25516, at *8-9 (D.D.C. Nov. 16, 2001); *Hens v. Clientlogic Operating Corp.*, No. 1:05cv381, 2006 U.S. Dist. LEXIS 69021, at *16 (W.D.N.Y. Sept. 26, 2006) (requiring defendants to disclose mailing addresses, phone numbers, work locations, and dates of employment, but not social security numbers because "the potential certified class members' interest in keeping such information confidential is more important than facilitating Plaintiffs' search for those members."). Plaintiffs correctly point out that all of these cases involve potential class members whom class counsel were contacting so that they could *opt in* to the class action, while this case involves actual class members being contacted about *opting out.* More importantly, none of them appear to involve situations where there was a protective order in place. Defendant does not address why a protective order does not address the risk of fraud or identity theft, and does not argue that the protective order is somehow inadequate.

Given the protective order in this case, providing social security numbers and home telephone numbers does not constitute an undue risk to the privacy of the class members. Accordingly, Costco shall provide this information to the third-party administrator the parties have identified for administering notice to class members.

For the foregoing reasons, this Court hereby orders:

1. The parties shall use the attached class notice. As a courtesy, Betty P. Lee, Courtroom Deputy Clerk to the undersigned, will email the Word version of this approved notice to Jocelyn Larkin of The Impact Fund, at JLarkin@impactfund.org (as Ms. Larkin provided the Word version of Docket No. 700-1 to the Court at the Court's request).

2. Within twenty-one (21) days of the entry of this Order, Costco shall provide to a third-party administrator, with a copy to Class Counsel, a list of the names and mailing addresses, phone numbers, and social security numbers of all members of the class. Within seven days thereafter, the parties shall cause the third-party

administrator to send, by first class mail, a copy of the class notice attached hereto as Exhibit 1.

Any request for exclusion from the class must be sent to the third-party administrator by mail or fax within forty-five (45) days of the mailing of the notice. Within thirty (30) days thereafter, the third-party administrator shall file with the Court a list of the names of any class members who have timely requested exclusion from the class.

This order disposes of Docket No. 700.

IT IS SO ORDERED.

Dated: November 29, 2012

_____
EDWARD M. CHEN
United States District Judge