IMPACT FUND
Jocelyn D. Larkin (SBN: 110817)
Michael Caesar (SBN: 280548)
125 University Ave., Suite 102
Berkeley, CA 94710
Telephone: (510) 845-3473
Facsimile: (510) 845-3654
jlarkin@impactfund.org

SEYFARTH SHAW LLP
Kenwood C. Youmans (SBN: 68258)
David D. Kadue (SBN: 113578)
2029 Century Park East, Suite 3500
Los Angeles, California 90067-2901
Telephone: (310) 201-5211
Facsimile: (310) 201-5219
dkadue@seyfarth.com

LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
Kelly M. Dermody (SBN: 171716)
Daniel M. Hutchinson (SBN: 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
kdermody@lchb.com

SEYFARTH SHAW LLP
Gerald L. Maatman
(*Admitted Pro Hac Vice*)
Annette Tyman (*Admitted Pro Hac Vice*)
131 South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 460-5965
Facsimile: (312) 460-7965
gmaatman@seyfarth.com

LEWIS, FEINBERG, LEE, RENAKER
  & JACKSON, P.C.
Bill Lann Lee (SBN: 108452)
Lindsay Nako (SBN: 239090)
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
blee@lewisfeinberg.com

SEYFARTH SHAW LLP
Thomas J. Wybenga
(*Admitted Pro Hac Vice*)
c/o Costco Wholesale Corporation
999 Lake Drive
Issaquah, WA 98027-5367
Telephone: (425) 313-6794
Facsimile: (425) 313-6922
twybenga@seyfarth.com

*Attorneys for Plaintiffs and the Classes*

[Additional Counsel Listed on Signature Page]

*Attorneys for Defendant Costco Wholesale Corporation*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY "RAE" ELLIS, LEAH HORSTMAN, and ELAINE SASAKI on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>        Defendant. | Case No.: C-04-3341 EMC<br><br>**[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

## I.      PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## II.     COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## III.    LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## IV.     PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that only ESI created or received between January 1, 1999 and the present will be preserved.  The parties have exchanged a list of the custodians for whom they believe ESI should be preserved.  The parties have identified and discussed all electronic systems in which potentially discoverable information is stored.

## V.      SEARCH AND REVIEW

The parties recognize that certain documents and ESI are relevant to the parties' claims and defenses in this action and the parties have met and conferred about methods to search and review ESI in order to identify ESI that is potentially subject to production in response to Plaintiffs' discovery requests, filter out ESI that is not responsive to Plaintiffs' discovery requests,

1  and produce such documents and ESI that are responsive to Plaintiffs' discovery requests.  Costco

2  may categorically exclude as nonresponsive those documents (or items of information within

3  documents) that consist exclusively of (i) demographic data for people of color, (ii) demographic

4  data for Canadians and other non-Americans, (iii) demographic data for warehouse employees

5  below the salaried management level, (iv) demographic data for Business Delivery or Depot

6  employees, (v) "privilege" designations Costco has concluded are inappropriate or unnecessary,

7  and (vi) other categorically nonresponsive items of information, so long as all such exclusions are

8  identified by category. All such production shall be subject to the privilege review protocol,

9  described below.

10      **A.**     **Identification and Filtering Protocol**

11            **1.**     **Custodians**

12        The parties agree upon a list of custodians whose ESI will be searched and reviewed for

13  responsiveness to document requests, subject to Costco's objections to document requests.  The

14  **Custodian List** is attached hereto as **Exhibit A**.

15            **2.**     **Manual Identification of Core Documents and ESI**

16        The parties agree that certain Core Documents and ESI can be identified without the need

17  for advanced search techniques. The **Core Documents and ESI List** is attached hereto as

18  **Exhibit B**.  The parties agree that Costco will manually identify locations of Core Documents and

19  ESI within certain network file servers, databases, and paper files. Identification of Core

20  Documents and ESI shall not be limited to persons listed on the Custodian List.  To the extent that

21  Core Documents and ESI are identified in such locations they will be reviewed by Defendant for

22  responsiveness to Plaintiffs' discovery requests.  Production of responsive Core Documents and

23  ESI began on a rolling basis on April 4, 2013.  The parties shall meet and confer on an

24  appropriate deadline for completion of this production and inform the Court of such date by no

25  later than May 1, 2013.  Any Core Documents not identified through this manual identification

26  will be subject to search and identification by the search terms described below.

27

28

[PROPOSED] STIPULATED ORDER RE:  DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. C-04-3341 EMC

### 3.  Core Search Terms

The parties agree to apply the **Core Search Terms List** attached hereto as **Exhibit C** to identify ESI responsive to Plaintiffs' discovery requests. Costco shall apply those terms to the ESI of agreed-upon custodians listed on the Custodian List.  Production of responsive documents shall begin on a rolling basis beginning no later than April 15, 2013.  The parties shall meet and confer on an appropriate deadline for completion of this production and inform the Court of such date by no later than May 1, 2013.

### 4.  Other Search Terms

In addition to the Manual Identification of Core Documents and use of Core Search Terms described above, the parties have discussed, but not yet agreed to use, other search terms as a means of identifying ESI to be reviewed for determining responsiveness to the discovery requests propounded by Plaintiffs.  The parties will continue to meet and confer about such other search terms and report back to the Court by no later than May 1, 2013 with any additional agreed-upon terms or a joint letter brief discussing any areas of disagreement.

### B.  Privilege Review Protocol

The parties agree that isolation, review, redaction, and logging of privileged communications can be costly and time-consuming.  To limit the cost of a privilege review and make document production more efficient, the parties agree to use the protocol described herein with respect to handling responsive documents that may include privileged information.

The parties agree to provide privilege logs in accordance with the provisions of Fed. R. Civ. P. 26(b)(5).  Communications involving trial counsel that post-date the filing of the EEOC charge by Plaintiff Ellis need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, although a party may request individual logging of privileged documents.

### 1.  Attorney-Client Communications and Work Product

The parties agree to use the following protocol to isolate and log privileged or work product protected information, provided that each party (1) takes reasonable efforts to ensure that automatically generated language within counsel communications (such as disclaimers

1  automatically inserted as email footers) will not cause the filter to screen out communications on

2  the basis that the search terms listed below appear only in the automatically generated language,

3  and (2) discloses in advance to the receiving party the efforts to be used, including disclosing any

4  additional search terms to be applied in order to identify counsel communications:

5       a.     Costco will disclose the names and business titles of Costco employees

6  functioning as legal counsel during the relevant time period.

7       b.     The parties may use the following terms to search ESI, including

8  associated metadata, to isolate potentially privileged or work product protected information:

9       &bull;     A party's counsel's name, email address, firm name, or domain

10       name

11       &bull;     *Seyfarth*

12       &bull;     "defense strateg*"

13       &bull;     depose*

14       &bull;     Deposition*

15       &bull;     testimony

16       &bull;     declaration*

17       &bull;     declarant*

18       &bull;     affiant*

19       &bull;     affidavit*

20       &bull;     attorney w/5 client

21       &bull;     attorney* w/5 privileg*

22       &bull;     privileg* w/5 confidential

23       &bull;     "work?product"

24       &bull;     workproduct

25       &bull;     (advice OR advise*) w/5 (counsel OR lawyer* OR attorney*)

26       &bull;     Prepar* w/5 (lawyer* OR attorney*)

27       &bull;     (direct OR directed OR direction) w/5 (counsel OR lawyer* OR

28       attorney*)

c.       A log of the documents resulting from the electronic privilege search will be generated from the following corresponding metadata fields to the extent they exist as electronic metadata associated with the original electronic documents, and the producing party shall provide such logs to the receiving party:

- Author
- Subject/Title
- Sender
- Recipient
- CC
- BCC
- Sent Date/Time

d.       With respect to the Subject/Title field, the parties may substitute a description of the communication where the content of these fields may reveal privileged information.  The producing party shall identify each instance in which it has modified the content of the Subject/Title field.

e.       The documents identified from the above-described search need not be reviewed before being logged and withheld from production, or at any time thereafter except as required by the following paragraph.

f.       Should a receiving party in good faith have reason to believe a particular entry on the metadata-generated log does not reflect a privileged document, the receiving party may request and the producing party will generate a privilege log for that entry in compliance with Fed. R. Civ. P. 26(b)(5).

**C.       <u>Other Privileged Documents</u>**

If any party believes there are other categories of privileged documents, the parties agree to meet and confer regarding an appropriate method to isolate, review, redact, or log that document consistent with the above protocol.

## VI.    DE-NISTING AND DE-DUPLICATION

### A.    De-Nisting

The following categories of electronic files may be excluded from collection, review and production:

1.    System or executable files (.exe, .dll, etc.); and

2.    ESI or data with file extensions that typically contain no meaningful user-created data and/or cannot be reviewed in any meaningful format, including those file types contained on the list established by the National Institute of Standards in Technology ("NIST"), including but not limited to:  ani; bat; c; cab; cfg; class; dll; ex_; exe; fon; hlp; ico; icon; inf; ini; isu; java; jpa; kqp; mpe; msi; ocx; out; pcd; pcx; reg; sfw; sys; tag; ttf; and xp.

### B.    De-Duplication

The parties will use reasonable, good faith efforts to avoid the production of duplicate documents and ESI.  In order to reduce the volume of documents reviewed and produced, each party shall de-duplicate ESI using the MD5 hash value at a global level, retaining the ability to identify custodians and original locations of duplicate files. De-duplicated originals shall be securely retained and made available for production upon reasonable request.  The parties shall meet and confer concerning further de-duping as discovery progresses should such processes become reasonably necessary.  Duplicate documents need only be produced once.  To the extent that production occurs on a rolling basis by custodian, Costco shall affirm when all responsive documents that reference the custodian in the document or its metadata have been produced.

## VII.    PRODUCTION FORMATS

The parties agree to produce documents and ESI in single-page TIFF format (300 DPI resolution) along with corresponding document-level extracted text with the agreed-upon metadata fields.  A cover letter or email shall accompany each production summarizing the production's content.  Costco shall produce native format copies of spreadsheets databases, and other files types not easily amenable to TIFF conversion.  Upon reasonable request, Costco agrees to meet and confer regarding production of other ESI in native format.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable

1    production of such documents. The parties agree to take reasonable steps not to degrade the

2    searchability of documents as part of the document production process.

3    **VIII.   PHASING**

4          The parties agree to phase the production of ESI.  The initial production shall consist of

5    manual search and review of Core Documents as described above. Following the initial

6    production, the parties will continue to prioritize the order of subsequent productions.

7    **IX.     DOCUMENTS PROTECTED FROM DISCOVERY**

8          **A.     Inadvertent Production of Protected Information**

9          Pursuant to Fed. R. Evid. 502(d) and 502(e), nothing herein shall be deemed to waive or

10   limit any applicable privilege or work product or other protection, or to affect the ability of a

11   party to seek relief for the disclosure of information protected by privilege or work product

12   protection, whether inadvertent or otherwise.  If a party produces information that it later

13   discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure,

14   the production of that information will not be presumed to constitute a waiver of any applicable

15   privileges or other protection, and the party receiving the privileged or protected information may

16   not argue that the producing party failed to take reasonable steps to prevent production of the

17   privileged or protected materials, provided that the producing party complies with this paragraph

18   and has not otherwise failed to protect the document or information from disclosure in other

19   proceedings.  In such circumstances, the producing party must promptly notify in writing the

20   other party to this action of the production and the basis for the privilege or other protection, and

21   request in writing the return or confirmed destruction of the produced privileged or protected

22   information.  Upon such notification, the parties shall treat the information as privileged or

23   protected unless and until the parties agree otherwise or the Court determines the information is

24   not privileged or protected.  Within ten (10) business days of receiving such notification, all

25   receiving parties shall (a) return the information to the producing party; or (b) confirm in writing

26   to the producing party the destruction of all such information, including all later created excerpts,

27   summaries, compilations, and other documents or records that include, communicate or reveal the

28   information claimed to be privileged or protected, or (c) notify the producing party in writing of

1   the basis for its disagreement that such information is privileged or protected from disclosure.  In

2   the latter event only, the receiving party may retain one copy of the information asserted to be

3   privileged for the sole purpose of responding to a motion by the producing party to deem the

4   information privileged or protected from disclosure and shall comply with (a) or (b) above with

5   respect to all other copies of such information and all other documents or records that include,

6   communicate or reveal information claimed to be privileged or protected.  Should the parties be

7   unable to agree on whether the information is privileged or protected, the producing party shall be

8   required to file a motion with the Court within (10) ten business days of its receipt of the

9   receiving party's notice of disagreement under (c) above, to deem the matter privileged or

10  protected and to obtain the return of any copy of such matter still held by the receiving party.

11          **B.**     **Post-EEOC Charge Documents**

12          As noted above, communications between Costco and Seyfarth Shaw following the Ellis

13  EEOC complaint need not be placed on a privilege log in the first instance, other than by general

14  category.

15  **X.     MODIFICATION**

16          This Stipulated Order is without prejudice to Plaintiffs' ability to modify the list of

17  custodians and/or search terms if Plaintiffs identify additional custodians and/or search terms

18  during the course of discovery.  This Stipulated Order may otherwise be modified by a Stipulated

19  Order of the parties or by the Court for good cause shown.

20

21          **IT IS SO STIPULATED**, through Counsel of Record.

22

23  Dated:  April 5, 2013                          */s/ Daniel M. Hutchinson*
                                                    Counsel for Plaintiff

24  Dated:  April 5, 2013                          */s/ David D. Kadue*
                                                    Counsel for Defendant

25

26

27

28

1    Additional Counsel for Plaintiffs:

2    DAVIS, COWELL & BOWE, LLP
     Steve Stemerman (SBN: 067690)
3    Elizabeth A. Lawrence (SBN: 111781)
     595 Market Street, #1400
4    San Francisco, CA 94105
     Telephone: (415) 597-7200
5    Facsimile: (415) 597-7201
     eal@dcbsf.com

6
     ALTSHULER BERZON LLP
7    James M. Finberg (SBN: 114850)
     177 Post Street, Suite 300
8    San Francisco, CA 94108
     Telephone: (415) 421-7151
9    Facsimile: (415) 362-8064
     jfinberg@altshulerberzon.com

10   Additional Counsel for Defendant:

11   SEYFARTH SHAW LLP
     David B. Ross (Admitted Pro Hac Vice)
12   620 8th Avenue
     32nd Floor
13   New York, New York 10018
     Telephone:  (212) 218-5500
14   dross@seyfarth.com

15
              Upon the submissions of the parties, including their stipulation to the terms of this order,
16
     and for good cause shown, **IT IS HEREBY ORDERED ADJUDGED AND DECREED** that:
17
              The production of responsive, non-privileged documents and ESI in this case shall be
18
     governed as set forth in this Order.
19

20

21   Dated:    4/8/13                           _____

22                                              Hon. Edward M. Chen
                                                UNITED STATES
23                                                             IT IS SO ORDERED

24                                                             Judge Edward M. Chen

25

26

27

28

**EXHIBIT A – Custodian List**

| Last Name | First Name | Title | District | Location/ Warehouse |
|---|---|---|---|---|
| Abadir | Jeff | VP ROM | Dist.1 | BA REGIONAL |
| Blank | Bryan | VP ROM | Dist. 3 | SD REGIONAL |
| Booth | John | VP ROM | Dist. 2 | BA REGIONAL |
| Brosius | Mike | AVP - HR | | HOME OFFICE |
| Campbell | Roger | SVP | | SE REGIONAL |
| Casebier | Mike | AVP | | TEXAS REGIONAL |
| Cruz | Julie | AVP ROM | Dist. 3 | SE REGIONAL |
| Davis | Wendy | REGIONAL OPERATIONS MANAGER | | MW REGIONAL |
| DiCerchio | Dick | SEVP COO | | HOME OFFICE |
| Farcone | Frank | VP ROM | Dist.3 | LA REGIONAL |
| Gaherty | John | SVP | | MW REGIONAL |
| Greek | Darby | VP ROM | Dist. 3 | BA REGIONAL |
| Greenwood | Bruce | SVP | | LA REGIONAL |
| Haaland | Anna | HR Admin Manager | | HOME OFFICE |
| Harruff | Dave | VP ROM | Dist. 2 | NW REGIONAL |
| Hayes | Mike | VP ROM | Dist. 3 | |
| Hicok | Bob | SVP | | SD REGIONAL |
| Hoover | Dennis | SVP | | BA REGIONAL |
| Jackson | Art | VP Administration | | HOME OFFICE |
| Jelinek | Craig | PRESIDENT/COO | | HOME OFFICE |
| Leuck | Rob | VP ROM | Dist. 2 | NE REGIONAL |
| Long | Jeff | SVP | | NE REGIONAL |
| Matthews | John | SVP Human Resources & Risk Management | | HOME OFFICE |
| Maushund | Mark | VP ROM | Dist. 2 | LA REGIONAL |
| McKay | John | EVP | | NW REGIONAL |
| Omoss | Mario | VP ROM | Dist. 1 | SD REGIONAL |
| Parks | Shawn | VP ROM | Dist. 1 | LA REGIONAL |
| Portera | Joe | Executive VP/COO | | NE REGIONAL |
| Powers | Steve | VP ROM | Dist. 1 | SE REGIONAL |
| Pulver | Paul | VP ROM | Dist.3 | NE REGIONAL |
| Royes | Aldyn | VP ROM | Dist. 2 | SE REGIONAL |
| Rubanenko | Yoram | VP ROM | Dist.1 | NE REGIONAL |
| Schutt | Doug | EVP Northern Division | | HOME OFFICE |
| Sinegal | Jim | CEO | | HOME OFFICE |
| Stalwick | Mark | DIRECTOR OF EMPLOYEE DEVELOPMENT | | HOME OFFICE |
| Vachris | Ron | SVP | Dist. 2 | NW REGIONAL |
| Vadney | Judy | AVP - HR | | HOME OFFICE |
| Webb | Richard | VP ROM | | TEXAS REGIONAL |
| Weber | Brenda | DIRECTOR OF PERSONNEL | | HOME OFFICE |
| Wilcox | Rich | VP ROM | Dist. 4 | NE REGIONAL |
| Zook | Dennis | EVP COO Southern Division | | SD REGIONAL |

| Last Name | First Name | Title | District | Location/ Warehouse |
|-----------|-----------|-------|----------|---------------------|
| Bolves | Chris | VP ROM | | NW REGION |
| Callans | Pat | VP Human Resources | | HOME OFF. |
| Dempsey | Jerry | Regional Admin Manager | | SE REGION |
| McMurray | Dan | ROM, 10/10/11 - | Dist 3 | MW REGION |
| Monroe | Beth | Regional Admin Manager, 8/11-9/12 | | BA REGION |
| Rubio | Hernan | Regional Admin Manager | | NW REGION |
| Sakuma | Drew | VP ROM | Dist 4 | BA REGION |
| Silva | Kim | VP ROM | Texas | TEXAS REG. |
| Silveira | Louie | VP ROM | Dist 1 | MW REGION |
| Taub | Jonathan | Regional Admin Manager | | MW REGION |
| Tuttle | Glenda | Regional Admin Manager | | SD REGION |
| Woods | Denny | Regional Admin Manager | | SE REGION |

**EXHIBIT B – Core Documents List**

- Named plaintiff documents and ESI

- Promotable, bench, and ReadyNow lists

- Green room documents and ESI

- Gender complaints and EEOC charges (regarding failure to promote and/or rotate in senior staff positions, and failure to promote to AGM and/or GM positions)

- BOLD, Rothman Work Plan, and Journeys documents and ESI

- Corporate-level reports, studies, audits, or analyses regarding the gender composition of Costco's workforce

- Promotion policies

**EXHIBIT C – Agreed Core Search Terms List**

| | |
|---|---|
| "Green Room" | sexism |
| Elaine w/3 Sasaki | "job validation" |
| Shirley w/3 Ellis | beaver |
| Rae w/3 Ellis | bitch |
| "workplan 2002" | fuck |
| "on deck" | bigot |
| "BOLD initiative" | penis |
| "focus group" | dyke |
| "promotable list" | porn |
| Leah w/3 Horstman | tits |
| "rising star" | boobs |
| "bench list" | pornography |
| ReadyNow | fag |
| "Ready Now" | pussy |
| "adverse impact*" | whore |
| "talent pool" | cunt |
| "old boy*" | "strip club" |
| stereotype | vagina |
| sexist | slut |
| "glass ceiling" | skank |
| "valid* stud*" | clit |
| "boys club" | faggot |
| chauvinis* | "jack off" |
| feminis* | dildo |
| "fam* to support" | misogynis* |
| discriminator | cameltoe |

EXHIBIT C –Agreed Core Search Terms List
CASE NO. C-04-3341 EMC

| | |
|---|---|
| 1 | RWP AND (promot* OR Diversity OR women OR woman OR female OR gender) |
| 2 | "Rothman plan" AND (promot* OR Diversity OR women OR woman OR female OR gender) |
| 3 | |
| | "Rothman work plan" AND (promot* OR Diversity OR women OR woman OR female OR gender) |
| 4 | |
| 5 | Journeys AND (promot* OR Diversity OR women OR woman OR female) |
| 6 | retaliate AND (promot* OR Diversity OR women OR woman OR female OR gender) |
| 7 | favoritism AND (promot* OR Diversity OR women OR woman OR female OR gender) |
| 8 | pregnant AND promot* |
| 9 | bias AND (promot* OR Diversity OR women OR woman OR female OR gender) |
| 10 | validity AND (study OR studies) |
| 11 | validation AND (study OR studies) |
| 12 | prejudice AND (promot* OR Diversity OR women OR woman OR female OR gender) |
| 13 | discriminat* AND (women OR woman OR female OR gender OR man OR men) |
| 14 | retaliate* AND (women OR woman OR female OR gender) |
| 15 | harass* AND (women OR woman OR female OR gender) |
| 16 | dick AND (women OR woman OR female OR gender) AND NOT (diCerchio) |
| 17 | ho AND (women OR woman OR female OR gender) |
| 18 | derogatory AND (women OR woman OR female OR gender) |
| 19 | breast AND (women OR woman OR female OR gender OR her) |
| 20 | ass AND (women OR woman OR female OR gender OR her) |
| 21 | butt AND (women OR woman OR female OR gender OR her) |
| 22 | ("as* manager*" OR "whse manager*" OR "warehouse manager*" OR agm* OR gm* OR "general manager*") w/15 (hire OR hiring OR vacant OR vacancy OR select* OR promot* OR "move?up") |
| 23 | |
| 24 | (ready?now OR  readynow OR promot* OR bench OR on?deck OR ondeck OR Green?Room OR GreenRoom OR evaluat*) w/15 ("as* manager*" OR "whse manager*" OR "warehouse manager*" OR agm* OR gm* OR "general manager*") |
| 25 | |
| 26 | ((Rothman OR RWP OR Journeys) w/20 (promot* OR diversity)) |
| 27 | ((complain* OR claim* OR suit OR lawsuit OR EEOC) w/15 promot*) AND ("as* manager*" OR "whse manager*" OR "warehouse manager*" OR agm* OR gm* OR "general manager*") |
| 28 | |

EXHIBIT C –Agreed Core Search Terms List
CASE NO. C-04-3341 EMC

(diversity w/20 (promot* OR polic* OR Procedur* OR Program*)) AND (gender OR Women)

(Ellis OR Sasaki OR Horstman) w/25 (promot* OR appraisal* OR on?deck OR Ready?Now OR ReadyNow OR bench OR performance OR complain* OR lawsuit)

((complain* OR claim* OR suit OR lawsuit) w/15 (rotat*)) AND (merch* w/2 manager*)

(BOLD OR focus?group*) w/15 diversity

EXHIBIT C –Agreed Core Search Terms List
CASE NO. C-04-3341 EMC