THE IMPACT FUND
Jocelyn D. Larkin (SBN: 110817)
Robert Schug (SBN: 249640)
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: (510) 845-3473
Facsimile: (510) 845-3654
jlarkin@impactfund.org

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
Bill Lann Lee (SBN: 108452)
Lindsay Nako (SBN: 239090)
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
blee@lewisfeinberg.com

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Kelly Dermody (SBN: 171716)
Daniel Hutchinson (SBN: 239458)
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
kdermody@lchb.com

DAVIS, COWELL & BOWE, LLP
Steve Stemerman (SBN: 067690)
Elizabeth A. Lawrence (SBN: 111781)
595 Market Street, #1400
San Francisco, CA 94105
Telephone: (415) 597-7200
Facsimile: (415) 597-7201
eal@dcbsf.com

ALTSHULER BERZON LLP
James M. Finberg (SBN: 114850)
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
jfinberg@altshulerberzon.com

Attorneys for Plaintiffs and Certified Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY "RAE" ELLIS, et al., <br><br>       Plaintiffs, <br><br>       v. <br><br> COSTCO WHOLESALE CORPORATION <br><br>       Defendant. | **Case No. C04-3341 EMC** <br><br> **[PROPOSED] ORDER GRANTING MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS** <br><br> **Hearing Date: March 13, 2014** <br> **Hearing Time: 1:30 PM** |

1    The Court heard argument on Class Counsel's Motion for an Award of Attorneys' Fees
2    and Costs on March 13, 2014.  Having reviewed the parties' briefs and supporting declarations,
3
4    THE COURT FINDS AND CONCLUDES AS FOLLOWS:
5        1. Notice of the requested award of attorneys' fees and costs was directed to Class
6    Members in a reasonable manner, and complied with Rule 23(h)(1) of the Federal Rules of Civil
7    Procedure.
8        2. Class Members and any party from whom payment is sought have been given the
9    opportunity to object in compliance with Fed. R. Civ. P. 23(h)(2).
10       3. No class member has objected to the requested fees and expenses.
11       4. Plaintiffs are a "prevailing party" for purposes of awarding attorneys' fees pursuant to
12   42 U.S.C. § 2000e-5(k).  *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 451 (9th Cir.
13   2010).
14       5. The lodestar method is the appropriate means of calculating attorneys' fees in this case,
15   where a major part of the relief sought and obtained was injunctive.  *See In re Bluetooth Headset
16   Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).
17       6. The number of hours that Class Counsel spent on this case was reasonable in light of
18   the length and complexity of the litigation and the excellent result obtained.  Class Counsel have
19   reasonably accounted for and eliminated unnecessary or duplicative hours.
20       7. The rates used by Class Counsel are reasonable, and are in line with attorneys of
21   comparable skill, experience, and reputation who practice in the Northern District of California.
22   This conclusion is supported by the Declarations of Richard Pearl, Jocelyn D. Larkin, Daniel M.
23   Hutchinson, Bill Lann Lee, Elizabeth A. Lawrence, and James M. Finberg.
24       8.  The use of current rates is appropriate here because of the very significant delay in
25   payment.  *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284 (1989).
26       9. The attorneys' fee requested, which is five (5) percent less than the full lodestar, is
27   reasonable.  No further reduction of the lodestar is necessary.
28

10. No cross-check against the percentage of recovery is required, since there is no common fund in this case.  However, even if the settlement were viewed as creating a constructive or putative common fund, the lodestar is still reasonable, in light of the complexity and duration of the litigation, Class Counsel's skill and experience, and the important injunctive and monetary relief that Class Counsel obtained in this case.  *See, e.g.*, *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *29 (N.D. Cal. Apr. 1, 2011), *supplemented*, 2011 WL 1838562 (N.D. Cal. May 13, 2011).

11. The costs and expenses incurred by Class Counsel are reasonable and are the type that would normally be charged by an attorney to a fee-paying client.  *See Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010).

12. Class Counsel are entitled to an award of $300,000 for the hours Class Counsel will spend monitoring Costco's compliance with the Settlement and overseeing the claims process. *See Balla v. Idaho*, 677 F.3d 910, 916-18 (9th Cir. 2012); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).  Class Counsel's work on the former will include developing programmatic relief, reviewing draft proposals, resolving any disputes and reviewing monitoring and compliance processes.  For the latter, Class Counsel's work will include selecting arbitrators, writing context briefs, developing and disseminating materials to explain the claims procedure, and consulting with class members about whether to file claims.

13. The total award of _____ for attorneys' fees, _____ for costs, and $300,000 for future work is fair and reasonable.

14.  Class Counsel are also entitled to an award of fees and costs for the time spent preparing and defending this motion, and are awarded "fees on fees" in the amount of $_____.

[PROPOSED] ORDER GRANTING MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS
Case No. C04-3341 EMC

1    Accordingly, IT IS HEREBY ORDERED as follows:

2    Class Counsel are hereby awarded: (1) attorneys' fees in the amount of $_____; (2) costs in the amount of _____; (3) fees and costs in the amount of $300,000 for monitoring and administering the settlement; and (4) fees for work done on this fee motion, in the amount of $_____.

Dated:

_____
EDWARD M. CHEN
United States District Judge