THE IMPACT FUND
Jocelyn D. Larkin (SBN: 110817)
Robert Schug (SBN: 249640)
125 University Avenue, Suite 102
Berkeley, CA  94710
Telephone:  (510) 845-3473
Facsimile:  (510) 845-3654
jlarkin@impactfund.org

DAVIS, COWELL & BOWE, LLP
Steve Stemerman (SBN: 067690)
Elizabeth A. Lawrence (SBN: 111781)
595 Market Street, #1400
San Francisco, CA  94105
Telephone:  (415) 597-7200
Facsimile:  (415) 597-7201
eal@dcbsf.com

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
Bill Lann Lee (SBN: 108452)
Lindsay Nako (SBN: 239090)
476 9th Street
Oakland, CA 94607
Telephone:  (510) 839-6824
Facsimile:  (510) 839-7839
blee@lewisfeinberg.com

ALTSHULER BERZON LLP
James M. Finberg (SBN: 114850)
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064
jfinberg@altshulerberzon.com

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Kelly Dermody (SBN: 171716)
Daniel Hutchinson (SBN:  239458)
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
kdermody@lchb.com

Attorneys for Plaintiffs and Certified Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY "RAE" ELLIS, et al., | **Case No. C04-3341 EMC** |
| Plaintiffs, | **DECLARATION OF JOCELYN D. LARKIN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS** |
| v. | |
| COSTCO WHOLESALE CORPORATION | |
| Defendant. | |

I, Jocelyn D. Larkin, declare:

1.      I am the Executive Director of the Impact Fund, a nonprofit legal foundation that supports complex public interest litigation with grants and training, and as counsel.  I am one of the lawyers that this Court appointed as Class Counsel.

2.      I am a member in good standing of the bar of the State of California, as well as the Northern District of California, among many other courts.

3.      This Declaration is submitted in support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs.

4.      I have personal knowledge of the facts contained in this declaration and, if called as a witness, am competent to testify to those facts.

### Background and Experience

5.      I have practiced employment and class action law, with an emphasis on Title VII class actions, for more than 25 years.  I have served as class counsel in more than a dozen employment class actions other than this case, including *Wal-Mart Stores, Inc. v. Dukes*, 13 S. Ct. 2541 (2011); *Vandell v. Chevron Corp.*, No. 945302 (S.F. Superior Ct.); and *Stender v. Lucky Stores*, 803 F. Supp. 259 (N.D. Cal. 1992).

6.      I graduated from the University of California, San Diego in 1980, with a B.A. in political science.  I earned a J.D. from the University of California, Los Angeles ("UCLA") in 1983.  As a law student, I was a member of the UCLA Law Review and elected to the Order of the Coif.

7.      I was admitted to the California Bar in 1983, and I worked for one year as a Fellow at the Center for Law in the Public Interest.  I was then a Litigation Associate at Heller, Ehrman, White & McAuliffe from September 1984 until April 1987.

8.      From April 1987 until June 1993, I was associated with Saperstein, Seligman, Mayeda & Larkin.  I became a partner in 1991.  During this time, I represented employees in a wide range of class action and individual litigation, including discrimination cases.  The most important case was a gender discrimination class action, which I co-tried over eight weeks, to a

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

1

1  successful judgment.  *Stender v. Lucky Stores*, 803 F. Supp. 259 (N.D. Cal. 1992).  The case

2  ultimately settled for $120 million.

3        9.    I became a founding partner of Ryu, Dickey & Larkin in January 1995, where I

4  continued to represent employees in class action and individual litigation.  My work included

5  litigating *Vandell v. Chevron Corp.*, No. 945302 (S.F. Superior Ct.), a gender discrimination

6  glass ceiling case involving Chevron's information technology division.

7        10.    I opened my own law offices in January 1997.  During this period I represented

8  California class members in the *Amchem Products v. Windsor* litigation before the Third Circuit

9  and the United States Supreme Court.  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591

10  (1997); *Georgine v. Amchem Products, Inc.*, 83 F.3d 610 (3d Cir. 1996).

11        11.    In December 1999, I was hired as the Director of Litigation and Training at the

12  Impact Fund.  I became the Deputy Executive Director in November 2009, and the Executive

13  Director in July 2010.

14        12.    The Impact Fund is a nonprofit legal foundation, founded in 1992.  As a

15  California State Bar Legal Services Trust Fund Support Center, the Impact Fund provides

16  advice, counseling, and training in complex litigation, and also acts as co-counsel to Legal

17  Services programs across the country.  It also maintains an active class action litigation docket,

18  writes amicus briefs in class action cases, and has participated in hearings regarding class action

19  rules.

20        13.    At the Impact Fund, I represent and have represented employees in a number of

21  Title VII class actions, including *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), *Brown*

22  *v. Sacramento Reg'l Transit Dist.*, No. CIVS-98-1719 LKK/JFM (E.D. Cal.) and *Parra v.*

23  *Bashas', Inc.*, 536 F.3d 975 (9th Cir. 2008).  I also regularly write amicus briefs on a wide range

24  of employment and class action subjects in federal and state courts.

25        14.    My work at the Impact Fund includes training civil rights and employment

26  lawyers.  For more than a decade, I have organized an annual conference of plaintiffs' class

27  action practitioners, attended by over 100 lawyers, to discuss case law and strategy.  I have also

28

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

2

developed and teach an annual three-day Class Action Training Institute, which uses a hypothetical employment case file to teach class action strategy and practice to a group of twenty lawyers.

15.     I am the recipient of numerous awards and honors.  I have been recognized as one of the Daily Journal's Top 75 California Labor and Employment Lawyers (2013) and Top 75 Women Litigators (2008).  I was twice named a "Northern California SuperLawyer" (2008 and 2009), and I was also recognized by SuperLawyer as one of the top 50 women lawyers in Northern California (2005).  In addition, I received the California Lawyer Magazine Attorney of the Year (CLAY) Award for Employment (2005).  This year, I was named a fellow in the College of Labor and Employment Lawyers.

16.     I have been involved with the American Bar Association Section of Litigation since 1997.  I served as the Co-Chair of the Class Action and Derivative Suits Committee (2010-2013), after serving as the Employment Subcommittee Co-Chair (1997-2006) and the Newsletter Co-Editor (2007-2010).  I also served on the Task Force on Federal Pleading Standards (2010), the Special Committee on the Future of Civil Litigation (2009-2010), and the Task Force on Implicit Bias (2012-2013).

17.     I have served on the Board of California Common Cause (1994-2002), which I chaired for several years, the Common Cause Educational Fund (2001-2004), National Common Cause (1998-2004), and the Legal Aid Society-Employment Law Center (1991-2002).  I was also on the WorkLife Law Advisory Board at the University of California Hastings College of the Law (2007-2011).

18.     My other professional activities include:  serving as a Lawyer Representative for the Ninth Circuit Judicial Conference and the Northern District of California (2013-present); serving on the District's Expedited Jury Trial Committee (2010-2011); acting as a commissioner (2005-2009) and the vice-chair (2007-2009) of the Berkeley Fair Campaign Practices Commission, and serving on the National Employment Lawyers Association's Federal Rules

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

3

1    Committee and Class Action Committee (1992-present).  I was recently named to the Legal

2    Committee of the ACLU of Northern California.

3         19.    I speak and write frequently on employment discrimination, civil rights, and class

4    action litigation in law schools around the country and for a wide range of professional and bar

5    organizations, including the Practicing Law Institute and the National Bar Association.  I have

6    published more than thirty articles on these and related legal topics.

7                          **Qualifications of Other Impact Fund Staff**

8         20.    The following paragraphs describe the qualifications, experiences and roles of

9    various timekeepers at the Impact Fund.  In addition to myself, six other attorneys, one law clerk,

10   and three paralegals spent more than ten hours each working on the case-in-chief between 2002

11   and the present.

12        21.    The Honorable Brad Seligman was the founding executive director of the Impact

13   Fund from 1992 until 2010.  He continued to work at the Impact Fund as Senior Counsel from

14   July 1, 2010, until July 2012.  He became of counsel at Lewis Feinberg in 2010 and was

15   appointed to the Superior Court of Alameda County on December 31, 2012.

16        22.    Judge Seligman graduated from Sonoma State University in 1975 and received

17   his J.D. from Hastings College of the Law in 1978.  After graduation, he was a teaching fellow at

18   Stanford Law School and then a senior law clerk to Judge Lawrence K. Karlton of the Eastern

19   District of California.  From 1981 until June 1994, he worked at Saperstein, Seligman, Mayeda

20   and Larkin; he was managing partner from 1988 until 1991.

21        23.    Judge Seligman litigated more than 50 class actions in state and federal trial and

22   appellate courts.  These cases included *Stender v. Lucky Stores, Inc.*, 803 F. Supp. 259 (N.D. Cal.

23   1992); *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439 (N.D. Cal. 1994), which

24   was then the largest Americans with Disabilities Act class case in the nation; *Glover/Albrecht v.*

25   *Potter*, a disability discrimination employment class action, EEOC No. 320-A2-8011X, which

26   settled for $61 million; and *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541.

27

28

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

4

1    24.    Judge Seligman also lectured and wrote extensively on class actions during his

2  career as a litigator.  He spoke on class actions before a wide variety of groups, including the

3  Ninth Circuit and Northern District Courts, the American Bar Association, the State Bar of

4  California, the National Employment Lawyers' Association, the Equal Employment Opportunity

5  Commission, and the California Employment Law Council, among other groups.  He lectured at

6  the University of California Berkeley School of Law, Hasting College of the Law, and Stanford

7  Law School, among other institutions.

8    25.    Robert Schug is the Director of Litigation and Training at the Impact Fund.  He

9  graduated summa cum laude from Middle Tennessee State University in 2003 and from William

10  Mitchell College of Law, where he was the Executive Editor of the William Mitchell Law

11  Review, in 2006.  Prior to joining the Impact Fund in June 2013, he represented employees in

12  complex wage-and-hour litigation at Nichols Kaster, PLLP.  Mr. Schug was named a "Rising

13  Star" by Northern California Super Lawyers Magazine and San Francisco Magazine in 2012 and

14  2013.

15    26.    Michael Caesar was a litigation fellow at the Impact Fund from September 2011

16  until September 2013.  He graduated from the University of California at Berkeley in 2001, and

17  received his J.D. from Stanford Law School in 2011.  He currently practices with Goldstein,

18  Borgen, Dardarian and Ho in Oakland.

19    27.    Julia Campins was a litigation fellow at the Impact Fund from September 2006

20  until September 2007.  She graduated from Columbia College in 2002, and received her J.D.

21  from Columbia Law School in 2005.  Ms. Campins was a law clerk for the Honorable Marsha S.

22  Berzon of the United States Court of Appeals for the Ninth Circuit.  She practiced with Lewis

23  Feinberg from 2007 until 2012, when she opened her own law firm, Campins Benham-Baker.

24    28.    Alvaro Soria was a litigation fellow at the Impact Fund from September 2007

25  until September 2008.  He graduated from Stanford University in 2001, and received his J.D.

26  from Stanford Law School in 2005.  After leaving the Impact Fund, Mr. Soria became a staff

27  attorney with Legal Services for Children in San Francisco.

28

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

5

29.     Sarah Varela was a litigation fellow at the Impact Fund from September 2004 until August 2006.  She graduated from Harvard University in 1993, and received her J.D. from Stanford Law School in 2004.  She currently practices with Davis, Cowell & Bowe, also co-counsel in this case.

30.     One of the Impact Fund's law clerks, Sonya Rahders, worked on this case between May 2013 and August 2013.  Her responsibilities were primarily legal and factual research.  Ms. Rahders is currently a law student at Hastings College of the Law, and is expected to graduate in May 2015.

31.     The Impact Fund also staffed several paralegals on this case.  Their responsibilities included intake, witness interviewing, document review, document production, declaration drafting, factual research, and assistance with deposition preparation.  The paralegals who billed hours more than ten hours on the case are:  Lara Ortiz-Luis, a graduate of Stanford University (2011); Elizabeth Aakhus, a graduate of New York University (2004), now a staff attorney with California Rule Legal Assistance; and Mary Broughton, now employed as a paralegal with the Legal Aid Society-Employment Law Center.

**Attorneys Representing the Class**

32.     Three law firms—the Impact Fund; Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser"); and Davis, Cowell & Bowe, LLP ("Davis, Cowell & Bowe")—initially pooled their resources to bring this lawsuit.  In January 2007, two of the key attorneys from Lieff Cabraser took positions at different law firms:  Bill Lann Lee moved to Lewis, Feinberg, Lee, Renaker & Jackson, P.C. ("Lewis Feinberg"), and James Finberg moved to Altshuler Berzon LLP ("Alshuler Berzon").  The same core team of attorneys, now spread among five law firms, continued to litigate the case.

33.     The work performed on this case can be divided into approximately three time periods.  The following chart shows which firms were the primary counsel during each of these periods.

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

6

| Work Performed | Time Period | Primary Counsel |
|---|---|---|
| Investigation, EEOC Proceedings, Complaint Filing, Venue Motion, Discovery, First Certification Order | Oct. 2002 – Jan. 2007 | Impact Fund, LCHB, Davis Cowell |
| Rule 23(f) Appeal | Feb. 2007 – Sept. 2011 | Impact Fund, Lewis Feinberg, Davis Cowell |
| Second Certification Motion, Merits Discovery, Trial Preparation, Settlement | Sept. 2011 – Present | Impact Fund, Lewis Feinberg, Davis Cowell, LCHB, Altshuler Berzon |

34.     Costco was represented by lawyers from Seyfarth Shaw's offices in Los Angeles, Chicago, Washington State, and Washington, D.C., primarily David Kadue and Ken Youmans. Numerous in-house attorneys from Costco attended depositions and participated in settlement meetings as well.

35.     The Impact Fund functioned as lead counsel in this litigation.  I and other Class Counsel made every effort to litigate this case vigorously and efficiently, as described below and in the concurrently filed declarations of Elizabeth Lawrence ("Lawrence") of Davis, Cowell & Bowe, Bill Lann Lee ("Lee") of Lewis Feinberg, Daniel Hutchinson ("Hutchinson") of Lieff Cabraser, and James Finberg ("Finberg") of Altshuler Berzon.  I was the attorney primarily responsible for coordinating tasks among the law firms.

36.     To avoid duplication, Class Counsel divided the case work among ourselves, with each law firm assuming a primary area of responsibility in the litigation.  For example, the Impact Fund, through Brad Seligman and later myself, had primary responsibility for case planning and strategy, brief-writing, communication with opposing counsel, and settlement negotiations.  Likewise, Lieff Cabraser was primarily responsible for overseeing document and data management, the document review process, and class member communications through the case website.  Davis, Cowell & Bowe took the lead on defending the Named Plaintiffs' claims, developing the factual records, and responding to Costco's "happy camper" declarations.

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

7

1    37.    Class Counsel tasked partners at each law firm with handling issues within their

2    areas of expertise.  For example, Bill Lann Lee, first at Lieff Cabraser, and later with Lewis

3    Feinberg, had responsibility for the competing social science experts and for fashioning

4    injunctive relief.  James M. Finberg, with Altshuler Berzon, focused on statistical analysis, brief

5    writing and settlement.   Lieff Cabraser partner Daniel M. Hutchinson addressed e-discovery

6    issues.  Each firm could and did call for assistance from the other firms when necessary to meet

7    the pressing demands of litigation.

8    38.    The team relied principally on e-mail to coordinate work assignments.  For

9    periods of active discovery, Class Counsel also held short bi-monthly phone calls, typically 15 to

10   30 minutes.  The Impact Fund circulated agendas in advance of the call, and cancelled the calls

11   when they were unnecessary.  As the case grew closer to trial, the calls were increased to weekly.

12   I ran these phone calls and meetings as efficiently as possible.

13   39.    Class Counsel assigned work on this case to ensure that tasks were completed by

14   timekeepers at the appropriate level.  Document review and intake were assigned to paralegals

15   and junior level associates in all offices, with oversight from more senior timekeepers.  In

16   contrast, expert work was completed by the most senior lawyers, with assistance from junior

17   associates and law clerks.  Mid-level lawyers defended class member depositions and did higher

18   level legal and factual research.

19   40.    As described in detail below, and in the Lawrence, Lee, Hutchinson, and Finberg

20   declarations, each law firm has carefully reviewed its time records.  Each law firm has exercised

21   billing judgment to delete entries that arguably represent excessive, unnecessary, or duplicative

22   time.  Each firm has also eliminated hours billed by time-keepers who worked on the case for

23   less than ten hours.  In total, Class Counsel have deleted more than 300 hours of work,

24   corresponding to many tens of thousands of dollars in fees.

25   41.    In addition to eliminating certain hours, Class Counsel have also taken an across-

26   the-board cut of five percent (5%) of our collective lodestar, to offset any billing discrepancies,

27   duplication of work, or time that new attorneys spent getting familiar with the case.

28

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

8

42.     After the exercise of billing judgment, Class Counsel have expended a total of 9093.1 hours on this litigation, for a total reasonable fee of $4,304,564.  The following chart summarizes the hours expended on this litigation and the value of the hours worked:

| Law Firm | Hours Worked | Value of Hours Worked |
|---|---|---|
| The Impact Fund | 4740.60 | $2,350,220.00 |
| Davis Cowell | 1519.10 | $933,370.00 |
| LCHB | 2177.20 | $866,108.00 |
| Lewis Feinberg | 470.20 | $252,862.00 |
| Altshuler Berzon | 186.00 | $128,560.00 |
| LODESTAR TOTAL | 9093.10 | $4,531,120.00 |
| 5% REDUCTION | NA | $226,556.00 |
| **ADJUSTED LODESTAR** | **9093.10** | **$4,304,564.00** |

Class Counsel's cumulative lodestar and costs is attached hereto as Exhibit A.  Additional charts, listing each law firm's timekeepers, rates, and hours expended on the litigation, are attached to the Lawrence, Lee, Hutchinson, and Finberg declarations, and are attached hereto as Exhibit B for the Impact Fund.  A chart of all of the timekeepers' rates is attached hereto as Exhibit C. Class Counsel have used current hourly rates for most timekeepers.  However, some firms used modified historical rates for timekeepers who left the firm earlier in the case or for attorneys who moved from law clerk or associate status to partner during the pendency of the case.

43.     Class Counsel's billing records reflect that five attorneys put in approximately 49 percent of the total hours reflected in the chart in Paragraph 42.

44.     In accordance with Local Rule 54-5(b)(2), detailed time records will be submitted for *in camera* review at the Court's request.

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

9

**Pre-Filing Investigation**

45.     Prior to filing the complaint in this matter, Class Counsel conducted a thorough investigation.  We interviewed Costco employees, researched Costco's organizational structure and promotion, retained a statistician to analyze data regarding Costco's promotion rates, and commissioned a study by a labor economist.  Class Counsel drafted and filed EEOC charges on behalf of Named Plaintiffs Shirley Rae Ellis (on or about October 24, 2002) and Leah Horstman (in October 2004), alleging discrimination on the basis of gender.  (ECF Nos. 1, at 18-22; 58-1, Ex. C.)  We also filed an EEOC retaliation charge on behalf of Ellis in April 2004.  (ECF No. 58-1, Ex. B.)

46.     Class Counsel held pre-filing settlement negotiations with Costco in 2004.  The parties were unable to reach a settlement.  (*See* ECF No. 136 ¶ 12.)

**Complaint and Motion to Transfer Venue**

47.     Class Counsel filed the initial Complaint in the United States District for the Northern District of California on August 17, 2004.  (ECF No. 1.)  Class Counsel filed an Amended Complaint, adding Horstman as a Named Plaintiff, on October 27, 2004.  (ECF No. 58-1.)

48.     Costco filed a motion to transfer venue on October 15, 2004, arguing that the litigation should be moved to the District of Colorado, the Western District of Washington, or the Southern District of California.  (ECF No. 6; *see also* ECF Nos. 66, 70.)  Class Counsel submitted a brief in opposition to the motion, as well as a supplemental opposition to the motion after a hearing in November.  (ECF Nos. 65, 74.)  The Court denied Costco's motion to transfer venue without prejudice on December 22, 2004.  (ECF No. 77.)

49.     Costco renewed its motion to transfer venue.  After additional briefing on the issue, and after hearing oral argument, the Court definitively rejected Costco's renewed motion to transfer venue on May 31, 2005.  (*See* ECF Nos. 81, 92, 95, 98.)

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

10

1      50.     During this period, Class Counsel filed an EEOC charge on behalf of Elaine

2  Sasaki.  (*See* ECF No. 537; Ex. D.)  Class Counsel filed a second amended complaint, adding

3  Sasaki as a Named Plaintiff, on March 23, 2005.  (ECF No. 83.)

4                                    **Discovery and 2005 Mediation**

5      51.     The parties began discovery in connection with the venue motion and continued

6  after it was denied.  Class Counsel served six sets of document requests, containing 143 separate

7  requests for production, and nineteen interrogatories.  Costco produced over 1900 documents,

8  consisting of more than 39,000 pages, as well as electronic personnel and payroll data regarding

9  Costco warehouse employees.  Class Counsel loaded many of these documents on to a litigation

10  database, where they were reviewed and coded.  It was essential for Class Counsel to review

11  these documents in detail, in order to understand Costco's organizational structure and

12  employment practices, ascertain the nature of Plaintiffs' legal claims, and—later in the

13  litigation—develop appropriate programmatic relief.

14      52.     During this period, Class Counsel also assisted the Named Plaintiffs in responding

15  to Costco's requests for production, interrogatories, and requests for admissions.

16      53.     Class Counsel took eighteen depositions, including twelve depositions of fact

17  witnesses, three depositions of Costco pursuant to Fed. R. Civ. P. 30(b)(6), and three depositions

18  of Costco's expert witnesses.  For these depositions, Class Counsel had to travel to cities

19  including Chicago, Illinois; Issaquah, Washington; Houston, Texas; San Diego, California;

20  Carbondale, Illinois; and Denver, Colorado.  Class Counsel spent many hours preparing for,

21  traveling to, and taking these depositions.

22      54.     Class Counsel defended a total of fourteen depositions, including multiple

23  depositions of the Named Plaintiffs, depositions of five class members, and depositions of all

24  three of Plaintiffs' expert witnesses.  Class Counsel spent many hours preparing for and traveling

25  to these depositions, as well as preparing the Named Plaintiffs and experts for their depositions.

26

27

28

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

11

1    55.    Class Counsel also continued to develop the case through informal investigation.

2   This work included interviewing class members, maintaining a contact list, updating a class

3   website, and consulting with the Named Plaintiffs about the case.

4    56.    The parties attempted to resolve the case through mediation with Mark Rudy, a

5   respected and experienced mediator, on September 21, 2005 and November 10, 2005.  (*See* ECF

6   Nos. 99, 136 ¶ 13.)  Those efforts were unsuccessful.

7   **Expert Witnesses**

8    57.    As noted above, Class Counsel retained three experts for the first phase of this

9   case.  First, Class Counsel retained statistician Dr. Richard Drogin, who reviewed Costco's

10   personnel and payroll data.  This work was extremely complex, requiring Dr. Drogin to engage

11   in extensive data processing, interpretation, and analysis.  Class Counsel facilitated

12   communication between Dr. Drogin and Costco's expert witness as Dr. Drogin analyzed the

13   data.  Dr. Drogin ultimately produced a report, in which he concluded, in part, that there was a

14   statistically significant shortfall of women promoted into Assistant General Manager ("AGM")

15   positions at Costco.  He also produced a rebuttal report.  Class Counsel spent many hours

16   reviewing and discussing Dr. Drogin's reports, which were central to Plaintiffs' claim that

17   Costco violated Title VII under both the adverse impact and disparate treatment theories of

18   discrimination.  We also defended him at his deposition on August 9, 2006.

19    58.    Second, Class Counsel retained labor economist Dr. Marc Bendick, who wrote

20   two reports analyzing the expected representation of women among Costco's managers.  Class

21   Counsel worked with Dr. Bendick to develop his testimony, which formed a key basis for

22   Plaintiffs' legal claims.  We also defended Dr. Bendick at his deposition on August 12, 2006.

23    59.    Third, Class Counsel retained sociologist Dr. Barbara F. Reskin, who wrote an

24   analysis of Costco's common culture and policies.  Dr. Reskin concluded, in part, that Costco's

25   policies and practices have features known to be vulnerable to gender bias.  She also produced a

26   rebuttal report.  Class Counsel worked closely with Dr. Reskin as she prepared her report.  We

27

28
Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

12

1    also defended her deposition on August 15, 2006.  As described below, Dr. Richard Martell

2    replaced Dr. Reskin in 2013 as Plaintiffs' social science expert in anticipation of trial.

3        60.    In response to Plaintiffs' reports, Costco offered reports from four expert

4    witnesses:  Dr. Ali Saad, an economist with experience in statistical analyses; Dr. Margaret

5    Stockdale, a psychologist; Dr. Casey Mulligan, an economist; and Dr. Frank Landy, an industrial

6    and organizational psychologist.  Class Counsel spent many hours reading and analyzing these

7    reports and the supporting materials and analyses.  We deposed Dr. Saad on June 29, 2006, Dr.

8    Stockdale on July 12, 2006, and Dr. Landy on July 26, 2006.

9                            **Motion for Class Certification**

10       61.    Class Counsel filed a motion for class certification on August 28, 2006.  (ECF

11   No. 127.)  The motion had numerous exhibits, including deposition excerpts, internal Costco

12   documents, attorney declarations, expert declarations, and Named Plaintiff and class member

13   declarations.  (*See* ECF Nos. 128, 130, 130-1, 130-2, 130-3, 133, 134, 135, 136, 137, 138, 140,

14   141, 142, 143.)

15       62.    Costco opposed the motion, and also filed motions to strike the declarations of

16   Drs. Drogin, Bendick, and Reskin on September 29, 2006.  (ECF Nos. 433, 435, 436, 447.)

17   Class Counsel filed a brief in opposition to the motion, supplemental declarations from the three

18   experts, and numerous other exhibits.  (ECF No. 463, 463-1, 463-2, 463-3, 464.)  The Court

19   denied Costco's motion to strike the declarations of Drs. Bendick and Reskin, and struck only a

20   single paragraph and table from Dr. Drogin's declaration.  (ECF No. 494, at 31, 36.)

21       63.    Class Counsel filed a motion to strike approximately 200 declarations from

22   current class members that Costco submitted in opposition to Plaintiffs' motion for class

23   certification.  (ECF No. 469; *see also* ECF No. 389 ¶ 2.)  The Court ordered Costco to produce

24   the declarants for a hearing, stating that if Costco failed to do so, the Court would strike the

25   declarations of those not produced.  (ECF No. 482.)  The parties ultimately resolved this issue

26   through written stipulations.  (ECF No. 486.)

27

28

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

13

64.     The Court heard oral argument on November 7, 2006, and granted Plaintiffs' motion for class certification on January 11, 2007.  (ECF Nos. 490, 494.)  The Court's order appointed Brad Seligman and Jocelyn Larkin of the Impact Fund, Bill Lann Lee and James Finberg of Lieff Cabraser, and Steven Stemerman and Elizabeth Lawrence of Davis, Cowell & Bowe as Class Counsel.  (ECF No. 494, at 21-22.)

**Appeal to the Ninth Circuit**

65.     Costco filed a Rule 23(f) petition in the Ninth Circuit on January 25, 2007.  (Case No. 07-80006, ECF No. 1.)  Class Counsel submitted a brief in opposition to the petition, and also responded to two supplemental letter briefs that Costco filed.  (Case No. 07-80006, ECF Nos. 2, 4, 5.)  The Ninth Circuit granted Costco's petition on May 11, 2007.  (*See* Case No. 07-15838, ECF No. 1.)[1]  The parties agreed to stay discovery during the pendency of the appeal.  (ECF No. 509 ¶ 11.)

66.     Class Counsel filed a 64-page legal brief on October 24, 2007, urging the Ninth Circuit to affirm the district court's certification order.  (*See* Ninth Cir. ECF No. 26.)  Class Counsel also submitted 282 pages of documents as a supplemental excerpt of record.

67.     After briefing was completed, Class Counsel filed two additional letter briefs alerting the Court to new authority.  (Ninth Cir. ECF Nos. 33, 43.)  Class Counsel also responded to two such letter briefs from Costco.  (Ninth Cir. ECF Nos. 37, 46.)

68.     The case attracted attention from other organizations.  Four groups signed an amicus brief in support of the Plaintiffs, and five groups filed amicus briefs in support of Costco.  (*See* Ninth Cir. ECF Nos. 17, 18, 19, 20, 28, 39.)

69.     The Ninth Circuit heard oral argument on April 14, 2008.  (Ninth Cir. ECF No. 47.)  After oral argument, Class Counsel responded to four additional letter briefs that Costco submitted pursuant to Rule 28(j).  (Ninth Circuit ECF Nos. 51, 55, 60, 62.)

---

[1] All further citations to the Ninth Circuit docket refer to Case No. 07-15838, unless indicated otherwise.

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

14

70.     The Ninth Circuit ordered supplemental briefing from the parties in July 2010, asking them to address the effect of the Ninth Circuit's decision in *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) (en banc), *rev'd*, 131 S. Ct. 2541 (2011).  (Ninth Cir. ECF No. 65.)  Class Counsel submitted that brief on July 22, 2010.  (Ninth Cir. ECF No. 68.)  The Ninth Circuit withdrew and then deferred submission of the case pending the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*.  (Ninth Cir. ECF Nos. 74, 75.)  The Supreme Court decided *Wal-Mart* on June 20, 2011.  131 S. Ct. at 2541.

71.     The Ninth Circuit ordered yet another round of briefing in June 2011, to address the impact of the Supreme Court's decision in *Wal-Mart*.  (Ninth Cir. ECF No. 76.)  We submitted our brief on August 2, 2011. (Ninth Cir. ECF No. 87.)

72.     The Ninth Circuit issued its opinion on September 16, 2011.  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011).

73.     I, along with other attorneys at the Impact Fund, took the lead on defending the district court's certification order in the Ninth Circuit.  Attorneys from Lewis Feinberg and Davis Cowell also assisted in this work.

**Second Motion for Class Certification**

74.     On remand, the same core team of attorneys who initially brought this case—now spread among five law firms—re-assembled to continue litigating.

75.     The parties agreed that Class Counsel would file a Third Amended Complaint to reflect the intervening change in the law.  (ECF No. 535 at 5.)  Class Counsel did so on March 23, 2012.  (ECF No. 537.)  Costco filed a motion for an order eliminating class claims on May 4, 2012.  (ECF No. 543.)

76.     Class Counsel filed a motion for class certification and opposition to Costco's motion to eliminate class claims on June 8, 2012.  (ECF No. 664.)  Class Counsel also re-filed numerous exhibits, including deposition excerpts, internal Costco documents, and declarations from expert witnesses and class members.  (*See* ECF Nos. 665, 666, 667, 668, 669, 670, 671, 672, 673, 674, 675, 676, 677.)

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

15

77.     The Court heard oral argument on July 31, 2012.  (ECF No. 683.)  After oral argument, Class Counsel kept the Court apprised of new developments in the law, filing a joint motion for leave to file a statement of recent decision on August 10, 2012, and another such motion on September 7, 2012.  (ECF Nos. 684, 687.)

78.     On September 25, 2012, the Court granted Plaintiffs' motion for class certification.  (ECF No. 693.)  The Court appointed the Impact Fund; Lewis, Feinberg, Lee, Renaker & Jackson, P.C.; Davis, Cowell & Bowe LLP; Lieff, Cabraser, Heimann & Bernstein LLP, and Altshuler Berzon LLP as Class Counsel.  (*Id.* at 84.)

**Second Appeal to the Ninth Circuit**

79.     Costco filed a Rule 23(f) petition in the Ninth Circuit on October 9, 2012, seeking permission to appeal the certification order.  (Case No. 12-80188, ECF No. 1.)  Class Counsel filed a brief opposing the petition on October 19, 2012.  (Case No. 12-80188, ECF No. 3.)

80.     The Ninth Circuit denied Costco's petition on January 16, 2013.  (Case No. 12-80188, ECF No. 5.)

**Discovery and Trial Preparation**

81.     Class Counsel began merits discovery in Fall 2012, in preparation for summary judgment motions and a Stage I trial on the merits, which the Court set for January 2014.  (*See* ECF No. 698.)

82.     In November 2012, the parties negotiated and then submitted a joint motion for approval of class notice and notice plan.  (*See* ECF No. 700.)  Following the Court's approval, Class Counsel retained a claims administration firm, which sent notice to 1258 individuals in December 2012.

83.     The parties submitted a discovery plan for the period leading up to trial, which the Court approved on December 12, 2012.  (*See* ECF Nos. 704, 706.)  Class Counsel subsequently served their seventh request for production of documents on Costco, including updated electronic personnel data.  This electronic production was very complicated.  It required numerous

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

16

1    iterations of production, with each side's experts going back and forth, until a readable database

2    was finally obtained.

3         84.    Plaintiffs' expert sociologist, Dr. Barbara Reskin, retired from serving as an

4    expert witness in class litigation.  In February 2013, Plaintiffs retained Dr. Richard Martell, an

5    industrial-organizational psychologist, to replace her for trial.  Costco also designated two new

6    experts, Dr. Philip Tetlock and Dr. Eric Dunleavy, in part to replace Dr. Frank Landy, who

7    passed away.

8         85.    After lengthy negotiations, the parties stipulated to an order regarding discovery

9    of electronically stored information, entered on April 2013.  (ECF No. 720.)

10        86.    Costco produced several hundred thousand pages of documents, and Class

11   Counsel spent many hours reviewing the documents.

12        87.    Class Counsel filed an EEOC retaliation charge on behalf of Sasaki on or about

13   March 6, 2013.

14        88.    Class Counsel filed Plaintiffs' Fourth Amended complaint on March 28, 2013,

15   adding a retaliation claim on behalf of Sasaki.  (ECF No. 718.)  Class Counsel defended Sasaki

16   in a deposition that took place on August 23, 2013.

17                          **Mediation and Settlement Negotiations**

18        89.    The parties temporarily suspended their discovery efforts in June 2013, in order to

19   focus on mediation.  (*See* ECF No. 729, at 2.)  Bill Lann Lee and I traveled to Costco's

20   headquarters, in Issaquah, Washington, to discuss the possibility of settlement with high-level

21   Costco executives, in-house counsel, and litigation counsel.  Each side then prepared a lengthy

22   mediation brief.

23        90.    The parties met with Mark Rudy on July 11, 2013, for a full day of mediation.

24   (ECF No. 733 at 2.)  Attorneys from three of defense counsel's offices attended, as well as in-

25   house counsel and counsel for Costco's insurance carriers.  Although no settlement was reached,

26   progress was made, and the parties scheduled a second session.  The parties also prepared and

27   exchanged draft language for certain aspects of a possible agreement.

28

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

17

91.     The parties met again for mediation with Mr. Rudy on August 5, 2013.  (ECF No. 737 at 2.)  After this follow-up session, Mr. Rudy circulated a mediator's proposal on August 9 regarding two important aspects of a potential settlement.  (*Id.*)  As a result of the proposal, the parties made significant progress in resolving several major settlement issues.  (ECF No. 744 at 2.)

92.     Over the course of the next two months, the parties continued their negotiations directly through a series of regular conference calls and email correspondence.  Class Counsel researched and drafted proposed terms, responded to Costco's proposed terms, and spent many hours negotiating with opposing counsel.  Class Counsel also spent significant time conferring with the Named Plaintiffs regarding the negotiations.  Mr. Rudy also made himself available as needed to resolve disputes as they arose.

93.     After making substantial further progress through informal efforts, the parties scheduled a final mediation.  In advance of the session, litigation counsel for both parties attended two days of in-person negotiations in Los Angeles, California, on October 1 and October 2.

94.     The final mediation took place on October 5.  The parties signed a memorandum of understanding on October 11, 2013, which they submitted to the Court *in camera*.  (*See* ECF No. 749.)  The proposed settlement provides for important programmatic relief, including the development of new selection criteria for promotions, new processes for posting open AGM positions and registering interest in GM openings, and a training program.  It also creates a fund of $8 million in monetary relief, which class members can obtain, if successful, through an expedited claims process.

95.     Under the proposed settlement, Class Counsel can seek fees for work done up through final approval, as well as the work we will do monitoring compliance with the settlement and administering the claims process.  Class Counsel can also seek fees for their work on successful arbitrations at the end of the claims process.

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

18

1

**Other Work Completed During and After Settlement Negotiations**

2      96.     Even as Class Counsel devoted considerable resources to mediation, we also

3 continued to engage in discovery, recognizing that the trial date was only months away and that

4 mediation might fail.  We responded to Costco's fourth set of interrogatories, which Costco

5 served in June 2013.  We also served Plaintiffs' second set of interrogatories on Costco in

6 August 2013.  In addition, we prepared discovery letters on two issues:  (1) whether Costco

7 could take further deposition testimony from Named Plaintiffs Ellis and Horstman, (*see* ECF No.

8 739), and (2) whether Costco was required to produce electronically stored information from

9 certain Costco executives that contained sexist words, (*see* ECF No. 741).

10      97.     At the time the proposed settlement was reached, both parties were preparing to

11 file multiple summary judgment and *Daubert* motions, and Costco was preparing a motion to

12 decertify the class.  (*See, e.g.*, ECF Nos. 697, 747.)

13      98.     In the weeks since signing a memorandum of understanding, Class Counsel have

14 continued to work diligently on this case.  We have negotiated the terms of the Settlement

15 Agreement and Class Notice, drafted a Motion for Preliminary Settlement Approval and this

16 Motion for Attorneys' Fees and Reimbursement of Costs, and hired a claims administrator based

17 on a request for bid.

18      99.     I anticipate that Class Counsel will spend significantly more time on this case in

19 the future.  The current fee application includes time only through November 30, 2013, and does

20 not include all time spent preparing for preliminary and final approval hearings.  We will file a

21 supplemental declaration updating our lodestar calculation at the time that final approval papers

22 are filed.

23      100.    In addition, Class Counsel will continue to work on this case for a significant

24 period of time after the settlement is approved.  Under the terms of the settlement, Class Counsel

25 will monitor Costco's compliance with the programmatic relief, oversee the claims process, and

26 represent individual class members during the claims process.  Class Counsel's monitoring work

27 will include meeting with the Independent Consultant and Costco in connection with developing

28

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

19

the programmatic relief, reviewing draft proposals, resolving any disputes, and reviewing monitoring reports and compliance processes.  For the claims procedure, Class Counsel will select arbitrators, write context briefs, develop materials to explain the claims procedure, and consult with class members about claims.  As permitted by the Settlement Agreement, Class Counsel now seek fees for monitoring and overseeing the claims process on a flat fee basis in the amount of $300,000, and will seek fees for its work on successful individual claims at the end of the claims process.

101.    In December 2013, the parties met and conferred in an attempt to resolve this motion, as required by Civil Local Rule 54-5(b)(1).  No agreement was reached.

**Attorneys' Fees and Costs**

102.    This matter has required the Impact Fund to spend time on this litigation that could have been spent on other matters.  At various times during the litigation of this class action, this lawsuit has consumed my time, along with the time of the lawyers, law clerks, and paralegals at the Impact Fund.  I assigned work to the lowest billing time-keeper whenever possible, and all the timekeepers at the Impact Fund made an effort to be efficient in their work on this case.

103.    The specific work performed by the Impact Fund has included, among other things:  developing case strategy; coordinating work among co-counsel working on this case; serving as the central point of contact and communication with Costco's counsel; drafting and responding to written discovery; speaking with class members and drafting declarations; taking depositions of Costco's employees; coordinating the work of Plaintiffs' expert statistician, labor economist, and sociologist, and defending some of their depositions; researching and drafting the legal arguments for both class certification motions and other briefs; preparing for and arguing both class certification motions; researching and drafting all briefing on appeal to the Ninth Circuit; preparing for and giving oral argument before the Ninth Circuit; revising and editing all briefs submitted in this matter; negotiating settlement terms with Costco and revising settlement documents; hiring notice and claims administrators and supervising class notice; and drafting the

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

20

1  motion for preliminary approval, motion for attorneys' fees and costs, and supporting

2  documents.

3      104.    The regular practice at the Impact Fund is for all attorneys, law clerks, and

4  paralegals to keep contemporaneous time records, maintained on a daily basis, and describing

5  tasks performed in 0.1 hour (6 minute) increments.  The Impact Fund used the Timeslips

6  program for recording time until earlier this year, when we switched to Microsoft Excel.

7      105.    The Impact Fund has used current hourly rates for all time billed for timekeepers

8  now employed with the organization.  For timekeepers who left the organization, we have used

9  the hourly rate applicable to them at the time of their departure for all hours billed.  The rates for

10 the Impact Fund's timekeepers who spent more than ten hours working on the case-in-chief, and

11 their year of graduation from law school (for attorneys) or college (for paralegals), are as

12 follows:

| Attorney | Years Worked on Case at the Impact Fund | Law School Graduation | Rate |
|---|---|---|---|
| Brad Seligman | Oct. 2002 – July 2012 | 1978 | $825 |
| Jocelyn Larkin | July 2004 – present | 1983 | $750 |
| Robert Schug | June 2013 – present | 2006 | $425 |
| Michael Caesar | Sept. 2011 – Sept. 2013 | 2011 | $275 |
| Alvaro Soria | Sept. 2007 – April 2008 | 2005 | $270 |
| Julia Campins | Sept. 2006 – Sept. 2007 | 2005 | $260 |
| Sarah Varela | Sept. 2004 – Sept. 2006 | 2004 | $250 |
| **Law Clerk** | | | |
| Sonya Rahders | May 2013 – Aug. 2013 | 2015 (expected) | $185 |
| **Paralegal** | | **Undergraduate Graduation** | **Rate** |
| Elizabeth Aakhus | June 2006 – April 2008 | NYU, 2004 | $175 |
| Lara Ortiz-Luis | Sept. 2011 – present | Stanford, 2011 | $175 |
| Mary Broughton | Feb. 2003 – May 2006 | NA | $160 |

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

21

1   106.   Judge Seligman was awarded his 2012 rate of $825 in *Cogdell v. The Wet Seal,*

2   *Inc.,* Case No. SACV 12-01138 AG (C.D. Cal.), Order dated December 9, 2013, and his 2011

3   rate of $750 in *Cookson v. NUMMI,* C 10-02931 CRB (N.D. Cal.).

4   107.   I have personal knowledge of the hourly rates charged by other attorneys with

5   comparable experience to mine in the San Francisco market, as well as the attorneys with the

6   firms who worked on this matter.  Based on that information, I believe that the Impact Fund's

7   hourly rates are fully consistent with the market rates in San Francisco for attorneys with

8   comparable experience, expertise, and qualifications.

9   108.   The contemporaneously maintained logs of time expended by the Impact Fund

10   indicate a total of 4740.60 hours expended through November 30, 2013 pursuing the case-in-

11   chief and settlement.  The Impact Fund's total lodestar is $2,350,220.00.  Attached hereto as

12   Exhibit B is a true and correct summary by individual of the hours, billing rate, and lodestar for

13   that timekeeper's work on the case-in-chief and settlement through November 30, 2013.  The

14   Impact Fund has not been paid for any of the time spent on the action.

15   109.   Upon the Court's request, the Impact Fund will submit *ex parte in camera*, under

16   Civ. L.R. 54-5(b)(2), a true and correct copy of our detailed billing records of time spent

17   litigating the case-in-chief and settlement of this case, and detailed billing records of time spent

18   preparing this Motion for an Award of Attorneys' Fees and Costs.  Such a filing would shield

19   from public disclosure material protected by the work product doctrine, some of which may be

20   pertinent to on-going class member claims.  There is particular sensitivity about the contents of

21   our time entries because the parties will continue to litigate the claims of the Named Plaintiffs as

22   well as the claimants in the arbitration process.

23   110.   Impact Fund staff spent considerably more time on this case than is reflected in

24   the time compilations set forth as Exhibit B, as I reduced our time in the exercise of billing

25   judgment.  For example, I have eliminated all hours billed by timekeepers who worked on the

26   case for fewer than ten hours.  I also eliminated or reduced time entries which were arguably

27

28

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

22

1   duplicative, excessive or for clerical tasks.  These reductions for billing judgment amount to a

2   total of 143.8 hours, corresponding to a dollar amount of $34,387.50.

3         111.    I anticipate that the Impact Fund will spend significantly more time on this case in

4   the future.  For example, we will continue to work on the case in the months leading up to the

5   final approval hearing.  We will lead Plaintiffs' role in implementing programmatic relief and

6   monitoring compliance.  We will oversee the claims process and prepare and arbitrate claims.

7   We will continue as the liaison with defense counsel in negotiating all aspects of post-settlement

8   activities.

9                                    **Litigation Costs**

10        112.    In the first phase of the litigation, each firm paid its own costs and LCHB paid for

11  experts, the document management system, deposition transcripts, and other out-of-pocket costs.

12  In the second phase of the litigation, Class Counsel's modest costs were primarily borne by

13  Lewis Feinberg.  In the third phase of the litigation, the firms paid into a cost fund maintained by

14  the Impact Fund, and the Impact Fund disbursed the funds to pay expenses, including expert and

15  most mediation expenses.

16        113.    The Impact Fund maintains records regarding costs expended on each case.  I

17  have reviewed the records of costs expended in this matter.  According to our records, the Impact

18  Fund incurred $120,972.37 in costs as of November 30, 2013.  These costs include the costs of

19  online legal databases and research materials, postage, delivery services, copying and printing,

20  transcripts, expert fees, fees for a jury consultant, mediation services, class notice,

21  telecommunication costs, and travel, including reasonable meals, lodging, and coach airfare.

22  Attached hereto as Exhibit D is a true and correct summary of the costs incurred by our firm in

23  this matter along with a detailed listing of them.

24        114.    For attorney and witness travel, we purchased the most economical coach airfare

25  reasonably available, consistent with the sometimes last-minute demands of litigation and the

26  travelers' schedules.

27        115.    Class Counsel have advanced all of these costs on a wholly contingent basis.

28
Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

23

1

2          I declare under penalty of perjury, under the laws of the United States, that the foregoing

3   is true and correct.

4          Executed this 17th day of December at Berkeley, California.

5

6                                          By:    /s/ Jocelyn D. Larkin
                                                  Jocelyn D. Larkin
7                                                 IMPACT FUND
                                                  Attorneys for Plaintiffs and Certified Classes
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Jocelyn D. Larkin in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs
Case No. C04 3341 EMC

24