IMPACT FUND
Jocelyn D. Larkin (SBN: 110817)
Robert L. Schug (SBN: 249640)
125 University Ave., Suite 102
Berkeley, CA  94710
Telephone: (510) 845-3473
Facsimile:  (510) 845-3654
jlarkin@impactfund.org

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Kelly M. Dermody (SBN: 171716)
Daniel M. Hutchinson (SBN: 239458)
Lisa Cisneros (SBN: 251473)
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008
kdermody@lchb.com

LEWIS, FEINBERG, LEE, RENAKER &
JACKSON, P.C.
Bill Lann Lee (SBN: 108452)
Lindsay Nako (SBN:  239090)
476 9th Street
Oakland, CA  94607
Telephone: (510) 839-6824
Facsimile:  (510) 839-7839
blee@lewisfeinberg.com

DAVIS, COWELL & BOWE, LLP
Steve Stemerman (SBN: 067690)
Elizabeth A. Lawrence (SBN: 111781)
Sarah Varela (SBN: 234640)
595 Market Street, #1400
San Francisco, CA 94105
Telephone: (415) 597-7200
Facsimile: (415) 597-7201
eal@dcbsf.com

[Additional Counsel Listed on Signature Page]
Attorneys for Plaintiffs and the Proposed
Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY "RAE" ELLIS, LEAH HORSTMAN and ELAINE SASAKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No.  C-04-3341 EMC<br><br>**DECLARATION OF DANIEL M. HUTCHINSON IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND FOR REIMBURSEMENT OF COSTS AND EXPENSES** |

1.   I am a partner in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB").  I am one of the attorneys that this Court appointed as Class Counsel to prosecute claims on behalf of the Class.

2.   I am admitted to practice before this Court and am a member in good standing of the bar of the State of California; the United States District Court for the Central, Northern, and Southern Districts of California; the United States District Court for the Eastern District of Wisconsin; and the U.S. Courts of Appeals for the First, Third, Fourth, and Ninth Circuits.

3.   I respectfully submit this declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs.

4.   I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Background and Experience**

5.   LCHB is a national law firm with offices in San Francisco, New York, and Nashville.  LCHB's practice focuses on complex and class action litigation involving employment, consumer, financial, securities, environmental, personal injury, and product liability matters.  In addition to my own experience as a class-action litigator in employment disputes, the partners and associates in my firm working on this file also have extensive experience in class-action litigation.  Attached hereto as **Exhibit A** is a true and correct copy of LCHB's current firm resume.

6.   a.   I graduated from Brown University in 1999.  I served as a judicial extern to the Honorable Martin J. Jenkins, U.S. District Court, Northern District of California, in 2004.  I graduated from the University of California at Berkeley, Boalt Hall School of Law in 2005.

b.   Since 2005, I have practiced with LCHB, where I became a partner in January 2011.  At LCHB, I have focused on representing plaintiffs in employment litigation, and financial and consumer fraud cases.  As an LCHB partner, I have gained extensive experience in the litigation, trial, and settlement of complex employment class actions as Class Counsel in several cases.

c.   I served as co-lead counsel in *Vedachalam v. Tata Am. Int'l Corp.*, Case

DECLARATION OF DANIEL M. HUTCHINSON
CASE NO. C-04-3341 EMC

1   No. 3:06-cv-00963-CW (N.D. Cal.), a case on behalf of a certified class of over 13,000 foreign

2   nationals working in the United States who were denied promised wages and benefits.  In July

3   2013, the court approved a $29.75 million nationwide class settlement.

4      d.  I, along with other attorneys from my firm and co-counsel, served as co-

5   lead counsel in *Holloway v. Best Buy*, No. C05-5056 PJH (N.D. Cal.), representing a class of

6   current employees of Best Buy that alleged Best Buy stores nationwide discriminated against

7   women, African Americans, and Latinos.  In November 2011, the Court approved a settlement of

8   the class action in which Best Buy agreed to changes to its personnel policies and procedures that

9   will enhance the equal employment opportunities of the tens of thousands of women, African

10  Americans, and Latinos employed by Best Buy nationwide.

11     e.  I , along with other attorneys from my firm and co-counsel, am court-

12  appointed co-lead counsel in *Tatum v. R.J. Reynolds Tobacco Co*., Case No. 1:02 CV 373 (M.D.

13  N.C.), a class action on behalf of approximately 3,500 participants in the RJR pension plan who

14  brought claims under the Employee Retirement Income Security Act of 1974 ("ERISA").  In

15  February 2010, I, along with co-counsel, completed a five-week trial in this matter.  The court's

16  judgment is currently on appeal before the Fourth Circuit Court of Appeals.

17     f.  I, along with other attorneys from my firm and co-counsel, served as co-

18  lead counsel in *Cruz v. U.S., Estados Unidos Mexicanos, Wells Fargo Bank, et al*., No. 01-0892-

19  CRB (N.D. Cal.), representing Mexican workers and laborers, known as Braceros ("strong

20  arms"), who came from Mexico to the United States pursuant to bilateral agreements from 1942

21  through 1946 to aid American farms and industries hurt by employee shortages during World

22  War II.  A settlement required the Mexican government to provide a payment of approximately

23  $3,500 to Braceros, or their surviving spouses or children.  In approving the settlement in

24  February 2009, U.S. District Court Judge Charles Breyer stated:

25      I've never seen such litigation in eleven years on the bench that was
        more difficult than this one… Notwithstanding all of these issues
26      that kept surfacing ... over the years, the plaintiffs persisted…And,
        in fact, they achieved a settlement of the case, which I find
27      remarkable under all of these circumstances.

28     g.  I, along with other attorneys from my firm and co-counsel, served as co-

- 3 -

1    lead counsel in *Barnett v. Wal-mart Stores, Inc.*, Case No. 01 2 24553 8 SEA (Sup. Ct. Wash.), a

2    certified statewide wage and hour class action filed on behalf of hourly employees challenging

3    the company's failure to compensate its hourly employees for missed rest and meal breaks and

4    off-the-clock work in stores throughout Washington state.  This case settled for $35 million, as

5    well as injunctive relief governing company policies.

6          h.      I, along with other attorneys from my firm and co-counsel, served as one of

7    plaintiffs' lead counsel in *Amochaev v. Citigroup d/b/a Smith Barney*, Civ. No. 05-1298-PJH

8    (N.D. Cal.), a gender discrimination class action on behalf of female Financial Advisors

9    employed by Smith Barney that resulted in a settlement involving comprehensive injunctive relief

10   and over $33 million in monetary relief.

11          i.      I have also successfully litigated a wide variety of complex federal and

12   state civil non-employment matters during my professional career, including several consumer

13   class actions.  Consumer and antitrust class action cases I have successfully prosecuted to

14   judgment or settlement include:  *Haley Paint Co. v. E.I. Dupont De Nemours and Co. et al.*, No.

15   10-cv-00318-RDB (N.D. Md.) (co-lead-counsel in certified nationwide class action lawsuit on

16   behalf of direct purchasers of titanium dioxide charging that defendants conspired to fix, raise,

17   and maintain the price of titanium dioxide in the United States, which resulted in class settlements

18   with four defendants totaling $163.5 million); *In Re: Bank of America Credit Protection Mktg. &*

19   *Sales Practices Litig.*, MD No. 3:11-md-02269 TEH (N.D. Cal.) (chair of the Plaintiffs'

20   Executive Committee in multi-district litigation challenging the imposition of charges for so-

21   called "payment protection" or "credit protection" programs that resulted in a $20 million

22   settlement including required practice changes); *Arthur v. Sallie Mae, Inc.*, No. C10-0198 JLR,

23   2012 U.S. Dist. LEXIS 132413 (W.D. Wash. Sept. 17, 2012) (co-lead-counsel in nationwide class

24   action under the Telephone Consumer Protection Act ("TCPA") that resulted in a $24.15 million

25   class settlement, the then-largest monetary settlement in the history of the TCPA; *Rose v. Bank of*

26   *Am. Corp.*, 5:11-cv-02390-EJD (N.D. Cal.) (co-lead-counsel in TCPA class that resulted in

27   $32,083,905 class settlement, which, if approved, will surpass the Sallie Mae settlement as the

28   largest monetary settlement in the history of the TCPA).

DECLARATION OF DANIEL M. HUTCHINSON
CASE NO. C-04-3341 EMC

1          j.      I have also successfully litigated complex individual actions, including

2    *Alaska State Department of Revenue v. America Online*, No. 1JU-04-503 (Alaska Supr. Ct.) (co-

3    counsel in securities fraud action brought by the Alaska State Department of Revenue, Alaska

4    State Pension Investment Board and Alaska Permanent Fund Corporation that settled for $50

5    million in December 2006).

6          k.      I have received several awards and honors for my litigation efforts.  In

7    2012, The Recorder named me as one of "50 Lawyers on the Fast Track."  I was recognized as a

8    2013 Northern California Super Lawyer and, from 2009 to 2012, was named as a Northern

9    California Super Lawyer Rising Star.

10          l.      In addition to being an active litigator, I have long been involved in many

11   educational and legal groups, including as Director of the Board of the Lawyers' Committee for

12   Civil Rights of the San Francisco Bay Area (2009-present; Secretary, 2011-present); American

13   Bar Association (Section of Labor & Employment Law Leadership Development Program);

14   Association of Business Trial Lawyers (Leadership Development Committee, 2008-2010); Bar

15   Association of San Francisco; Consumer Attorneys of California; and National Bar Association.

16          m.      I am a frequent speaker on employment topics, including at events

17   sponsored by the American Bar Association's Section of Labor and Employment Law, the

18   National Employment Lawyers Association, the Impact Fund, the UCLA School of Law, and the

19   Consumer Attorneys of California.

20          n.      I have published and presented papers on race and gender class actions

21   under Title VII, including "Ten Points from Dukes v. Wal-Mart Stores, Inc.," 20(3) CADS Report

22   1 (Spring 2010); "Pleading an Employment Discrimination Class Action" and "EEO Litigation:

23   From Complaint to the Courthouse Steps," ABA Section of Labor and Employment Law Second

24   Annual CLE Conference (2008); and "Rule 23 Basics in Employment Cases," Strategic

25   Conference on Employment Discrimination Class Actions (2008).

26   **Qualifications of Other LCHB Attorneys**

27          7.      Other LCHB attorneys who have expended a substantial amount of time on this

28   case include the following:

DECLARATION OF DANIEL M. HUTCHINSON
CASE NO. C-04-3341 EMC

1          a.      Kelly M. Dermody, a partner at LCHB.  Ms. Dermody is a member in good

2   standing of the bar of the State of California; the United States District Court for the Northern

3   District of California; the United States District Court for the Central District of California; the

4   United States District Court for the District of Colorado; the United States Courts of Appeals for

5   the First, Second, Third, Fourth, Sixth, Seventh, and Ninth Circuits; and the United States

6   Supreme Court.  She graduated magna cum laude from Harvard University in 1990, where she

7   majored in History.  Ms. Dermody graduated from the University of California at Berkeley, Boalt

8   Hall School of Law in 1993.  After law school, she clerked for the Honorable John T. Nixon,

9   Chief Judge of the United States District Court for the Middle District of Tennessee.  Since 1994,

10  Ms. Dermody has practiced with LCHB, where she became a partner in June 1998.  At LCHB,

11  she has focused on representing plaintiffs in employment litigation (including discrimination and

12  wage and hour disputes) and consumer fraud cases.  She currently chairs LCHB's Employment

13  Practice Group, where she has played a leading role in the employment cases set forth at pages 26

14  to34 of LCHB's current firm resume, attached hereto as Exhibit A.

15         b.      In addition to being an active litigator, Ms. Dermody has long been

16  involved in many educational and legal groups, including as a Lawyer Representative for the

17  Northern District of California to the Ninth Circuit Judicial Conference (2007-10); Bar

18  Association of San Francisco (President, 2011-12; Treasurer, 2009-10; Secretary 2008-09;

19  Director, 2005-present); ABA Labor and Employment Law Section Governing Council (2009-

20  present); Co-Chair of the ABA Committee on Equal Opportunity in the Legal Profession (2006-

21  07); Co-Chair of the ABA Labor and Employment Law Section Equal Employment Opportunity

22  Committee (2003-06); Member of ABA Labor and Employment Law Section Katrina Task Force

23  (2005-07); Director of the Board of the Lawyers' Committee for Civil Rights of the San

24  Francisco Bay Area (1998-2005; Secretary, 1999-2003; Co-Chair, 2003-05); Director of the

25  Board of the National Center for Lesbian Rights (2002-08; Board Co-Chair, 2005-06); Director of

26  the Board of the Pride Law Fund (1995-2002; Secretary, 1995-97; Chairperson, 1997-2002); and

27  Member of the Litigation Committee of Equal Rights Advocates (2000-02).  She is a member of

28  the National Employment Lawyers' Association, the Consumer Attorneys of California, and the

1   Bay Area Lawyers for Individual Freedom.  She is also a founding steering committee member of

2   Carver Healthy Environments and Response to Trauma in Schools ("Carver HEARTS"), a non-

3   profit that provides specialized child trauma therapy on-site at Dr. George Washington Carver

4   Elementary School to assist young children in the Bayview who have been exposed to severe

5   violence and loss.  She is frequent author and speaker on employment topics.  In 2001, Ms.

6   Dermody taught Employment Law as an Adjunct Professor of Law at the Golden Gate University

7   School of Law, and has been a guest lecturer for law classes on employment and/or complex

8   litigation at several law schools.

9          c.      Ms. Dermody has been named one of the "Leading Labor and Employment

10  Attorneys in California," by the *Daily Journal* in 2011 and 2012, and one of "San Francisco's

11  Best Lawyers" by *The Best Lawyers in America* in 2010-12.  She received a California Lawyer

12  Attorney of the Year (CLAY) Award from the *California Lawyer* in 2007; was named one of

13  California's "Top Women Litigators" by the *Daily Journal* in 2007, 2010, and 2012-13; and was

14  named as one of the *Daily Journal*'s "Top 20 Lawyers Under Age 40" in 2006.  She was a finalist

15  for Trial Lawyer of the Year (2007) from the Public Justice Foundation, and for Consumer

16  Attorney of the Year (2006) from Consumer Attorneys of California.  Ms. Dermody also

17  received the following awards:  "Women of Achievement," Legal Momentum (2011);

18  "Community Justice Award," Centro Legal de La Raza (2008); "Community Service Award,"

19  Bay Area Lawyers for Individual Freedom (2008), "Award of Merit," Bar Association of San

20  Francisco (2007), Northern California Super Lawyer (2004-12), including a Top 50 Female

21  Northern California Super Lawyer from 2007-12 and a Top 100 Northern California Super

22  Lawyer for 2007, 2009, 2011, and 2012; Lawyers' Committee for Civil Rights "Living the Dream

23  Partner" (2005).  She received the Florence K. Murray award from the National Association of

24  Women Judges in 2010

25         d.      James M. Finberg, a former partner at LCHB whose qualifications and

26  experience are set forth in his separate declaration

27         e.      Bill Lann Lee, a former partner at LCHB whose qualifications and

28  experience are set forth in his separate declaration.

DECLARATION OF DANIEL M. HUTCHINSON
CASE NO. C-04-3341 EMC

1          f.          Karin Kramer, a former of-counsel attorney at LCHB.  During the time she

2   practiced at LCHB, Ms. Kramer was a member in good standing of the bars of the States of

3   California and New Hampshire; the United States District Court for the Northern District of

4   California; the  U.S. Courts of Appeal for the Ninth Circuit, and the United States Supreme Court.

5   She graduated from the Brown University in 1974, and from Boston University School of Law in

6   1977.  Ms. Kramer practiced with LCHB from 2004 to 2007.

7          g.          Lisa Cisneros, an associate at LCHB.  Ms. Cisneros is a member in good

8   standing of the bar of the State of California; the United States District Court for the Northern

9   District of California; U.S. Courts of Appeals for the First and Eleventh Circuits; the California

10  Supreme Court; and the United States Supreme Court.  She is a 2007 graduate of University of

11  California Berkeley School of Law (Boalt Hall), and graduated *cum laude* from Brown University

12  in 2001.  Following law school, Ms. Cisneros worked as an attorney for three years and then

13  served as a judicial clerk for two years for Chief Judge Claudia A. Wilken.  She has worked for

14  LCHB since 2012.

15         h.          Lexi J Hazam, a partner at LCHB, has 12 years of experience as an

16  attorney.  She is a 2001 graduate of the University of California, Berkeley Law School (Boalt

17  Hall), and received her undergraduate degree and master's degree from Stanford University.

18  Following law school, Ms. Hazam completed a clerkship for the Honorable Henry Kennedy on

19  the District Court for the District of Columbia.  She has worked for LCHB since 2001, with a

20  short break in service to serve as a partner for the related law firm Lieff Global LLP.  All Ms.

21  Hazam's work on this matter occurred while she was still an associate attorney.

22         i.          Nirej Sekhon, a former associate at LCHB.  While at LCHB, Mr. Sekhon

23  was a member in good standing of the bars of the States of California and Washington; the U.S.

24  District Court for the Northern Districts of California; and the U.S. District Court for the District

25  of Colorado.  He graduated from the Cornell University in 1995, and from New York University

26  School of Law in 2000.  Mr. Sekhon served as a law clerk to the Honorable Carlos R. Moreno,

27  Central District of California, from 2000 to 2001, and to the Honorable M. Margaret McKeown,

28  Court of Appeals for the 9th Circuit, from 2001 to 2002.  Mr. Sekhon practiced with LCHB from

- 8 -

2004 to 2006.

**Attorney's Fees**

8.      This matter has required LCHB to spend time on this litigation that could have been spent on other matters.  At various times during the litigation of this class action, this lawsuit has consumed my time, along with the time of partners Kelly M. Dermody, James M. Finberg, and Bill Lann Lee; of-counsel attorney Karin Kramer; associate Lisa Cisneros; former associates Lexi Hazam and Nirej Sekhon; former law clerk Lexi Hazam; paralegals Nikki Belushko Barrows, David Bernstein, and Alexa Jones; former paralegals Megan Brown, Sara Fine, and Martine Tariot; and litigation support personnel Anthony Grant, Major Mugrage, and Cyrus Yamat.  Such time could otherwise have been spent on other fee-generating work.  Tasks were delegated appropriately among partners, associate attorneys, paralegals, and other staff according to their complexity.  The work performed by associate attorneys and paralegals was work that required sufficient knowledge of legal concepts and that I or another partner would have had to perform absent such assistance.  The paralegals identified were all qualified to perform substantive legal work based on their training and past experience working for attorneys, including attorneys outside of LCHB's offices.  I and other Class Counsel therefore made every effort to litigate this efficiently by reducing duplication of effort and assigning work to the lowest billing timekeepers where feasible.

9.      The specific work performed by my firm has included, among other things, investigating the initial complaints of Costco employees, researching Costco practices nationally, drafting and filing the complaint, developing a class communications plan, creating a website and phone response protocol for class members, reviewing and assigning intakes to all counsel, interviewing class members and potential additional plaintiffs, preparing plaintiffs and witnesses for deposition and defending same, preparing for and taking depositions of Costco Rule 30(b)(6) and fact witnesses, preparing deposition summaries of key points for class certification and merits, meeting with experts and analyzing expert reports, editing class certification briefs and preparing counsel for the class certification arguments, organizing and coordinating document review efforts, meeting and conferring with Costco on document production and ESI issues, and

DECLARATION OF DANIEL M. HUTCHINSON
CASE NO. C-04-3341 EMC

participating in negotiating settlement terms with Costco and revising settlement documents.

10.     All attorneys, paralegals and law clerks at LCHB are instructed to maintain contemporaneous time records reflecting the time spent on this and other matters.  The regular practice at LCHB is for all attorneys and paralegals to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments.  Firm policy requires all staff to enter their time into an electronic timekeeping system on a daily basis.  I review and audit the time on a regular basis.

11.     The following table lists the LCHB attorneys and professional personnel and their current hourly rates.  Prior to their departure from the firm, James M. Finberg and Bill Lann Lee supervised the professionals assigned to this case.  Thereafter, Kelly M. Dermody and I supervised them. The hourly rate shown for any attorney or paralegal who: (a) is no longer employed with LCHB or (b) has been promoted, reflects the last rate that applied at the time of their employment in that position[1]:

| NAME AND POSITION | RATE |
|---|---|
| **PARTNERS** | |
| Kelly M. Dermody<br>Partner at LCHB<br>J.D. from Univ. of California, Berkeley, Boalt Hall School of Law, 1993 | $725 |
| James M. Finberg<br>Former Partner at LCHB<br>J.D. from University of Chicago, 1983 | $700 |
| Daniel M. Hutchinson<br>Partner at LCHB<br>J.D. from Univ. of California, Berkeley, Boalt Hall School of Law, 2005 | $525 |
| Bill Lann Lee<br>Former Partner at LCHB<br>J.D. from Columbia Law School, 1974 | $675 |

---

[1] If the former employees listed below were still at our firm today, LCHB would bill for their time at substantially higher rates than those set forth below.  For example, both James M. Finberg and and Bill Lann Lee left the firm in 2006.  If they had remained, their rates would have been higher. However, for purposes of this fee petition, we seek their fees only at the last rates they had at LCHB, set forth below.

DECLARATION OF DANIEL M. HUTCHINSON
CASE NO. C-04-3341 EMC

| NAME AND POSITION | RATE |
|---|---|
| **OF COUNSEL ATTORNEYS** | |
| Karin Kramer<br>Former Of Counsel Attorney at LCHB<br>J.D. from Boston University School of Law, 1977 | $600 |
| **ASSOCIATE ATTORNEYS** | |
| Lisa Cisneros<br>Associate at LCHB<br>J.D. from Univ. of California, Berkeley,<br>Boalt Hall School of Law, 2007 | $435 |
| Lexi J. Hazam<br>Former Associate at LCHB<br>J.D. from Univ. of California, Berkeley,<br>Boalt Hall School of Law, 2001 | $360 |
| Daniel M. Hutchinson<br>Former Associate at LCHB<br>J.D. from Univ. of California, Berkeley,<br>Boalt Hall School of Law, 2005 | $390 |
| Nirej Sekhon<br>Former Associate at LCHB<br>J.D. from New York University School of Law, 2000 | $375 |
| **LAW CLERKS** | |
| Lexi J. Hazam<br>Former Law Clerk<br>J.D. from Univ. of California, Berkeley,<br>Boalt Hall School of Law, 2001 | $250 |
| **PARALEGALS** | |
| Nikki Belushko Barrows<br>Senior Paralegal at LCHB<br>J.D. from Univ of San Francisco, 2004 | $295 |
| David Bernstein<br>Senior Paralegal at LCHB<br>B.A. from American University, 1986 | $285 |
| Megan Brown<br>Former Paralegal at LCHB<br>B.A. at Wesleyan University, 2004. | $155 |
| Sara Fine<br>Former Paralegal at LCHB<br>B.A. from Univ. of Chicago, 2004 | $155 |

| NAME AND POSITION | RATE |
|---|---|
| Alexa Jones<br>Paralegal at LCHB<br>B.S. from Stanford, 2012 | $250 |
| Martine Tariot<br>Former Senior Paralegal at LCHB<br>B.A. at Northwestern University, 2003 | $180 |
| Moronke Tyler<br>Former Paralegal at LCHB<br>B.S. from Georgetown University, 2001 | $160 |
| LITIGATION SUPPORT | |
| Anthony Grant<br>Litigation Support<br>B.F.A. Academy of Art University, 2011 | $310 |
| Major Mugrage<br>Litigation Support<br>B.A. at Kentucky Christian University, 1996 | $310 |
| Cyrus Yamat<br>Litigation Support<br>A.A. from Heald College, 2001 | $310 |

LCHB sets its rates for attorneys and staff members based on a variety of factors, including among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in similar matters; and the experience, reputation and ability of the attorneys and staff members.

12.     These rates are my firm's current commercial billing rates and are supported by our extensive and specialized experience in these types of cases and recognized expertise. LCHB's rates reflect the market rates in the San Francisco market within which the firm's offices are located and from which this matter has been handled.  LCHB's hourly rates are negotiated with and are paid on an hourly basis by the firm's hourly clients.  LCHB does not bill at different rates for different clients or different types of cases.  A sample of the N.D Cal. courts that have approved LCHB's standard billing rates and reimbursement of costs as reasonable are:

a.     *Holloway v. Best Buy Co., Inc*., No. C-05-5056 PJH (MEJ) (N.D. Cal. Nov. 9, 2011) (Docket No. 382) (Order Granting Plaintiffs' Application for an Award of Attorneys' Fees and Costs, at 6) (Hamilton, J.) ("The rates used by Class Counsel are reasonable.");

1           b.     *Fulford v. Logitech, Inc.*, No. 08-cv-02041 MMC, 2010 U.S. Dist. LEXIS

2  144437, at *10 (N.D. Cal. Mar. 5, 2010) (Chesney, J.) ("The Court further finds that Plaintiff's

3  Counsels' hourly rates are reasonable for their skill and the work they performed.");

4           c.     *Higazi v. Cadence Design Systems, Inc.*, No. 07-2813-JW (N.D. Cal. July

5  7, 2008);

6           d.     *Adams v. Inter-Con Sec. Sys., Inc.*, No. C-06-5428 MHP (N.D. Cal. Feb.

7  28, 2008) (Docket No. 177) (Order Granting Application for Attorneys' Fees and Costs, at 5)

8  (Patel, J.) ("The Court has reviewed the hourly rates used by Class Counsel in calculating their

9  lodestar fees and concludes that these rates are appropriate for attorneys in this locality of Class

10  Counsel's skill and experience.");

11           e.     *Fleming v. Kemper Nat. Services, Inc.*, 373 F. Supp. 2d 1000, 1012 (N.D.

12  Cal. 2005);

13           f.     *Chaid v. Glickman*, No. C98-1004-WHO (JCS), 1999 WL 33292940, at *6

14  (N.D. Cal. Nov. 17, 1999);

15           g.     Federal and state courts throughout the country have likewise approved

16  LCHB's standard billing rates and reimbursement of costs as reasonable.  *See, e.g.*, *Lonardo v.*

17  *Travelers Indem. Co.*, -- F. Supp. 2d --, 2010 WL 1416698, at *22-23 (N.D. Ohio Mar. 31, 2010);

18  *Electrical Carbon Products Cases*, J.C.C.P. No. 4294 (San Francisco County Super. Ct. Feb. 4,

19  2009); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009); *In re*

20  *John Muir Uninsured Healthcare Cases*, J.C.C.P. No. 4494 (Contra Costa County Super. Ct.

21  Nov. 19, 2008); *Weekend Warrior Trailer Cases*, J.C.C.P. No. 4455 (Orange County Super. Ct.

22  Feb. 22, 2008); *Cox v. Microsoft Corp.*, No. 105193/2000 (N.Y. Sup. Ct. Feb. 2, 2007); *Dancer v.*

23  *Catholic Healthcare West*, No. CGC 05 445624 (San Francisco County Super. Ct. Jan. 11, 2007);

24  *Sutter Health Uninsured Pricing Cases*, No. JC4388 (Sacramento County Super. Ct. Dec. 12,

25  2006); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, No.

26  Civ.A. 99-20593, MDL No. 1203, 2003 WL 21641958, at *9 (E.D. Pa. May 15, 2003); *In re*

27  *Prudential-Bache Energy Income P'ships Sec. Litig.*, No. 888, 1994 WL 202394, at *1-2 (E.D.

28  La. May 18, 1994).

13.     Ms. Dermody has been retained as an expert on plaintiff's attorney fees in several matters in California federal and state courts.  She has personal knowledge of the hourly rates charged by other attorneys with comparable experience to hers in the San Francisco market, as well as to the attorneys and staff within the firm who worked on this matter.  Based on that information, she believes that LCHB's hourly rates are fully consistent with market rates in San Francisco for attorneys and staff with comparable experience, expertise, and qualifications.

14.     The contemporaneously maintained logs of time expended by LCHB indicate a total of **2,177.20** hours expended through **November 30, 2013** pursuing this matter.  Attached hereto as **Exhibit B** is a true and correct summary by individual of the hours, billing rate, and lodestar for that particular person's work on this matter through **November 30, 2013**.  Attached hereto as **Exhibit C** is a true and correct copy of LCHB's detailed billing records for litigation of the merits of this action, which will be filed *ex parte in camera* at the court's request, to shield from public disclosure material protected by the work product privilege and redacted to remove material subject to the attorney-client privilege.  *See* Civ. L.R. 54-5(b)(2).

15.     LCHB's total lodestar on the **2,177.20** hours expended through **November 30, 2013** amounts to **$866,108.00**.  The time LCHB has spent on this case has been completely contingent on the outcome of this action.  LCHB has not been paid for any of the time spent on the action.

16.     I have personally reviewed the time reported for all attorneys, law clerks, paralegals, and other personnel listed in the schedules set forth above.  There has been no unnecessary duplication of services for which LCHB now seeks compensation.

17.     I reviewed the billing records and reduced or eliminated time where necessary. For example, I deleted time spent simply reviewing work done by other attorneys, duplicative time where two or more attorneys at LCHB participated in a matter, and billable time spent on routine, housekeeping matters.[2]  We deleted all time billed by: Partner Rachel Geman; associate

---

[2] Other than as set forth above, in those instances in which two or more attorneys at LCHB participated in any matter, this joint participation was necessary because of the complexity of the problems involved and the time constraints which existed.

DECLARATION OF DANIEL M. HUTCHINSON
CASE NO. C-04-3341 EMC

1    Anne Shaver; law clerk Benjamin Siegel; paralegals Richard Anthony, Mikaela Bernstein,

2    Brittany Chaflin, Kingston Fardy, Molly Frank-Meltzer, Julia Holczer, Nicolas Menard, Ian

3    Merrifield, Daniel Newhall, Jennifer Rudnick, and Yun Swenson; Litigation Support Manager

4    Kirti Dugar, and Litigation Support personnel Miriam Gordon and Erwin Ocampo.

5           18.    My colleagues and I at LCHB therefore spent considerably more time on this case

6    than is reflected in the time compilations set forth as Exhibits **B** and **C**, but we reduced our actual

7    time in the exercise of billing judgment.  Specifically, I have written off **110.7** hours of time

8    representing **$31,582.00** in lodestar.

9           19.    I did not include any time spent working on Plaintiffs' Motion for Award of

10   Attorneys' Fees and Costs, or this supporting declaration and exhibits, within LCHB's time

11   reported on Exhibits **B** and **C**.

12          20.    I expect that LCHB will spend more time on this case in the future.  The current

13   fee application only includes time through **November 30, 2013**, and does not include all time to

14   be spent preparing for and attending the preliminary approval hearing, preparing and filing the

15   Motion for Service Payments, preparing and sending class notice, and preparing and filing final

16   approval papers.

17   **Costs**

18          21.    Our firm maintains all books and records regarding costs expended on each case in

19   the ordinary course of business, which books and records are prepared from expense vouchers

20   and check records.  I have reviewed the records of costs expended in this matter.  According to

21   our records, our firm has incurred approximately **$488,983.84** in costs as of **November 30, 2013**.

22   This amount is calculated using the same rates LCHB uses when billing paying clients.  Attached

23   hereto as **Exhibit D** is a true and correct summary of the costs incurred by our firm in this matter

24   as of **November 30, 2013**, in each of the following categories:  books/subscriptions, computer

25   research, copies (in-house), depositions/transcripts, electronic database maintenance,

26   experts/consultants, faxes, federal express and messenger services, filing fees, mediation

27   expenses, other charges (for website maintenance), outside copying and document processing,

28   postage, special supplies (a projector for the class certification hearing), telephone calls, and

DECLARATION OF DANIEL M. HUTCHINSON
CASE NO. C-04-3341 EMC

1    travel, which I have reviewed.  The expenses were all necessarily and reasonably incurred in

2    prosecuting this action.  LCHB has also contributed to a cost fund maintained by the Impact Fund

3    for all firms to pay common costs.  Prior to 2006, LCHB paid all the common costs for the

4    purpose of paying certain expert, consultant, or deposition costs.  LCHB has not received any

5    reimbursement for any of the monies expended to cover costs incurred, and advanced all of these

6    costs on a wholly contingent basis.

7            I declare under penalty of perjury, under the laws of the United States, that the foregoing

8    is true and correct.

9    Executed this 17th day of December, 2013, at San Francisco, California.

10

11

12                                                    _____
                                                           Daniel M. Hutchinson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28