UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY "RAE" ELLIS, *et al.*, | No. C-04-3341 EMC |
| Plaintiffs, | |
| v. | **ORDER RE SUPPLEMENTAL BRIEFING** |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. _____/ | |

Currently pending before the Court is Plaintiffs' motion for preliminary approval of a class action settlement. Having reviewed the papers submitted, the Court hereby orders that the parties to submit supplemental briefing that addresses the following concerns of the Court:

A. <u>Programmatic Terms</u>

(1) Under Section 4.2.9, Costco commits itself (absent "good-faith concern") to implementing the Selection Criteria and Assessment Tools proposed by DCI Consulting Group as to the Assistant General Manager ("AGM") position. Class Settlement § 4.2.9. By contrast, Costco need only "consider for implementation any proposed Selection Criteria and Assessment Tools" for the General Manager ("GM") position. *Id.* § 4.2.10. The rationale for this different treatment is unclear from the papers. Additionally, it is unclear why the dispute resolution procedure provided for in Section 13.9 would be insufficient to resolve any concerns the Parties may have regarding the GM position proposals.

(2) In Section 4.10.1, the Parties provide that the programmatic terms (the Posting of openings/Registration of Interest, the Job Analyses and Selection Criteria, and the Promotion Processes) "will take effect on the Effective Date and will remain in effect for two years after the

Implementation Date." Class Settlement § 4.10.1. It appears that under this provision, Costco will be entirely free to return to the *status quo ante* (*i.e.*, stopping the posting of AGM positions; ending the registration of interest programs; abandoning the job analyses, selection criteria, and assessment tools proposed by the Independent Consultant; etc.) after only two years.

B.    <u>Monetary Claims Process</u>

(1)    The proposed class settlement provides that to be valid, a Class Member's claim must identify "for each promotion challenged, the warehouse, the position (AGM or GM), the approximate date of the promotion, and the name of the man promoted." Class Settlement § 5.2.5.2. However, the Fourth Amended Complaint in this action contains a number of allegations which assert that openings for GM and AGM positions are not posted and there has not been a procedure for applying for GM and AGM positions. Fourth Amended Complaint ¶¶ 46-66. Similarly, Ms. Sasaki alleges that she "has been prevented from applying for specific openings in these warehouses because Costco does not post or otherwise notify employees of these openings." *Id.* ¶ 109. Ms. Sasaki also expressed a willingness to relocate for a promotion. *Id.* ¶ 102. Based on these allegations, it is unclear whether, and if so, how, a Class Member will know (1) when there was an AGM or GM position open for which she was not considered; (2) the warehouse where that position was located; or (3) the identity of the man who was hired for that position.

(2)    It is unclear why a Class Member who chooses to pursue her claims through the confidential Written Submission procedure should be limited to a maximum recovery that is 1/6 that of a Class Member who chooses to pursue her claims through the non-confidential Written Submission procedure. *See* Class Settlement §§ 5.10.4; 5.10.5.5; 5.10.5.6.

(3)    Under the proposed class settlement, Class Members have the option of retaining their own counsel. Class Settlement § 5.6.2. The proposed settlement is unclear regarding the extent to which retained counsel would have access to the information and documents obtained by Class Counsel through the discovery process in this action.

(4)    The Court is unable to determine the reasonableness of the $8 million settlement fund amount. Part of this is due to the failure of the parties to provide an estimate of a Class Member's potential jury verdict recovery (for denial of promotions to AGM and GM positions). In addition,

the Parties have failed to provide a detailed and specific discussion of the relative strengths and weaknesses of the Class Members' claims and Costco's defenses to permit the Court to analyze the litigation risk.

C.  Other Provisions

(1)  The Parties have not provided sufficient discussion as to the nature and scope of the named Plaintiffs' involvement for this Court to determine whether they are entitled to an incentive payment, let alone $10,000 per Plaintiff.

(2)  Section 7.6.9 provides that the "entire period for objecting to the Settlement and timely submitting Opt-Out forms shall not exceed sixty (60) days from the date that the Class Administrator *first mails the Notice Packet to the Class*." Class Settlement § 7.6.9 (emphasis added). This provision would apparently give those Class Members whose notice packets were sent out at the end less time to consider their options. Starting the 60 day clock from the date that the Class Administrator *finishes* sending out the Notice Packet to the Class appears to be more equitable to all Class Members.

D.  Class Notice

(1)  The class notice fails to notify Class Members that by opting into the Class, they are limiting themselves to three challenges to a promotional decision.

(2)  The "How Does the Claims Process Work?" section of the class notice fails to notify Class Members that the arbitration process provided for under the proposed settlement limits the time, use of evidence, available discovery tools, and potential recovery when compared to a federal court action.

(3)  The following statement is ambiguous: "If you choose, Class Counsel will represent you. If you win your claim, then Class Counsel will be entitled to ask that certain fees and costs be paid by Costco." This statement fails to notify Class Members that they have the option of retaining their own attorneys. It further fails to note that if a Class Member retains their own counsel and is successful at arbitration, their retained counsel will also have the option of asking for certain fees and costs from Costco. *See* Class Settlement §§ 5.10.6; 5.11.12.

(4) On Page 4, the Class Notice states that "[T]here is no charge to you for consulting with [Class Counsel] to decide whether to file a claim, or for preparing your claim." This statement is ambiguous as it does not clearly convey that, for Class Members who choose to retain Class Counsel, there will be no charge to have the Class Counsel actually prosecute the claim.

(5) The Class Notice fails to state, in bold typeface on the first page of the Noticed (just before the bullet points) that if the Class Member takes no action, their legal rights will be impacted and they will be bound to the settlement.

(6) The Class Notice contains no description of the proposed settlement's release provisions.

The Parties' response to the above is due no later than 5:00 p.m. on **January 30, 2014.**

IT IS SO ORDERED.

Dated: January 22, 2014

_____
EDWARD M. CHEN
United States District Judge

4