| | |
|---|---|
| THE IMPACT FUND<br>Jocelyn D. Larkin (SBN: 110817)<br>Robert Schug (SBN: 249640)<br>Meredith Johnson (SBN: 291018)<br>125 University Avenue, Suite 102<br>Berkeley, CA  94710<br>Telephone:  (510) 845-3473<br>Facsimile:  (510) 845-3654<br>jlarkin@impactfund.org | DAVIS, COWELL & BOWE, LLP<br>Steve Stemerman (SBN: 067690)<br>Elizabeth A. Lawrence (SBN: 111781)<br>595 Market Street, #1400<br>San Francisco, CA  94105<br>Telephone:  (415) 597-7200<br>Facsimile:  (415) 597-7201<br>eal@dcbsf.com |
| LEWIS, FEINBERG, LEE,<br>RENAKER & JACKSON, P.C.<br>Bill Lann Lee (SBN: 108452)<br>Lindsay Nako (SBN: 239090)<br>476 9th Street<br>Oakland, CA 94607<br>Telephone:  (510) 839-6824<br>Facsimile:   (510)  839-7839<br>blee@lewisfeinberg.com | ALTSHULER BERZON LLP<br>James M. Finberg (SBN: 114850)<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Telephone:  (415) 421-7151<br>Facsimile:  (415) 362-8064<br>jfinberg@altshulerberzon.com |
| LIEFF, CABRASER, HEIMANN<br>& BERNSTEIN, LLP<br>Kelly Dermody (SBN: 171716)<br>Daniel Hutchinson (SBN:  239458)<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA  94111-3339<br>Telephone:  (415) 956-1000<br>Facsimile:  (415) 956-1008<br>kdermody@lchb.com | |

Attorneys for Plaintiffs and Certified Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY "RAE" ELLIS, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION<br><br>         Defendant. | Case No. C04-3341 EMC<br><br>Assigned to:  Hon. Edward M. Chen<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing Date:      May 22, 2014<br>Hearing Time:      1:30 PM<br>Courtroom:          5 (17th Floor) |

A proposed settlement in this case was preliminarily approved by this Court on February 12, 2014.  The operative Amended Settlement Agreement is attached as Exhibit 1 to the Court's Preliminary Approval Order.  The Court conducted a final fairness hearing on May 22, 2014 as required by Rule 23(e) of the Federal Rules of Civil Procedure.  Before the Court was Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement, Plaintiffs' unopposed Motion for Attorneys' Fees and Costs, and Plaintiffs' unopposed Application for Service Awards to Class Representatives.

The Court has reviewed the materials submitted by the Parties and heard arguments presented by counsel at the hearing.  For the reasons cited below, the Court grants final approval of the Settlement.  The Court finds that the Settlement is fair, adequate, and reasonable to the Class.  The Court also grants Plaintiffs' Motion for Attorneys' Fees and Costs and Application for Service Awards to Class Representatives.  Accordingly, the Court orders as follows:

**FINAL SETTLEMENT APPROVAL**

1. Except as otherwise stated, for purposes of this Order, the Court incorporates by reference the defined terms in the Settlement Agreement.

2. The Court has jurisdiction over the parties and the subject matter of this litigation.

3. The Court finds that this action satisfies the requirements for the settlement of a class action under Federal Rule of Civil Procedure 23, and finds that the Classes have at all times been adequately represented by the Named Plaintiffs and Class Counsel.

4. The Class Notice approved by the Court was provided by First Class mail to the last-known address of each of the individuals identified as Class Members.  In addition, follow-up efforts were made to send the Notice to those individuals whose original Notices were returned as undeliverable.  The Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for service awards to the Class Representatives, and Class Counsel's request for an award of attorneys' fees and costs.  The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied due process, and provides the Court with jurisdiction over the Class Members.

1      5.     The Court has assessed the proposed Settlement in light of:  (1) the strength of
2 Plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the
3 risk of maintaining class action status throughout the trial; (4) the amount offered in the
4 settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the
5 experience and views of counsel; (7) the presence of a governmental participant; and (8) the
6 reaction of the class members to the proposed settlement.  *See Staton v. Boeing Co.*, 327 F.3d
7 938, 959 (9th Cir. 2003); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).
8      6.     The Court finds that the terms of the Agreement are fair, reasonable, and adequate
9 in all respects.  The Court specifically finds that the programmatic and monetary relief of the
10 Settlement are reasonable in light of the types and amounts of relief offered, the strength of
11 Plaintiffs' and the Class Members' claims, and the risk, expense, complexity, and duration of
12 further litigation.  The Court confirms its previous finding that the Settlement Agreement is the
13 result of arms-length negotiations between experienced counsel representing the interests of
14 Plaintiffs and Defendant, after thorough factual and legal investigation.
15      7.     No Class Members have objected to any aspect of the Settlement, the request for
16 Class Representative service awards, or the request for attorneys' fees and costs.  The reaction of
17 the Class also supports the conclusion that the Settlement is fair, reasonable, and adequate.
18      8.     The individuals who timely opted out of the Settlement are identified in Exhibit A
19 to this Order.  These individuals are excluded from the Settlement and are not bound by its
20 terms.
21      9.     The Court approves the *cy pres* recipient identified in the Settlement, the Network
22 of Executive Women, Consumer Products/Retail.  The Court finds that there is a "driving nexus
23 between the plaintiff class and the *cy pres* beneficiaries."  *See Dennis v. Kellogg Co.*, 697 F.3d
24 858, 865 (9th Cir. 2012) (internal quotation marks omitted).
25      10.     The Settlement is **HEREBY APPROVED** in its entirety.
26
27
28

## CLASS REPRESENTATIVE SERVICE AWARDS

11. On January 30, 2014, Plaintiffs filed an Application for Service Awards to Class Representatives.  Plaintiffs request a service award of $10,000 for each Class Representative, Shirley "Rae" Ellis, Leah Horstman, and Elaine Sasaki.

12. In evaluating the reasonableness of a service award, courts consider factors such as:  (1) the actions the plaintiff has taken to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; (3) the duration of the litigation and the amount of time and effort the plaintiff expended in pursing it; and (4) the risks to the plaintiff in commencing the litigation, including reasonable fears of workplace retaliation, personal difficulties, and financial risks.  *See Staton*, 327 F.3d at 977; *see also, e.g.*, *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *32 (N.D. Cal. Apr. 1, 2011), *supplemented*, 2011 WL 1838562 (N.D. Cal. May 13, 2011).

13. The Court finds that the Named Plaintiffs' requests for service payments are reasonable in light of their time and effort pursuing this litigation, the substantial benefit to the Class from the Settlement, and the risks that they have faced in representing the Class.

14. Accordingly, **IT IS HEREBY ORDERED** that Shirley "Rae" Ellis, Leah Horstman, and Elaine Sasaki are awarded service payments of $10,000 each, to be paid according to the terms of the Settlement Agreement.

## ATTORNEYS' FEES AND COSTS

15. On December 17, 2014, Class Counsel filed a Motion for Attorneys' Fees and Costs.  Counsel requested an award of:  (1) reasonable attorneys' fees for work on the case-in-chief and settlement through November 30, 2013, in the amount of $4,304,564; (2) costs in the amount of $633,959.64; (3) fees and costs for monitoring and administering the settlement in the amount of $300,000; and (4) fees for work done on the fee motion.

16. On January 30, 2014, the Parties filed a stipulation regarding Plaintiffs' Motion for Attorneys' Fees and Costs.  Pursuant to the stipulation, Costco agreed not to oppose the Motion for Attorneys' Fees and Costs, and agreed to pay an award equal to or lower than the following:  $3,950,000 in attorneys' fees for work performed through November 30, 2013,

1  $633,959.64 in expert fees and costs, and $300,000 for future work monitoring and
2  administering the settlement.
3      17.    Plaintiffs' motion for attorneys' fees and costs is granted.
4      18.    Plaintiffs are a "prevailing party" for purposes of awarding attorneys' fees
5  pursuant to 42 U.S.C. § 2000e-5(k).  *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446,
6  451 (9th Cir. 2010).
7      19.    The lodestar method is the appropriate means of calculating attorneys' fees in this
8  case, where a major part of the relief sought and obtained was injunctive.  *See In re Bluetooth*
9  *Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).
10     20.    The number of hours that Class Counsel spent on this case was reasonable in light
11 of the length and complexity of the litigation and the excellent result obtained.  Class Counsel
12 have reasonably accounted for and eliminated unnecessary or duplicative hours.
13     21.    The rates used by Class Counsel are reasonable, and are in line with attorneys of
14 comparable skill, experience, and reputation who practice in the Northern District of California.
15 This conclusion is supported by the Declarations of Richard Pearl, Jocelyn D. Larkin, Daniel M.
16 Hutchinson, Bill Lann Lee, Elizabeth A. Lawrence, and James M. Finberg.
17     22.    The use of current rates is appropriate here because of the very significant delay
18 in payment.  *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284 (1989).
19     23.    The attorneys' fee requested, which is substantially less than the full lodestar, is
20 reasonable.  No further reduction of the lodestar is necessary.
21     24.     No cross-check against the percentage of recovery is required, since there is no
22 common fund in this case.  However, even if the settlement were viewed as creating a
23 constructive or putative common fund, the lodestar is still reasonable, in light of the complexity
24 and duration of the litigation, Class Counsel's skill and experience, and the important injunctive
25 and monetary relief that Class Counsel obtained in this case.  *See, e.g.*, *Wren*, 2011 WL 1230826,
26 at *29.
27
28

1      25.     The costs and expenses incurred by Class Counsel are reasonable and are the type that would normally be charged by an attorney to a fee-paying client. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010).

    26.     Class Counsel are entitled to an award for the hours Class Counsel will spend monitoring Costco's compliance with the Settlement and overseeing the claims process. *See Balla v. Idaho*, 677 F.3d 910, 916-18 (9th Cir. 2012); *Hanlon*, 150 F.3d at 1029. This work will include developing programmatic relief, reviewing draft proposals, resolving any disputes, and reviewing monitoring and compliance processes. For the latter, Class Counsel's work will include selecting arbitrators, writing context briefs, developing and disseminating materials to explain the claims procedure, and consulting with class members about whether to file claims.

    27.     The total award of $3,950,000 for attorneys' fees, $633,959.64 for costs, and $300,000 for future work is fair and reasonable.

    28.     Accordingly, **IT IS HEREBY ORDERED** that Class Counsel are awarded: (1) attorneys' fees in the amount of $3,950,000; (2) costs in the amount $633,959.64; and (3) fees and costs in the amount of $300,000 for monitoring and administering the settlement. Defendant is ordered to pay these amounts as agreed in the Settlement Agreement.

## **FINAL JUDGMENT**

    29.     The Court hereby enters Judgment approving the terms of the Settlement as set forth herein. This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

    30.     The class action claims are **DISMISSED WITH PREJUDICE**, subject to the Court's retention of jurisdiction to enforce the Settlement Agreement under Section 14 of the Agreement. The claims of the Named Plaintiffs are not dismissed. The Named Plaintiffs will inform the Court on or before the Claim Form Submission Deadline of their decisions regarding whether to proceed in this Court or in the monetary claims process. The Named Plaintiffs will use best efforts to inform Costco by May 5, 2014 whether they intend to proceed in this Court.

    31.     Each party is to bear his, her, or its own costs, except as set provided above.

32. This Court retains exclusive jurisdiction over this matter for purposes of enforcing the Settlement Agreement, including the disbursement of the Settlement Fund.

**IT IS SO ORDERED.**

Dated: _____
                                       EDWARD M. CHEN
                                       United States District Judge

# Exhibit 1

**(To be provided to the Court once the Opt-Out and Objection Periods have concluded.)**