UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY "RAE" ELLIS, et al., ) | Case No. C04 3341 EMC |
| ) | |
| Plaintiffs, ) | **[PROPOSED] ORDER REGARDING** |
| ) | **BUSINESS CENTERS ISSUE** |
| v. ) | |
| ) | |
| COSTCO WHOLESALE CORPORATION ) | |
| ) | |
| Defendant. ) | |

# ORDER

1. This court granted final approval of the class action settlement in this action on May 27, 2014 (Class Settlement Agreement), notice of settlement having been provided to the class. By the terms of the agreement, class members had until July 26, 2014 to submit a monetary claim, which will be determined by an arbitrator in subsequent proceedings.

2. The parties recently identified a dispute concerning whether Costco's Business Center facilities, of which there are nine (9) in the U.S., are "warehouses" within the meaning of the Class Definition, which was incorporated into the Class Settlement Agreement.

3. Women who worked exclusively within the Business Center facilities did not receive the Class Notice approved by the Court on February 12, 2014 nor did they receive information about the Monetary Claims Process in advance of the July 26, 2014 deadline for filing claims.

4. The dispute raises a number of issues concerning the interpretation and implementation of the Class Settlement Agreement. These issues include:

    a. Whether a Costco Business Center facility is a "Costco warehouse" within the meaning of the Class Definition and the Settlement (see Section 1.2.3);

    b. Whether women who worked exclusively within Business Center facilities during the Class Period (estimated to be 12) fall within the Class Definition;

    c. Whether women who worked exclusively within Business Center facilities should now receive some form of class notice and the opportunity to participate in the claims process;

    d.  Whether promotions to AGM and GM received by men in Business Center facilities during the Class Period (estimated to be 20) should be included in the list of promotions that may be challenged (Agreement, Section 5.2.3);

    e.  Whether promotions to AGM and GM in Business Center facilities during the Class Period should be subject to challenge by women who worked in Business Center facilities;

    f.  Whether promotions to AGM and GM in Business Center facilities during the Class Period should be subject to challenge by class members who did not work in Business Center facilities; and

    g.  How to ensure that any resolution of these issues does not unduly delay the claims process.

5. The parties agree that the Class Settlement Agreement does not, by its express terms, address whether the Business Center facilities should be included within the scope of the Agreement and the related issues identified above.

6. The parties have been unable to resolve the matter informally and have submitted a joint letter setting forth their respective positions. The parties have asked this Court to resolve the issue.

GOOD CAUSE APPEARING, this Court finds and orders as follows:

    a.  The nine (9) Business Centers are "warehouses" within the meaning of the Class Definition and the Class Settlement Agreement.   While the Court finds the issue to be very close, it concludes that this interpretation is consistent

with the facts of the underlying case and the purpose of the Class Settlement Agreement.

b. Within ten days of this order, Costco will provide to the Class Administrator the names and addresses of the 12 women who worked in the Business Center facilities in Senior Staff or Assistant General Manager positions during the class period ("Business Center Class Members");

c. Within seven days of the receipt of the list, the Class Administrator will send a modified Notice of Class Settlement (see Attachment A) to the Business Center Class Members;

d. Within ten days of this order, Costco will provide to Class Counsel a list of the 20 AGM and GM promotions within the Class Period in the Business Center facilities, including the warehouse number, location, the date of the promotion, the position, and the person selected;

e. Upon request, Costco will provide to Class Counsel (or outside Counsel for an individual Business Center Class Member) the previously agreed-upon personnel records for persons selected to the promotions identified in Paragraph d;

f. The Business Center Class Members will have 60 days from the date that the modified Class Notice is postmarked to opt out of the settlement or to file a claim in the monetary claims process;

g. The Business Center Class Members may challenge the promotions identified in Paragraph 6d above, or any promotion on the list identified in Section

5.2.3 of the Class Settlement Agreement not already challenged by other claimants;

h. Any Business Center Class Member who does not opt out or file a claim in the monetary claims process will be deemed to have released her claims consistent with Section 6 of the Class Settlement Agreement;

i. This agreement creates no rights for any persons other than the Business Center Class Members.

**IT IS SO ORDERED.**

Dated:    9/17/14

APPROVED
Judge Edward M. Chen

_____
Hon.
UNITED STATES DISTRICT COURT

**Approved as to Form**

/s/ Jocelyn D. Larkin
Jocelyn D. Larkin
Counsel for Plaintiffs

/s/ David Kadue
David Kadue
Counsel for Costco Wholesale Corp.

# Attachment A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
*ELLIS V. COSTCO WHOLESALE CORP.*, NO. 04-3341

# If you are a woman and are (or were) employed in a U.S. Costco Business Center as a Senior Staff Manager or Assistant General Manager, then a class action settlement could affect your rights.

**If you take no action, you will be bound by the settlement. Your rights will be impacted.**

*The federal court authorized this notice.*

- Read this notice carefully. This notice explains the lawsuit, the settlement, and your legal rights.

- This notice describes a class action settlement that has been approved by the Court, which provides for certain changes in Costco's system for promotions to Assistant General Manager ("AGM") and for an assessment of possible changes in Costco's system for promotions to General Manager ("GM"). (See Section 7)

- **The settlement, also creates an arbitration claims process in which women may make claims for economic damages resulting from unlawful denial of promotions because of their sex. Unless you win your claim, you will not receive any money. The settlement provides a fund up to $8 million to compensate women who bring successful claims. (See Sections 6 and 8).**

- The court has not decided whether Costco did anything wrong. But your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS ||
|---|---|
| **REMAIN PART OF THE SETTLEMENT** | You can file a claim seeking money in a claims process if you believe you were unlawfully denied a promotion because of your sex. An arbitrator will decide if your claim has merit. |
| **OPT OUT** | If you want to file your own lawsuit against Costco for sex discrimination for denying you an AGM or GM promotion, or if you do not want to be bound by this lawsuit, then you should exclude yourself ("opt-out") from the settlement. |
| **DO NOTHING** | You can choose not to file a claim or opt-out. You will not receive any money from the settlement and you will give up your right to bring an independent lawsuit against Costco for the same claims made in this case. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

Table of Contents

Page

| | WHAT THIS NOTICE CONTAINS | |
|---|---|---|

**Basic Information** - 1 -

1. Why Did I Get This Notice? - 1 -
2. What Is This Lawsuit About? - 1 -
3. What Is a Class Action? - 1 -
4. Why Is There a Settlement? - 1 -
5. How Do I Know If I am Part of the Settlement? - 1 -

**The Settlement — Essential Terms** - 2 -

6. What Are the Terms of the Settlement? - 2 -

**Program Changes** - 2 -

7. What Changes Will Costco Make to the AGM and GM Promotion System? - 2 -

**The Claims Process** - 3 -

8. How Does the Claims Process Work? - 3 -
9. How Much Will I Get If I Win? - 3 -
10. What Happens If I Lose My Claim? - 4 -
11. How Does the Claims Process Differ from Having My Own Case in Federal Court? - 4 -
12. Do I Need to Decide Now Whether to File a Claim or Which Kind of Claim to File? - 4 -
13. Can I Get Help in Deciding What Kind of Claim to File? Will I Have a Lawyer in the Claims Process? - 4 -
14. Will My Job or Future Promotions Be Affected If I Participate in the Claims Process? - 5 -
15. Can I File a Claim If I Have Been Promoted to AGM or GM But I Believe That I Should Have Been Promoted Sooner? - 5 -
16. If I Win, Then Can The Arbitrator Order Costco to Promote Me? - 5 -
17. Can I Make a Confidential Claim? - 5 -
18. If I Win My Claim, Then When Would I Get My Payment? - 5 -
19. If I Win My Claim, Then Will Everyone Know How Much I Got? Or, If I Lose My Claim, Will Everyone Know that I Lost? - 6 -
20. Under What Circumstances Can My Award Be Increased or Decreased? - 6 -

Table of Contents (continued)

| | | Page |
|---|---|---|
| 21. | What Happens If The Total of The Award Amounts Is Less Than $8 Million? | - 6 - |
| 22. | What Claims Are Released by the Settlement? | - 6 - |
| **Named Plaintiffs** | | **- 7 -** |
| 23. | What Can the Three Named Plaintiffs Get Under the Settlement? | - 7 - |
| **The Lawyers Representing You** | | **- 7 -** |
| 24. | Do I have a Lawyer in this Case? | - 7 - |
| 25. | What Have the Lawyers Been Paid? | - 7 - |
| **Opting Out of the Settlement** | | **- 7 -** |
| 26. | Who Should Opt Out of the Class? | - 7 - |
| 27. | How Do I Opt Out of the Class? | - 8 - |
| **If You Do Nothing** | | **- 8 -** |
| 28. | What Happens if I Do Nothing at All? | - 8 - |
| **Getting More Information** | | **- 8 -** |
| 29. | How Do I Get More Information? | - 8 - |

# BASIC INFORMATION

## 1. Why Did I Get This Notice?

Costco's records show that you now work for Costco as either a Senior Staff Manager or an AGM in a U.S. Business Center, or have worked in one of those positions at some time on or after January 3, 2002.

This notice advises you of a settlement of this class action lawsuit, and about your options. There will be a claims process and arbitrators will decide who, if anyone, was unlawfully denied an AGM promotion or a GM promotion because of her sex and entitled to compensation.

## 2. What Is This Lawsuit About?

This lawsuit claims that Costco unlawfully discriminated against female employees based on their sex, by denying them opportunities for promotion to AGM or GM.

Costco denies it did anything wrong and no court has found that Costco did anything wrong. Costco retains its right to defend itself against any claim brought against it.

## 3. What Is a Class Action?

In a class action, one or more people, called Named Plaintiffs (in this case, Shirley "Rae" Ellis, Leah Horstman, and Elaine Sasaki), bring a lawsuit on behalf of people who a court finds have similar claims. These people, considered members of the same Class, are called Class Members. One court resolves the case for all Class Members, except for those who exclude themselves from the Class.

## 4. Why Is There a Settlement?

**The Court did not decide in favor of Plaintiffs or in favor of Costco**. Instead, both sides agreed to a settlement to avoid a court trial, to provide a process to re-evaluate and change, as appropriate, the promotion process, and to create a way to resolve money claims through a relatively quick arbitration process.

## 5. How Do I Know If I am Part of the Settlement?

The class is defined as all current or former female Costco employees employed at any U.S. Costco warehouse at any time on or after January 3, 2002 who have ever been Senior Staff Managers or Assistant General Managers. Costco "warehouse" includes Business Centers.

Some women who have already excluded themselves from the lawsuit (called "opting out") are not Class Members and are not part of the settlement.

If you aren't sure about your status, then you can contact Class Counsel at 1-866-501-2300 or through the website address below or the Class Administrator at the address identified in Section 27 below.

# THE SETTLEMENT — ESSENTIAL TERMS

### 6. What Are the Terms of the Settlement?

The settlement provides a process to evaluate and implement program changes and an arbitration process to resolve claims of discriminatory denial of promotions.

**Program Changes -** Costco will implement job posting for AGM vacancies and will permit AGMs to formally register interest in specific GM positions. Costco will, in good faith, consider changes in its processes for making promotions to AGM and GM.

**Claims Process for Money -** If you bring a claim and an arbitrator decides that you were denied an AGM or GM promotion because of your sex, then you will receive compensation. The settlement would create an $8 million fund, from which any successful claimants would be paid. (For more description, see Sections 17-21).

# PROGRAM CHANGES

### 7. What Changes Will Costco Make to the AGM and GM Promotion System?

(1) An agreed-upon outside expert will analyze the AGM and GM jobs, evaluate the promotion process for these jobs, and recommend to Costco written selection criteria and tools for the AGM and GM promotion process.

(2) Costco has agreed to post openings for AGM promotions within the geographic area where the opening occurs and candidates who meet the posted qualifications will be allowed to apply for the position.

(3) Costco has agreed to implement a system that will allow AGMs to register an interest in GM positions in specific warehouses. Costco will consult the list of those who have registered an interest in that warehouse when it makes a GM selection. Registering an interest will help ensure that Costco is aware of who is interested in being considered for the promotion.

(4) Costco will offer a merchandising training class for current Senior Staff managers who have not received merchandising experience relevant to promotion to AGM as a way of encouraging acquisition of that experience.

(5) Costco will communicate with and train its managers concerning any program changes.

(6) Costco will submit reports about these changes for two years after they are made.

These changes will apply to both women and men applying for promotions to AGM and GM.

# THE CLAIMS PROCESS

### 8. How Does the Claims Process Work?

You have two different ways to make a claim if you choose to make one. You can make a written claim (called a Claim by Written Submission) or you can make a claim in person before a neutral arbitrator (called a Claim by Formal Arbitration).

If you are a current employee, then you also may choose to make a written claim confidentially so that your current AGM and GM (if you are a Senior Staff Manager) and your GM and Regional Operating Manager (if you are an AGM), will not know you are making a claim.

Every Claimant can challenge at least one specific promotion that she did not receive.  She may challenge up to two additional promotions if she meets certain experience requirements stated in Section 5.3 of the Settlement Agreement.

The arbitrator will be given information about why you believe that you were interested and qualified for promotion to a specific AGM or GM position and why you believe the decision not to promote you to that position was a result of unlawful sex discrimination. Costco, too, may submit information to the arbitrator that Costco believes shows that your sex was not a factor in the decision not to promote you to that position. The arbitrator will decide whether or not you were denied promotion because of your sex.

If you choose, Class Counsel will represent you. If you win your claim, then Class Counsel will be entitled to ask that certain fees and costs be paid by Costco.  You may instead hire your own lawyer and, if you win your claim, your lawyer will be entitled to ask that certain fees and costs be paid by Costco.

Whether you win or lose, you will not be charged any fee for participating in the claims process.

### 9. How Much Will I Get If I Win?

If you win, you will receive your actual losses up to a cap: lost salary, bonus, and the value of restricted stock units plus interest. Under certain circumstances, your award amount may be increased up to a second cap or decreased, which is explained in Section 20.

| Type of Claim | Denial of Promotion into Which Position | Actual Damages Up to First Cap |
|---|---|---|
| Written | AGM | $150,000 cap |
| Written | GM | $300,000 cap |
| Arbitration | AGM | $250,000 cap |

| Arbitration | GM | $600,000 cap |
|---|---|---|

Lower award amounts apply if you make a confidential claim. (See Section 17.)

The settlement does not provide for an award of emotional distress or punitive damages.

### 10. What Happens If I Lose My Claim?

You will receive no money if the arbitrator finds that your claim is not valid.

### 11. How Does the Claims Process Differ from Having My Own Case in Federal Court?

In the Claims Process, an arbitrator rather than a judge will decide your claim.  Class Counsel will represent you without charge. Claims decided by an arbitrator often are resolved more quickly than claims decided by a judge or jury.  Your wage loss is capped, as explained in Sections 9, 17 and 20.  You cannot seek emotional distress or punitive damages or an order giving you a promotion.   If you choose to make an arbitration claim, there are limits on how long the arbitration lasts, what discovery tools your lawyer can use to get information, and what evidence can be used to support your claim.  The number of promotions you may challenge is explained in Section 8. The outcome of the Claims Process is confidential.  Neither side can appeal the result.

If you brought your own lawsuit in federal court, then your case would be decided by a jury or a judge.   You would have to find a lawyer to represent you.  The limits on discovery tools and evidence that apply in the Claims Process would not apply in the same way in court. You would be entitled to seek emotional distress and punitive damages (up to a cap of $300,000) in addition to your wage loss and an order promoting you.  The number of promotions you could challenge would not be subject to any limits and would depend on the evidence.  The court proceedings and the outcome would be public. Either side could appeal the result.

### 12. Do I Need to Decide Now Whether to File a Claim or Which Kind of Claim to File?

Yes. The deadline is _____, 2014.

### 13. Can I Get Help in Deciding What Kind of Claim to File? Will I Have a Lawyer in the Claims Process?

You can consult with Class Counsel and decide if you will file a claim, and what kind of claim to file. There is information available about the past promotions, and who was selected, that will assist you in making a decision.  There is no charge to you for consulting with the lawyers to decide

whether to file a claim, or for preparing your claim. If you do decide to file a claim, Class Counsel will represent you through all stages of the Claims Process at no charge to you. You also can choose to hire your own lawyer.

### 14. Will My Job or Future Promotions Be Affected If I Participate in the Claims Process?

No. Costco supports the right of Class Members who believe they have been subject to sex discrimination in promotion to have their claims determined by a neutral arbitrator in the Claims Process. Retaliation is illegal. If you believe that you are being subjected to any kind of retaliation in connection with the case or the Claims Process, then you can notify Class Counsel, notify your own independent counsel, or use Costco's Open Door process (if you are a current Costco employee).

### 15. Can I File a Claim If I Have Been Promoted to AGM or GM But I Believe That I Should Have Been Promoted Sooner?

Yes. If you win your claim, your economic losses would be based on the time period before you received the promotion.

### 16. If I Win, Then Can The Arbitrator Order Costco to Promote Me?

No. The Claims Process provides for only money damages. By staying in the case and not opting out, you give up your right to have a court order that you be promoted to AGM or GM.

### 17. Can I Make a Confidential Claim?

If you are a current Costco employee, then you can choose to make a written claim on a confidential basis so that the manager directly above you, and his or her direct manager, will not know about your claim. If you choose to make a confidential claim, then the maximum that you can receive if you are successful is:

| Type of Claim | Denial of Promotion into Which Position | Actual Damages Up to Cap |
|---|---|---|
| Written/Confidential | AGM | $25,000 cap |
| Written/Confidential | GM | $50,000 cap |

Under certain circumstances, where Costco takes the position that it would be unfair for the claim to be heard on a confidential basis, Costco may ask the arbitrator to remove the confidentiality. If the arbitrator removes the confidentiality, then you will have the right to change your claim to non-confidential or to withdraw it.

### 18. If I Win My Claim, Then When Would I Get My Payment?

Payments will be made at the completion of the Claims Process, which may be more than a year after the Court approves the settlement.

### 19. If I Win My Claim, Then Will Everyone Know How Much I Got? Or, If I Lose My Claim, Will Everyone Know that I Lost?

No. All outcomes in the claims process (win or lose) will be kept confidential. To participate in the claims process, you will sign an agreement to keep the outcome confidential (with a few exceptions like your spouse or tax advisor). The agreement will explain the legal and financial consequences if you do not keep the outcome confidential.

Costco is bound by the same duty to keep the outcomes confidential.

### 20. Under What Circumstances Can My Award Be Increased or Decreased?

If the total amount of successful claims results in award amounts of less than $8 million, then the award amounts will be increased as follows. Any Claimant whose actual award amount exceeded the first cap (see Section 9) will get the rest of her award amount, subject to a second cap.

| Type of Claim | Denial of Promotion into Which Position | Actual Damages Over First Cap Up to Additional Second Cap |
|---|---|---|
| Written Confidential | AGM | $12,500 |
| Written Confidential | GM | $25,000 |
| Written | AGM | $100,000 cap |
| Written | GM | $200,000 cap |
| Arbitration | AGM | $175,000 cap |
| Arbitration | GM | $300,000 cap |

If the total amount of successful claims results in award amounts exceeding $8 million, then each successful claimant's award amount will be reduced pro rata.

### 21. What Happens If The Total of The Award Amounts Is Less Than $8 Million?

If the total of the award amounts does not reach $8 million, then all of the money not allocated to award amounts and certain settlement-related expenses will be donated to Network for Executive Women, Consumer Products/Retail to fund scholarships or otherwise assist women pursuing leadership roles in retail management.

### 22. What Claims Are Released by the Settlement?

All class members who do not opt out of the settlement are giving up (also called "releasing") their rights to sue Costco for money damages for gender discrimination in connection with a failure to promote them to AGM or GM since January 3, 2002. Class members give up these rights whether or not they choose to make a claim in the Claims Process. Class members who are current employees also give up their individual rights to seek certain injunctive relief, i.e., a court order that requires an employer to change its promotion practices.

## NAMED PLAINTIFFS

### 23. What Did the Three Named Plaintiffs Get Under the Settlement?

The three Named Plaintiffs may make a promotion claim in the Claims Process or may choose a trial before the Court.

They also received a service payment of $10,000 each, paid from the settlement fund. A service payment is not for damages for discrimination, but is a payment for services the Named Plaintiffs have provided to the Class in obtaining the settlement. The Court approved this payment.

## THE LAWYERS REPRESENTING YOU

### 24. Do I have a Lawyer in this Case?

The Court appointed the law firms of the Impact Fund; Lewis, Feinberg, Lee, Renaker & Jackson, PC; Lieff Cabraser, Heimann & Bernstein, LLP; Davis, Cowell & Bowe, LLP; and Altshuler Berzon, LLP to represent you and other Class Members. Together, the lawyers are called Class Counsel.

### 25. What Have the Lawyers Been Paid?

The Court approved an award of attorneys' fees and costs, paid by Costco, in the amount of $4,583,959.64 for the services that they have provided to the Class. They also received fees for anticipated services in monitoring and administering the settlement in the amount of $300,000.

Attorneys' fees and costs will not be paid from the settlement fund.

## OPTING OUT OF THE SETTLEMENT

### 26. Who Should Opt Out of the Class?

If (1) you want to keep the right to sue or continue to sue Costco on your own for sex discrimination in unlawfully denying an AGM or GM promotion, or (2) you do not want to be bound by the settlement of this lawsuit, then you should take steps to get out of the settlement. This is called "opting out."

| **27. How Do I Opt Out of the Class?** |
|---|

To opt out of the settlement, you must complete the Opt Out form included with this notice. Be sure to include your name, address, telephone number, and your signature. You must mail your completed Opt Out form postmarked no later than_____, **2014** to:

Class Administrator
*Ellis v. Costco Wholesale Corp.* Opt Outs
Post Office Box 10847
Tallahassee, Florida 32302-2847

You cannot opt out by phone or email.

If you ask to opt out, then you cannot participate in the Claims Process, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

You cannot exclude yourself from the program changes called for by the settlement.

## IF YOU DO NOTHING

| **28. What Happens if I Do Nothing at All?** |
|---|

If you do nothing, then you'll be not entitled to file a claim in the claims process.
You will also be releasing your right to bring your own independent lawsuit, continue with such a lawsuit, or be part of any other lawsuit against Costco about the legal issues in this case.

## GETTING MORE INFORMATION

| **29. How Do I Get More Information?** |
|---|

This notice summarizes the settlement. More details are in the Settlement Agreement. You can get a copy by contacting Class Counsel identified below, by visiting the case website, www.GenderClassActionAgainstCostco.com, or by calling Costco Human Resources to leave a message at extension 6095 or by sending an email to bweber@Costco.com.

Do not contact the Court for information.

| COURT | CLASS COUNSEL | COSTCO COUNSEL |
|---|---|---|
| Clerk of the Court U.S. District Court for the Northern District | Jocelyn Larkin The Impact Fund 125 University Avenue | David D. Kadue Seyfarth Shaw LLP 2029 Century Park East |

| of California<br>450 Golden Gate Ave.<br>San Francisco, CA<br>94102-3489 | Suite 102<br>Berkeley, CA 94710<br>www.GenderClassActionAgainstCostco.com<br>1-866-501-2300 | Suite 3500<br>Los Angeles, CA 90067 |

___

**[- 9 -]**

18035278v.3